IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION )
CENTER )
1718 Connecticut Avenue, N.W. )
Suite 200 )
Washington, DC 20009, )
                                                      )
                 Plaintiff, )
                                                      )
       v. ) C. A. No. _____
                                                        )
DEPARTMENT OF JUSTICE )
950 Pennsylvania Avenue, N.W. )
Washington DC 20530, )
                                                      )
               Defendant. )
                                                         )

**COMPLAINT FOR INJUNCTIVE RELIEF**

     1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks injunctive and other appropriate relief for the expedited processing and release of agency records requested by plaintiff from the Office of the Attorney General and several other components of defendant Department of Justice.

**Jurisdiction and Venue**

     2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

     3. Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, DC.

EPIC's activities include the review of federal law enforcement activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports and a bi-weekly electronic newsletter. EPIC also maintains a heavily-visited site on the World Wide Web (www.epic.org) containing extensive information on privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

4. Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Office of the Attorney General ("Attorney General"), Office of Intelligence Policy and Review, Office of Legal Counsel, Office of Legal Policy and Office of Public Affairs are all components within defendant DOJ.

**The Revelation of Warrantless Electronic Surveillance Conducted by the National Security Agency Within the United States and DOJ's Role in That Activity**

5. On December 16, 2005, the *New York Times* reported on its front page that "after the Sept. 11 attacks, President Bush secretly authorized the National Security Agency to eavesdrop on Americans and others inside the United States to search for evidence of terrorist activity without the court-approved warrants ordinarily required for domestic spying." The *Times* further reported that the purported legal justification for the warrantless surveillance had been developed by DOJ attorneys and officials, and that DOJ "audited the N.S.A. program" and "expanded and refined a checklist to follow in deciding whether probable cause existed to start monitoring someone's communications."

6. In response to the revelation of warrantless domestic surveillance, Senator Arlen Specter, Chairman of the Senate Judiciary Committee, said within hours of the *New York Times* report that such surveillance is "wrong, clearly and categorically wrong

. . . This will be a matter for oversight by the Judiciary Committee as soon as we can get to it in the new year — a very, very high priority item."

## Plaintiff's FOIA Requests and Request for Expedited Processing

7. By four letters dated December 16, 2005, to the Attorney General, Office of Intelligence Policy and Review, Office of Legal Counsel, and Office of Legal Policy, plaintiff requested under the FOIA agency records "concerning a presidential order or directive authorizing the National Security Agency ('NSA'), or any other component of the intelligence community, to conduct domestic surveillance without the prior authorization of the Foreign Intelligence Surveillance Court ('FISC')." Plaintiff stated that the records it sought included (but were not limited to) the following items:

   a. an audit of NSA domestic surveillance activities;

   b. guidance or a "checklist" to help decide whether probable cause exists to monitor an individual's communications;

   c. communications concerning the use of information obtained through NSA domestic surveillance as the basis for DOJ surveillance applications to the FISC; and

   d. legal memoranda, opinions or statements concerning increased domestic surveillance, including one authored by John C. Yoo shortly after September 11, 2001 discussing the potential for warrantless use of enhanced electronic surveillance techniques.

8. In its letters to the Attorney General, Office of Intelligence Policy and Review, Office of Legal Counsel, and Office of Legal Policy, plaintiff asked that the processing of its FOIA requests be expedited because they 1) involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," 28 C.F.R. § 16.5(d)(1)(iv); and 2) pertain to a matter about which there is an "urgency to inform the public about an actual or alleged

Federal government activity," and the requests were made by "a person primarily engaged in disseminating information," 5 U.S.C. § 552(a)(6)(E)(v)(II).

9. By letter dated December 16, 2005, plaintiff provided copies of its four request letters to DOJ's Director of Public Affairs, who, pursuant to 28 C.F.R. § 16.5(d)(2), is responsible for making expedition determinations under the standard set forth at 28 C.F.R. § 16.5(d)(1)(iv).

10. In support of its requests for expedited processing, plaintiff noted the pendency of Congressional hearings on NSA's warrantless domestic surveillance and stated that, "[i]t is critical for Congress and the public to have as much information as possible about the DOJ's role in this surveillance to fully consider and determine its propriety."

11. Plaintiff transmitted its letters to the Attorney General, Office of Intelligence Policy and Review, Office of Legal Counsel, Office of Legal Policy and Director of Public Affairs, referenced in ¶¶ 7-9, by facsimile on December 16, 2005. On information and belief, copies of all of the referenced letters were received by the designated recipients on that day.

### DOJ's Responses to Plaintiff's Request for Expedited Processing and Subsequent Failure to Timely Comply With Plaintiff's FOIA Requests

12. By letter dated December 21, 2005, DOJ's Office of Information and Privacy ("OIP") responded to plaintiff's December 16 letters "on behalf of the Offices of the Attorney General and Legal Policy." In its letter, OIP advised plaintiff of its determination that "your request for expedited processing under [28 C.F.R. § 16.5(d)(1)(ii)] should be granted." Notwithstanding that determination, OIP further stated that "we will be unable to comply with the [statutory] twenty-working-day time

4

limit in this case, as well as the ten additional days provided in the statute." OIP did not inform plaintiff of an anticipated date for the completion of the processing of plaintiff's FOIA requests.

13. By letter dated January 6, 2006, the Office of Intelligence Policy and Review ("OIPR") responded to plaintiff's December 16 letter and stated that "the Office of Public Affairs granted your request for expedited treatment." OIPR further stated that "your request will be reviewed ahead of others routinely processed on a first-in, first-out basis," but did not inform plaintiff of an anticipated date for the completion of the processing of plaintiff's FOIA request.

14. To date, plaintiff has received no communications concerning its requests directly from the Office of Legal Counsel or the Director of Public Affairs.

15. Notwithstanding defendant DOJ's purported decision to expedite the processing of plaintiff's FOIA requests, to date, none of the DOJ components to whom the requests were directed has completed the processing of plaintiff's FOIA requests or informed plaintiff of an anticipated date for the completion of the processing of plaintiff's FOIA requests.

16. Notwithstanding defendant DOJ's purported decision to expedite the processing of plaintiff's FOIA requests, all of the DOJ components to whom the requests were directed have violated the generally applicable statutory time limit for the processing of any FOIA request.

17. Plaintiff has exhausted the applicable administrative remedies.

18. Defendant DOJ and its components have wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

19. Plaintiff repeats and realleges paragraphs 1-18.

20. The Office of the Attorney General, Office of Intelligence Policy and Review, Office of Legal Counsel, and Office of Legal Policy have wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

21. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DOJ's components' wrongful withholding of the requested records.

22. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOJ and its components to process immediately the requested records in their entirety;

B. order defendant DOJ and its components, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar. No. 484136

MARC ROTENBERG
D.C. Bar. No. 422825


ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff