IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No. _____<br>) |
| **DEPARTMENT OF JUSTICE,** | )<br>) |
| Defendant. | )<br>) |

### DECLARATION OF MARCIA HOFMANN

I, MARCIA HOFMANN, do hereby depose and state:

1. I am co-counsel for the plaintiff Electronic Privacy Information Center ("EPIC").

2. Since its creation in 1994, EPIC has committed itself to educating the public about emerging civil liberties and privacy issues. EPIC's public education efforts include the maintenance of extensive online resources that offer electronic copies of EPIC publications, reports, court briefs, news releases, international treaties, U.S. government documents obtained under the Freedom of Information Act ("FOIA"), and other materials related to EPIC's educational work.

3. By four letters dated December 16, 2005, to the Department of Justice ("DOJ") Office of the Attorney General, Office of Intelligence Policy and Review, Office of Legal Counsel, and Office of Legal Policy, I requested under the FOIA agency records "concerning a presidential order or directive authorizing the National Security Agency ('NSA'), or any other component of the intelligence community, to conduct domestic surveillance without the prior authorization of the Foreign Intelligence Surveillance Court

('FISC')." Exhibits 7, 8, 9 & 10 (attached to Plaintiff's Motion for a Preliminary Injunction). I stated that the records EPIC sought included (but were not limited to) the following items:

   a. an audit of NSA domestic surveillance activities;

   b. guidance or a "checklist" to help decide whether probable cause exists to monitor an individual's communications;

   c. communications concerning the use of information obtained through NSA domestic surveillance as the basis for DOJ surveillance applications to the FISC; and

   d. legal memoranda, opinions or statements concerning increased domestic surveillance, including one authored by John C. Yoo shortly after September 11, 2001 discussing the potential for warrantless use of enhanced electronic surveillance techniques.

*Id.*

4. In EPIC's letters to the Attorney General, Office of Intelligence Policy and Review, Office of Legal Counsel, and Office of Legal Policy, I asked that the processing of EPIC FOIA requests be expedited because they 1) involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," 28 C.F.R. § 16.5(d)(1)(iv); and 2) pertain to a matter about which there is an "urgency to inform the public about an actual or alleged Federal government activity," and the requests were made by "a person primarily engaged in disseminating information," 5 U.S.C. § 552(a)(6)(E)(v)(II). *Id.*

5. By letter dated December 16, 2005, I provided copies of EPIC's four request letters to DOJ's Director of Public Affairs, who, pursuant to 28 C.F.R. § 16.5(d)(2), is responsible for making expedition determinations under the standard set forth at 28 C.F.R. § 16.5(d)(1)(iv). Exhibit 11.

6. In support of EPIC's requests for expedited processing, I noted the pendency of

Congressional hearings on NSA's warrantless domestic surveillance and stated that "[i]t is critical for Congress and the public to have as much information as possible about the DOJ's role in this surveillance to fully consider and determine its propriety." Exhibits 7, 8, 9 & 10.

7. I transmitted EPIC's letters to the Attorney General, Office of Intelligence Policy and Review, Office of Legal Counsel, Office of Legal Policy and Director of Public Affairs by facsimile. I received transmission confirmations for all of these facsimiles showing that each of these letters was received by its designated recipient on December 16, 2005. Those transmission confirmations are attached hereto.

8. By letter dated December 21, 2005, DOJ's Office of Information and Privacy ("OIP") responded to EPIC's December 16 letters "on behalf of the Offices of the Attorney General and Legal Policy." Exhibit 12. In its letter, OIP advised EPIC of its determination that "your request for expedited processing under [28 C.F.R. § 16.5(d)(1)(ii)] should be granted." *Id*. Notwithstanding that determination, OIP further stated that "we will be unable to comply with the [statutory] twenty-working-day time limit in this case, as well as the ten additional days provided in the statute." *Id*. OIP did not inform EPIC of an anticipated date for the completion of the processing of EPIC's FOIA requests. *Id*.

9. By letter dated January 6, 2006, the Office of Intelligence Policy and Review ("OIPR") responded to EPIC's December 16 letter and stated that "the Office of Public Affairs granted your request for expedited treatment." Exhibit 13. OIPR further stated that "your request will be reviewed ahead of others routinely processed on a first-in, first-out basis," but did not inform EPIC of an anticipated date for the completion of the processing of EPIC's FOIA request. *Id*.

10. To date, EPIC has received no communications concerning its requests directly from the Office of Legal Counsel or the Director of Public Affairs.

11. Notwithstanding defendant DOJ's purported decision to expedite the processing of EPIC's FOIA requests, to date, none of the DOJ components to whom the requests were directed has completed the processing of EPIC's FOIA requests or informed EPIC of an anticipated date for the completion of the processing of EPIC's FOIA requests.

12. Notwithstanding defendant DOJ's purported decision to expedite the processing of EPIC's FOIA requests, all of the DOJ components to whom the requests were directed have violated the generally applicable statutory time limit for the processing of any FOIA request.

13. Unless the DOJ is ordered to process EPIC's FOIA request immediately, EPIC's right to expedition under the FOIA will be irretrievably lost, resulting in irreparable injury to EPIC.

14. Any further delay in the processing of these FOIA requests will irreparably harm EPIC's ability, and that of the public, to obtain in a timely fashion information vital to the current and ongoing debate surrounding the legality of the Administration's warrantless surveillance program.

15. Without the expedited access to information about the Administration's warrantless surveillance program to which it is legally entitled, EPIC's ability to engage in an urgent and current public policy debate will be irretrievably lost.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

_____                    _____
DATE                                       MARCIA HOFMANN