**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) | |
| | ) | |
| | ) | Civil Action No. 06-0096 (HHK) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A PRELIMINARY INJUNCTION**

**INTRODUCTION**

Plaintiff asks the Court to invoke its extraordinary powers to award temporary emergency relief by issuing a preliminary injunction aimed at requiring defendant the Department of Justice ("DOJ" or "the Department") to complete the processing of plaintiff's requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in the next twenty days and to provide a Vaughn index ten days thereafter.  Plaintiff's request for such relief by way of a preliminary injunction – which is not preliminary in any sense but rather is an attempt to use a procedural mechanism intended to provide emergency relief as a scheduling tool – is unprecedented and, unsurprisingly, plaintiff cites no similar case where such extraordinary and draconian emergency relief has ever been awarded against a government defendant subject to suit under FOIA.

Indeed, the relief plaintiff seeks is inconsistent with the plain language of the expedited processing provision of the FOIA.  Each component of the Department to which plaintiff has made a FOIA request already has granted plaintiff's request to expedite processing under 5 U.S.C. § 552(a)(6)(e), and already has begun the searches required to identify responsive

documents.  The expedited processing provision of FOIA, however, provides that expedited

FOIA requests are to be processed by the agency "as soon as practicable," id. § 552(a)(6)(e)(iii),

and imposes no time limits on such processing.  The Department is proceeding under that

standard, and plaintiff – who bears the burden on a motion for preliminary injunction – offers no

proof to the contrary.  Indeed, far from being supported by either proof or precedent, plaintiff's

request is fundamentally incompatible with the past practice of this Court, which has routinely

required that expedited FOIA requests be processed according to the terms of the statute ("as

soon as practicable") and not on any plaintiff's artificial time frame.

Plaintiff makes its extraordinary – and wholly unsupported – request for emergency

preliminary relief while at the same time failing meet its essential burden of identifying any

irreparable harm that it might suffer if responsive, non-exempt documents are not immediately

ordered to be produced.  Plaintiff identifies no reason why the agency must be required to

complete the processing of plaintiff's request – which seeks documents spanning a four-plus year

period from four different components of the Department relating to a program that remains

largely classified – within the artificial period proposed in plaintiff's injunctive demand as

opposed to "as soon as practicable" as specifically set forth in FOIA.

Instead, it is plain that plaintiff seeks to use the preliminary injunction provisions of

Federal Rule of Civil Procedure 65 – which are intended to provide a shield against imminent

injury while a court considers the merits of a dispute – to artificially accelerate the proceedings in

this case.[1]  This is nothing more than a litigation tactic, and it should not be indulged.

---

[1]  Congress has specifically recognized that litigation involving FOIA claims is to be
accelerated.  See 5 U.S.C. § 552(a)(4)(C) (providing that government defendants have 30 days in
which to answer a FOIA complaint as opposed to the ordinary 60 days provided by Fed. R. Civ.
P. 12).  Plaintiff's effort to seek a preliminary injunction is nothing more than an effort to bypass
these already-accelerated procedures.

Preliminary injunctions are an extraordinary remedy that are ordinarily intended to preserve the status quo pending a court's resolution of a case on the merits.  The injunction proposed by plaintiff, on the other hand, does not seek to maintain any status quo but rather seeks a version of ultimate relief – the immediate disclosure of non-exempt documents.  See 5 U.S.C. § 552(a)(4)(B) (under FOIA, court has "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld").[2]  Moreover, plaintiff seeks such relief on an emergency basis despite the fact that it has been granted the rare dispensation of being moved to the front of each DOJ component's FOIA queue ahead of other non-expedited requestors and where the Department has had barely a month (and, then, only a month encompassing the end-of-the year holidays) to attempt to respond to plaintiff's broad request for documents.  Awarding plaintiff the relief it seeks at this early stage of these proceedings, before defendant is even required to answer plaintiff's complaint and before the agency components involved have completed searches and necessary document reviews, is without any basis in law.  Plaintiff's motion should be denied.

## BACKGROUND

1.  <u>Statutory and Regulatory Framework</u>

   a.  <u>FOIA's Expedited Processing Provision</u>

Agencies ordinarily process FOIA requests for agency records on a first-in, first-out basis. In 1996, Congress amended the FOIA to provide for "expedited processing" of certain categories

---

[2]  Indeed, because FOIA permits a Court to exercise jurisdiction to compel the release of documents only after determining that there has been an improper withholding, see Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980), analytically, the granting of the preliminary injunctive relief demanded here is at odds with the jurisdictional provisions of FOIA, since the Court can make no determination as to "improper" withholding until the Department has completed its searches and claimed any appropriate exemptions.

of requests.  See Electronic Freedom of Information Amendments of 1996 ("EFOIA"), Pub. L.

No. 104-231, § 8 (codified at 5 U.S.C. § 552(a)(6)(E)).  Expedition, when granted, entitles

requestors to move immediately to the front of an agency processing queue, ahead of requests

filed previously by other persons.

As part of EFOIA, Congress directed agencies to promulgate regulations providing for

expedited processing of requests for records (i) "in cases in which the person requesting the

records demonstrates a compelling need"; 5 U.S.C. § 552(a)(6)(E)(i)(I); and (ii) "in other cases

determined by the agency."  Id. § 552(a)(6)(E)(i)(II).  FOIA defines "compelling need" to mean:

> (I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

> (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

5 U.S.C. § 552(a)(6)(E)(v).[3]  The requestor bears the burden of showing that expedition is

appropriate.  See Al-Fayed v. Central Intelligence Agency, 254 F.3d 300, 305 n.4 (D.C. Cir.

2001).  FOIA provides that "[a]n agency shall process as soon as practicable any request for

records to which the agency has granted expedition."  5 U.S.C. § 552(a)(6)(E)(iii).

b.      The Department's Regulations

DOJ implemented EFOIA by final rule effective July 1, 1998.  See Revision of Freedom

of Information Act and Privacy Act Regulations and Implementation of Electronic Freedom of

---

[3]  Both Congress and the Court of Appeals have recognized that the expedition categories are to be "narrowly applied" because, "[g]iven the finite resources generally available for fulfilling FOIA requests, unduly generous use of the expedited processing procedure would unfairly disadvantage other requestors who do not qualify for its treatment."  Al-Fayed v. Central Intelligence Agency, 254 F.3d 300, 310 (D.C. Cir. 2001) (quoting H.R. Rep. No. 104-795, reprinted at 1996 U.S.C.A.A.N. 3448, 3469 (Sept. 17, 1996)).

Information Act Amendments of 1996, 63 Fed. Reg. 29591 (1998), <u>codified</u> <u>at</u> 28 C.F.R. Part 16. This rule, which governs FOIA requests to all DOJ components, <u>see</u> 28 C.F.R. § 16.1(b), states that "[r]equests and appeals" will be "taken out of order and given expedited treatment whenever it is determined that they involve":

    (i)        Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;

    (ii)       An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information;

    (iii)      The loss of substantial due process rights; or

    (iv)      A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

28 C.F.R. § 16.5(d)(1)(i)-(iv).  Categories (i) and (ii) implement the FOIA's "compelling need" standard; categories (iii) and (iv) define additional categories for expedition.  <u>See</u> 63 Fed. Reg. at 29592.  Requests for expedition based on categories (i), (ii), and (iii) must be submitted to the component that maintains the records requested.  <u>See</u> 28 C.F.R. § 16.5(d)(2).  Requests for expedition based on category (iv) – the Department's "special media-related standard," <u>see</u> 63 Fed. Reg. at 29592 – must be submitted to the Director of the Department's Office of Public Affairs.  <u>See</u> 28 C.F.R. § 16.5(d)(2).  This enables "the Department's media specialists [to] deal directly with matters of exceptional concern to the media."  63 Fed. Reg. at 29592.

Within ten calendar days of receiving a request for expedited processing, the component must "decide whether to grant it and . . . notify the requestor of the decision."  28 C.F.R. § 16.5(d)(4); <u>see</u> <u>also</u> 5 U.S.C. § 552(a)(6)(E)(ii)(I) (requiring notice of decision within ten days of request).  If the request is granted, "the request shall be given priority and shall be processed

as soon as practicable." 28 C.F.R. § 16.5(d)(4).  If the request is denied, "any appeal of that

decision shall be acted on expeditiously."  Id.; see also 5 U.S.C. § 552(a)(6)(E)(ii)(II) (requiring

"expeditious consideration of administrative appeals of such determinations of whether to

provide expedited processing").

       2.     Plaintiff's FOIA Requests and Requests for Expedited Processing.

      By letters dated December 16, 2005, plaintiff requested under FOIA agency records

"from September 11, 2001, to the present concerning a presidential order or directive authorizing

the National Security Agency ('NSA'), or any other component of the intelligence community, to

conduct domestic surveillance without the prior authorization of the Foreign Intelligence

Surveillance Court ('FISC')".  See Pl's Exs. 7, 8, 9 & 10.  Plaintiff stated that the records it

sought included "but were not limited to" the following:

     a.     an audit of NSA domestic surveillance activities;

     b.     guidance or a "checklist" to help decide whether probable cause exists to monitor an individual's communications;

     c.     communications concerning the use of information obtained through NSA domestic surveillance as the basis for DOJ surveillance applications to the FISC; and

     d.     legal memoranda, opinions or statements concerning increased domestic surveillance, including one authored by John C. Yoo shortly after September 11, 2001 discussing the potential for warrantless use of enhanced electronic surveillance techniques.

Id.  Plaintiff's FOIA requests were directed to four components of the Department of Justice –

the Office of the Attorney General, Pl's Ex. 7, the Office of Intelligence and Policy Review

("OIPR"), Pl's Ex. 8, the Office of Legal Counsel ("OLC"), Pl's Ex. 9, and the Office of Legal

Policy ("OLP"), Pl's Ex. 10.  In each of these components, plaintiff sought expedited processing

of its request, invoking 28 C.F.R. § 16.5(d)(1)(ii) & (iv), and made a similar request to the

Department's Office of Public Affairs, see Pl's Ex. 11.  On December 21, 2005, the

Department's Office of Information and Privacy ("OIP"), on behalf of the Office of the Attorney

General and OLP, acknowledged receipt of plaintiff's FOIA request on that same date and

notified plaintiff that its request for expedited processing had been granted under 28 C.F.R.

§ 16.5(d)(1)(ii).  Pl's Ex. 12.  OIP also informed plaintiff that, although a search for responsive

records had begun, it would not be completed within "the twenty-working-day time limit in this

case, as well as the additional ten days provided by the statute."  Id.  On January 6, 2006, OIPR

acknowledged receipt of plaintiff's FOIA request and advised plaintiff that the Office of Public

Affairs had granted plaintiff's request for expedited treatment and that "[a]ccordingly, your

request will be reviewed ahead of others routinely processed on a first-in, first-out basis."  Pl's

Ex. 13.  In a letter dated January 25, 2006, OLC similarly advised plaintiff that its request for

expedited processing had been granted and that processing had begun.  Attached as Ex. A. Thus,

all four DOJ components to which plaintiff sent its request have jumped the request to the

beginning of their queues and are in the process of identifying responsive documents.

On January 19, 2006, plaintiff filed the instant suit as well as a Motion for Preliminary

Injunction asking that the Court "preliminarily" enjoin the Department to "complete the

processing of plaintiff's December 16, 2005, Freedom of Information Act requests, and produce

or identify all responsive records, within 20 days," and to "provide plaintiff with a document

index and declaration . . . stating defendant's justification for the withholding of any document

responsive to plaintiff's request, within 30 days."  See Pl's Proposed Order.

## ARGUMENT

Preliminary injunctive relief such as that demanded by plaintiff is "an extraordinary

measure, and . . . the power to issue such exceptional relief 'should be sparingly exercised.'"

Experience Works, Inc. v. Chao, 267 F. Supp. 2d 93, 96 (D.D.C. 2003) (quoting Dorfmann v. Boozer, 414 F.2d 1168, 1173 (D.C. Cir. 1969)) (internal quotes omitted); accord Boivin v. US Airways, Inc., 297 F. Supp. 2d 110, 116 (D.D.C. 2003) ("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion") (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) ( per curiam)) (emphasis in original) .  "[I]n considering a plaintiff's request for a preliminary injunction a court must weigh four factors: (1) whether the plaintiff has a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury were an injunction not granted; (3) whether an injunction would substantially injure other interested parties; and (4) whether the grant of an injunction would further the public interest."  Al-Fayed, 254 F.3d at 303; accord Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998).

Plaintiff's request for a preliminary injunction is even more extraordinary than in the usual case because plaintiff seeks such relief in a FOIA case and seeks, purportedly by way of a "preliminary" remedy, that relief which it will ultimately seek on the merits, i.e. the immediate disclosure of non-exempt documents.  See Univ. of Texas v. Camenisch, 451 U.S. 390, 397 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits").  Plaintiff cites no case that authorizes the grant of such relief by way of preliminary injunction in a FOIA case.[4]  Indeed, it is well-established in this

---

[4]  Each of the cases that plaintiff cites in support of its claim that "this Court and others have imposed specific processing deadlines on agencies, requiring prompt delivery of non-exempt FOIA records to requestors," see Pl's Mem. at 19-20, is inapposite.  None of those cases sought preliminary injunctions within weeks of a FOIA request being made and all of these decisions were issued following litigation on the merits, where the relevant agencies had their opportunities to provide the Court with necessary information regarding processing needs.  Moreover, each case allowed the agency far more time to complete processing the FOIA requests

district that such relief is wholly improper.  See, e.g., Electronic Privacy Info. Center v. U.S. Dept. of Justice, slip op., No. 03-2078 (D.D.C., Oct. 20., 2003) (Robertson, J.) (attached as Ex. B) (denying, sua sponte, request for preliminary injunction "enjoining defendant Department of Justice from continuing to deny plaintiff expedited processing of plaintiff's Freedom of Information Act request" because such relief was in nature of a request for mandamus and was without merit)[5]; Al-Fayed v. CIA, 2000 WL 34342564 (D.D.C. 2000) (Kollar-Kotelly, J.) (attached as Ex. C) (finding that "upon consideration of the parties' arguments, the statutory and regulatory context, and the applicable case law," emergency relief was not warranted despite agency's delay in responding to FOIA requests); Judicial Watch v. U.S. Dept. of Justice, slip op.,

---

at issue than plaintiff demands in this case.  See, e.g., Judicial Watch v. Dept. of Energy, 191 F. Supp. 2d 138 (D.D.C. 2002) (with respect to FOIA request served April 9, 2001, and lawsuit filed May 9, 2001, ordering responsive non-exempt documents to be produced between March 25, 2002, and May 3, 2002, and ordering Vaughn indices to be produced between April 25, 2002, and May 15, 2002); Natural Resources Defense Council v. Dept. of Energy, 191 F. Supp. 2d 41 (D.D.C. 2002) (with respect to FOIA request made April 26, 2001, and lawsuit filed December 11, 2001, ordering responsive non-exempt documents to be produced between March 25, 2002, and April 10, 2002, and ordering Vaughn index to be produced by April 25, 2002); American Civil Liberties Union v. Dept. of Defense, 339 F. Supp. 2d 501 (S.D.N.Y. 2004) (with respect to FOIA request made October 7, 2003, and lawsuit filed July 2, 2004, ordering defendants to produce or identify responsive records by October 15, 2004); Electronic Privacy Info. Center v. Dept. of Justice, Civ. No. 05-845 (D.D.C., Nov. 16, 2005) (Pl's Ex. 19) (with respect to FOIA request made March 29, 2005, ordering agency to process 1500 pages of documents every fifteen days on a rolling basis "until processing is complete" and to notify plaintiff of the total number of responsive pages by January 2006).  These cases are thus wholly unlike this one, where plaintiff seeks "preliminary" relief demanding processing at an artificial pace despite the fact that defendant is not even required to answer plaintiff's Complaint for another several weeks, and barely a month has passed (including end-of-the-year holidays) since plaintiff's FOIA requests were received by the Department.

[5] Plaintiff attempts to distinguish Judge Robertson's decision on the ground that FOIA expressly allows for injunctive relief, see Pl's Mem. at 18 (citing 5 U.S.C. § 552(a)(4)(B)).  As noted above, however, see supra note 2, FOIA allows injunctive relief when an agency is determined to have "improperly withheld" documents.  No such determination can be made in these preliminary injunction proceedings where the agencies have not completed their search and review and no documents have yet been identified as withheld.

No. 00-1396  (D.D.C., June 27, 2000) (Robertson, J.) (attached as Ex. D) (denying plaintiff's

"emergency motion for expedited treatment" to "compel defendant to respond to plaintiff's FOIA

request"); Assassination Archives and Research Ctr. v. CIA, No. 88-2600, 1988 U.S. Dist.

LEXIS 18606, *1 (D.D.C., Sept. 29, 1988) (Revercomb, J.) (attached as Ex. E) (rejecting motion

for preliminary injunction asking Court to order expedited processing of FOIA request).  As

these cases establish, under the standard formulation governing the grant of preliminary

injunctive relief, plaintiff's motion must be denied.

## I.    PLAINTIFF FAILS TO DEMONSTRATE LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE FOIA'S EXPEDITED PROCESSING PROVISIONS DO NOT REQUIRE PROCESSING TO BE COMPLETED WITHIN A TIME CERTAIN.

As a preliminary matter, although FOIA confers jurisdiction upon this Court to review an

agency denial of expedited processing of a FOIA request, see 5 U.S.C. § 552(a)(6)(E)(iii); see

also Al-Fayed, 254 F.3d at 301, no such denial is at issue here.  Instead, all four components to

which plaintiff's FOIA requests were directed have granted plaintiff's request for expedited

processing and have moved plaintiff's request to the front of their queues, displacing earlier-filed

requests that were not similarly expedited.  Thus, to the extent that plaintiff claims that it is being

denied its statutory right to expedited processing, plaintiff is simply wrong.  All four components

have expedited plaintiff's requests, and plaintiff can seek no further review of these decisions.[6]

---

[6]  Thus, plaintiff's argument that it is entitled to processing on its timetable because "claims involving entitlement to expedited processing are appropriately addressed through motions for preliminary relief," Pl's Mem. at 17, misses the point.  Although a Court can review a claim that expedited processing was improperly denied, 5 U.S.C. § 552(a)(6)(e)(iii), and it may need to do so in a timely manner so as to ensure that if it reverses an agency's decision to deny expedited processing the FOIA requestor gets the benefit of its decision, in this case, all of plaintiff's requests for expedited processing were granted.  The judicial review provisions relating to expedited processing, accordingly, have no bearing whatsoever.  See id. (limiting judicial review to "[a]gency action to deny or affirm denial of a request for expedited processing . . . and failure by an agency to respond in a timely manner to such a request").

More to the point, plaintiff's allegation that DOJ has violated FOIA is predicated on the assumption that the expedited processing provision of FOIA requires an agency to complete its processing within a specific period of time.  The statute, however, does not require agencies to process expedited requests within a specific time limit.  Instead, the statute directs agencies to "process as soon as practicable any request for records to which [they have] granted expedited processing."  5 U.S.C. § 552(a)(6)(E)(III) (emphasis added); see also 28 C.F.R. § 16.5(d)(4) ("If a request for expedited treatment is granted, the request shall be given priority and shall be processed as soon as practicable") (emphasis added).  As the Senate Report accompanying the FOIA amendments which inserted the expedited processing procedures explains, the intent of the expedited processing provision was to give certain requests priority, not to require that such requests be processed within a specific period of time:

> [Once] the request for expedited processing is granted, the agency must then proceed to process the request "as soon as practicable."  No specific number of days for compliance is imposed by the bill since depending on the complexity of the request, the time needed for compliance may vary.  The goal is not to get the request processed within a specific time period, but to give the request priority in processing more quickly than would otherwise occur.

S. Rep. 104-272, 1996 WL 262861, *17 (May 15, 1996) (emphasis added); see also H. R. Rep. No. 104-795, reprinted at 1996 U.S.C.A.A.N. 3448, 3461 (Sept. 17, 1996) ("certain categories of requesters would receive priority treatment of their requests . . . .").  Thus, the expedited processing provision of FOIA is an ordering mechanism, allowing certain FOIA requestors to jump to the head of the line and avoid the ordinary "first in, first out" processing queue.  Once a request is at the front of the line, however, "practicability" is the standard that governs how quickly any particular request can be processed.

Consistent with the plain language of the statute, and Congress's clearly stated intent, this Court has repeatedly recognized that when expedited processing of a FOIA request is granted, the

appropriate standard to be applied to determine when documents might be identified for release

is "as soon as practicable."  See American Civil Liberties Union v. U.S. Dept. of Justice, 321 F.

Supp. 2d 24, 38 (D.D.C. 2004) (Huvelle, J.) (granting request for expedited processing and

ordering that DOJ "shall process plaintiffs' requests for all records relating to section 215

consistent with 5 U.S.C. § 552(a)(6)(E)(iii) and 28 C.F.R. § 16.5(d)(4) ('as soon as

practicable')"); Edmonds v. Fed. Bureau of Investigation, 2002 WL 32539613, *4 (D.D.C. 2002)

(Huvelle, J.) (attached as Ex. F) (directing defendants to advise the Court "of the date when the

request will be processed consistent with 5 U.S.C. § 552(a)(6)(E)(iii) and 28 C.F.R. § 16.5(d)(4)

('as soon as practicable')"); see also Leadership Conf. on Civil Rights v. Gonzales, ___ F. Supp.

2d ___, 2005 WL 3360884, *11 (D.D.C. 2005) (Lamberth, J.) (attached as Ex. G) (ordering DOJ

to "expedite processing plaintiff's FOIA requests and produce the requested documents to

plaintiff as soon as practicable, but no later than . . . two years from the date on which the

complaint was initially filed").

    Plaintiff ignores the plain language of the statute, the clear legislative intent, and the past

practice of this Court, and instead, attempts to invent a time limit applicable to its expedited

requests by citing 5 U.S.C. § 552(a)(6)(A)(i), which it characterizes as the "20 working day time

frame for processing a standard FOIA request not entitled to expedited treatment."[7]  Pl's Mem.

at 1.  That provision has no bearing on when expedited processing must be completed.  See

American Civil Liberties Union v. Dept. of Defense, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004)

("While it would appear that expedited processing would necessarily require compliance in fewer

than 20 days, Congress provided that the executive was to 'process as soon as practicable' any

---

[7]  5 U.S.C. § 552(a)(6)(i) provides that an agency shall "determine within twenty working days (except Saturdays, Sundays, and legal public holidays) after the receipt of the request whether to comply with such request."

expedited request."). An agency's inability to respond within the 20-day period simply means that the requestor may, before a response has been made, file suit and be found to have constructively exhausted administrative remedies. See The Nation Magazine v. Dept. of State, 805 F. Supp. 68, 72 (D.D.C. 1992). The provision does not purport to establish an "outside" time limit on what is "practicable" in responding to an expedited request.

Indeed, courts have found that the 20-working day response time is not itself a rigid requirement, and have routinely allowed agencies to process FOIA requests under the "first in, first out" rule. See Judicial Watch v. Rossotti, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (Collyer, J.) ("Certainly, it took longer than twenty days to respond to Judicial Watch's FOIA requests, but that is explained by the nature of these requests, the many offices to which they were directed, the number of FOIA requests [the agencies] regularly receive, and the treatment of FOIA requests on a first in/first out basis."); see also id. ("there are often instances where an agency will not be able to meet [the twenty-day] deadline"). Thus, under FOIA, a court may grant an extension to allow the agency to finish its search and processing where the agency has been unable to meet the deadline because of exceptional circumstances. See 5 U.S.C. § 552(a)(6)(c); see also Open America v. Watergate Special Prosecution Force, 547 F. 2d 605, 615 (D.C. Cir. 1976).[8] Such circumstances make the 20-day deadline "not mandatory but directory." Id. at 616. As such, the 20-day requirement can hardly be found to establish a mandatory deadline as to the "practicability" of responding to expedited requests.

Instead, what is practicable will vary depending on the size, scope, detail, number of

---

[8] As the Court of Appeals explained in Ogelsby v. United States Dept. of Army, 920 F.2d 57 (D.C. Cir. 1990), "[f]requently if the agency is working diligently, but exceptional circumstances have prevented it from responding on time, the court will refrain from ruling on the request itself and allow the agency to complete its determination." Id. at 64.

offices with responsive documents, other agencies or components which must be consulted or to which documents might have to be referred for additional review, and exemption issues. Plaintiff has made broad FOIA requests seeking "agency records (including but not limited to electronic records) from September 11, 2001, to the present concerning a presidential order or directive authorizing the National Security Agency ('NSA'), or any other component of the intelligence community, to conduct domestic surveillance without the prior authorization of the Foreign Intelligence Surveillance Court ('FISC')."

Plaintiff's request seeks documents spanning four-plus years relating to a program which, by its very nature and as the exhibits attached to plaintiff's motion make clear, is classified. See Pl's Ex. 1 at 4 ("The legal opinions that support the N.S.A. operations remain classified. . . ."); Pl's Ex. 3 at 1 ("The program remains highly classified"); Pl's Ex. 4 at 1 ("These critical national security activities remain classified").  The existence of any significant volume of classified materials, however, contributes mightily to the complexities attendant to processing a FOIA request.  Thus, classified documents responsive to plaintiff's request must be identified by a person within the limited universe of those with appropriate clearances, and must be evaluated for release under 5 U.S.C. § 552(b)(1), and Executive Order 12958, as amended, 68 Fed. Reg. 15315 (March 25, 2003); see also 28 C.F.R. § 16.4(e), § 16.7.[9]  As Congress has

---

[9]  Executive Order 13292, 68 Fed. Reg. 15315, sets forth the amended text of Executive Order 12958, which establishes a uniform system for classifying, safeguarding, and declassifying national security information, and specifically provides that "[w]hen an agency receives any request for documents in its custody that contain information that was originally classified by another agency . . . it shall refer copies of any request and the pertinent documents to the originating agency for processing, and may, after consultation with the originating agency, inform any requester of the referral unless such association is itself classified under this order or its predecessors." Id. § 3.6(b).  Department regulations similarly provide that "[w]henever a request is made for a record containing information that has been classified, or may be appropriate for classification, by another component or agency under Executive Order 12958 or any other executive order concerning the classification of records, the receiving component shall

recognized, such review may require additional time.  See H. R. Rep. No. 104-795, 1996

U.S.C.A.A.N. at 3466 ("In underscoring the requirement that agencies respond to requests in a

timely manner, the Committee does not intend to weaken the interests protected by the FOIA

exemptions.  Agencies processing some requests may need additional time to adequately review

requested material to protect these exemption interests.  For example, processing some requests

may require additional time to properly screen material against the inadvertent disclosure of

material covered by the national security exemption").  Moreover, documents subject to other

exemptions, see generally 5 U.S.C. § 552(b), must similarly be identified and, where necessary,

redacted, and documents generated by other agencies or authorities must be referred for review

back to those same agencies or authorities.  Plaintiff offers no reason to believe that the agency is

not performing these tasks as soon as practicable, and thus fails to meet its burden of

demonstrating, "by a clear showing," Mazurek, 520 U.S. at 972, that relief of any kind is

warranted at this juncture.

## II.     PLAINTIFF FAILS TO IDENTIFY THE EXISTENCE OF ANY IRREPARABLE HARM IN THE ABSENCE OF A PRELIMINARY INJUNCTION.

"The basis of injunctive relief in the federal courts has always been irreparable harm."

CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir.1995) (citing

Sampson v. Murray, 415 U.S. 61, 88 (1974)).  In order for a plaintiff to meet its burden of

demonstrating irreparable harm sufficient to warrant the entry of preliminary injunctive relief, the

injury complained of must be both certain and great; it must be actual and not theoretical.

---

refer the responsibility for responding to the request regarding that information to the component or agency that classified the information, should consider the information for classification, or has the primary interest in it, as appropriate."  28 C.F.R. § 16.4(e).  Those regulations further provide that "[i]n processing a request for information that is classified under Executive Order 12958 . . . or any other executive order, the originating component shall review the information to determine whether it should remain classified."  28 C.F.R § 16.7.

Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time." Wisc. Gas. Co. v. Federal Energy Regulatory Comm'n, 758 F.2d 669, 764 (D.C. Cir. 1985) (citation omitted). Instead, the party seeking injunctive relief must show that "[t]he injury complained of [is] of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." Id. (citations and internal quotations omitted). It is a "well known and indisputable principle[]" that a vague or speculative harm cannot constitute "irreparable harm" sufficient to justify injunction relief. Id. A plaintiff's failure to meet its burden of establishing irreparable harm is sufficient, in itself, to deny emergency relief. CityFed Fin. Corp., 58 F.3d at 747.

Plaintiff seeks an order compelling the Department to release records that it is still processing within the narrow time frame of twenty days. Yet, plaintiff has identified no "certain and great" harm it will incur if the records are not processed within that time frame. First, plaintiff claims that its statutory right to expedition will be lost if the preliminary injunction it seeks is not granted. Pl's Mem. at 13. This argument is specious. All four DOJ components to which plaintiff's FOIA requests were directed have granted plaintiff expedited processing. Thus, plaintiff's requests have been prioritized over other requests pending when plaintiff's were filed, and have moved to the front of each component's queue for immediate processing. Plaintiff's statutory right to expedited processing entitles it to nothing more. Rather, as is plain from the terms of the statute, "[a]n agency shall process as soon as practicable any request for records to which the agency has granted expedited processing." 5 U.S.C. § 552(a)(6)(e)(iii). Thus, the expedited processing provision is an ordering mechanism only – intended to give certain requestors priority over all other requestors who remain subject to the ordinary "first in, first out" processing queues. That provision does not – and indeed, could not in light of the various factors

that must be taken into account by an agency processing a FOIA request – guarantee any FOIA requestor a response to its request in any particular time.

Plaintiff's second claimed injury is similarly insufficient to establish a right to the extraordinary remedy of a preliminary injunction.  Plaintiff argues that its ability "and that of the public to obtain in a timely fashion information vital to the current and ongoing debate surrounding the legality of the Administration's warrantless surveillance program" will be irreparably harmed if preliminary relief is not awarded.  Pl's Mem. at 14-15.  This formulation begs the question:  What certain and great harm will plaintiff suffer in the immediate future as a result of <u>not</u> having this information in the artificial time frame that plaintiff demands, as opposed to the time frame that Congress has established ("as soon as practicable").  For one thing, plaintiff appears to be describing a harm that is suffered primarily by the public, not by plaintiff itself.  The public interest is properly considered as its own factor in the injunction analysis – and, as explained below, in this case the public interest counsels against the award of the preliminary injunction plaintiff seeks – but it cannot be substituted for a showing that plaintiff itself will be harmed.[10]

Plaintiff's argument that it requires disclosure in order to inform the "meaningful" public debate or in order to know "what the Government is up to," <u>see</u> Pl's Mem. at 15, simply fails to demonstrate any irreparable harm that plaintiff will suffer if the documents it demands are not processed within the next twenty days.  As a preliminary matter, plaintiff's claim that it cannot adequately participate in the public debate concerning the program rings substantially hollow.  To the extent possible, given the level of classification to which the program is subject, the

---

[10]  As plaintiff notes, Congress plans to hold hearings on the matter.  <u>See</u> Pl's Exs. 5, 6. Such hearings present yet another vehicle for public discourse and consideration of the public's interest.

President has more than once addressed the program publicly.[11]  Similarly, Principal Deputy

National Intelligence Director Michael Hayden has recently spoken on the subject,[12] as has the

Attorney General.[13]  And a 42-page White Paper, detailing the legal underpinnings of the

program has been made available to Congress and the public.[14]  Each of these public statements

had emphasized the classified nature of the program, and yet, in each case, the government has

been as forthcoming as it can be – without compromising classified information or the national

security of the United States – in an effort to provide the public with information that plaintiff

seeks by way of its FOIA request.  Based upon the information that the government has already

made public, therefore, plaintiff is fully able to participate in the current public debate and can

demonstrate no harm stemming from the absence of the injunctive relief it seeks.

     Moreover, in light of the fact that plaintiff cannot now show what non-exempt

information – if any – it may eventually receive as a result of the completed processing of its

FOIA requests, plaintiff cannot meet its burden of demonstrating that it will be irreparably

harmed if it fails to received that information in the next twenty days.  See The Nation Magazine,

---

[11]  See, e.g.,"President Discusses Global War on Terror at Kansas State University,"
January 23, 2006, transcript available at
http://www.whitehouse.gov/news/releases/2006/01/20060123-4.html; Pl's Ex. 2;

[12]  See Remarks by General Michael V. Hayden, Principal Deputy Director of National
Intelligence and Former Director of the National Security Agency, Address to the National Press
Club, What American Intelligence & Especially the NSA Have Been Doing to Defend the
Nation, January 23, 2006, available at http://www.dni.gov/release_letter_012306.html; see also
Pl's Ex. 3.

[13]  See Prepared Remarks for Attorney General Alberto R. Gonzalez at the Georgetown
University Law Center, January 24, 2006, available at
http://www.usdoj.gov/ag/speeches/2006/ag_speech_0601241.html; see also Pl's Exs. 3, 4.

[14]  See U.S. Department of Justice, "Legal Authorities Supporting the Activities of the
National Security Agency Described by the President," January 19, 2006, available at
http://news.findlaw.com/hdocs/docs/nsa/dojnsa11906wp.pdf.

805 F. Supp. at 74 (denying motion for preliminary injunction on ground that plaintiff had failed to demonstrate irreparable harm because "[e]ven if this Court were to direct the speed up of processing of their requests, [plaintiffs] have not shown at this time that they are entitled to the release of the documents that they seek.  To the contrary, it is undisputed that at least some of the documents are probably exempt from production under FOIA").  Even with respect to any non-exempt documents that may be released once processing is complete, plaintiffs' ability to inform the public about the subject matter of its FOIA requests will not be precluded, but merely postponed (and, as already noted, plaintiff's requests have already been granted expedition and thus, any such release will occur as soon as practicable).  Thus, even if a delay in the discussion would cause some unidentified harm – and plaintiff makes no showing of such – that harm, which can be cured at a later date, is hardly irreparable.  Wisc. Gas Co., 758 F.2d at 674 ("[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm") (quoting Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)).

Plaintiff's claim that preliminary injunctive relief is necessary because "time is of the essence" and because DOJ granted plaintiff's request for expedited processing, thereby recognizing the urgency of the matter, is circular.  If plaintiff's view prevailed, anyone who sought to have their FOIA request processed on an expedited basis would automatically have a claim of irreparable injury regardless of whether any real harm existed.  Because all who seek expedited processing subjectively believe they are legitimately entitled to it, the request itself would be a proxy for the required showing of irreparable harm.  This was not the result contemplated by Congress when it authorized a limited exception for expedited processing.  Instead, Congress deferred to the necessity for ensuring adequate time for appropriate agency

processing, and mandated only that expedited requests be processed "as soon as practicable."

Thus, while the purported urgency of plaintiff's request may be a factor in determining whether a

request for expedited treatment will be granted, <u>see</u> 5 U.S.C. § 552(a)(6)(E)(v)(ii), it is not a

factor in determining the speed by which an agency needs to complete the request.  As previously

explained, the statute does not require an agency to complete the processing "as soon as a

requestor needs it" or "as soon as possible."  The standard articulated in the statute is "as soon as

practicable," which must be judged solely by the complexity of the request and the resources

available to the agency.  Plaintiff makes no showing that the Department is not meeting that

standard; nor could it do so in the light of the short time that has elapsed since plaintiff's broad

requests were received.

Finally, plaintiff's exaggerated claim that preliminary injunctive relief must be granted

because if it is not "all opportunity to grant the requested relief [is] foreclosed," Pl's Mem. at 15,

is perplexing if not utterly nonsensical.  Plaintiff appears to be suggesting that if this Court does

not step in to hurry the processing of documents, neither plaintiff nor the public will <u>ever</u> gain

access to any non-exempt documents responsive to plaintiff's FOIA requests that are in the

possession of defendants.  It is scarcely necessary to point out that this Court will be just as

capable of ordering production of any documents it might find to be improperly withheld later as

it is now.  Because plaintiff has failed to establish irreparable harm stemming from denial of the

preliminary injunction that it seeks, its motion should be denied.

**III.     THE REQUESTED PRELIMINARY INJUNCTION WILL HARM THE PUBLIC
           INTEREST.**

Plaintiff's failure to show that it would be irreparably harmed if the requested injunction

is not granted is by itself sufficient to defeat their motion for preliminary injunction.  <u>CityFed</u>

<u>Fin. Corp.</u>, 58 F.3d at 747.  There is further reason, however, not to grant the injunction.  In

addition to any harm that may befall plaintiff in the absence of the requested injunction, the court must consider whether an injunction of the sort demanded by plaintiff would be in the public interest.  See Al-Fayed, 254 F.3d at 303; accord Serono Labs., Inc., 158 F.3d at 1317-18. Although plaintiff claims that it seeks "nothing more of the government than what the law already mandates – the expedited processing of plaintiff's FOIA requests," Pl's Mem. at 15, it in fact seeks much more.  As already described, FOIA requires that expedited requests be processed by the agencies "as soon as practicable," a principle that this Court has repeatedly recognized. See American Civil Liberties Union, 321 F. Supp. 2d at 38; Edmonds, 2002 WL 32539613, at *4 (Ex. F); Leadership Conference on Civil Rights, 2005 WL 3360884, at *11 (Ex. G).  Plaintiff's effort to impose an artificial time frame on DOJ does not take account of the realities attendant to processing a request like plaintiff's, including the necessity to identify responsive materials, to identify and review a significant volume of classified materials, to consult with other component or agencies, as well as to make appropriate referrals, claims of exemption and redactions.  That process simply cannot be completed in the twenty-day time frame plaintiff proposes.  See, e.g., Pl's Ex. 12.

Plaintiff's request for the proposed preliminary injunction ignores these realities, and, as a result, threatens to compromise the delicate balancing of the public interest that Congress undertook in enacting FOIA between the general interest in disclosure of government information and the necessity of ensuring that certain types of documents, the disclosure of which would cause harm, were not to be disclosed.  The exemptions listed in § 552(b) embody a judgment by Congress that the public interest would best be served by allowing the agencies to withhold certain records – for example, those records whose disclosure would interfere with other vital public interests such as national security, 5 U.S.C. § 552(b)(1); efficient and frank

intra- and inter-agency deliberations and attorney-client communications, 5 U.S.C. § 552(b)(5); or effective law enforcement, 5 U.S.C. § 552(b)(7).  As noted above, Congress specifically noted that even with respect to expedited requests, in certain cases, depending on the subject matter of the request, additional time would be required to ensure that the public's interest in preventing the public disclosure of these exempted documents was not compromised.  See H. R. Rep. No. 104-795, 1996 U.S.C.A.A.N. at 3466 ("In underscoring the requirement that agencies respond to requests in a timely manner, the Committee does not intend to weaken the interests protected by the FOIA exemptions.  Agencies processing some requests may need additional time to adequately review requested material to protect these exemption interests.  For example, processing some requests may require additional time to properly screen material against the inadvertent disclosure of material covered by the national security exemption").  As Congress acknowledged, those concerns are only heightened in a case such as this one, where classified documents are at issue, and the Department has independent obligations under federal regulations and Executive Order to ensure that no unwarranted disclosure occurs.

Ordering the Department to disclose documents not "as soon as practicable" as dictated by FOIA, but rather on plaintiff's artificial timetable, causes significant harm to this delicate balancing of these competing public interests.  The bare fact that the records may shed light on "what the government is up to," Pl's Mem. at 15, does not outweigh the harm to the public interest that would be caused by compelling disclosure before appropriate agency review intended to protect material that is subject to statutory exemptions from disclosure can be completed.

## CONCLUSION

For the reasons stated herein, plaintiff has failed to demonstrate any entitlement to a preliminary injunction.  Plaintiff's motion should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH J. WAINSTEIN
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch


_____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel: (202) 514-3146
Fax: (202) 318-7593
Email: rupa.bhattacharyya@usdoj.gov

Dated:   January 26, 2006.