UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC., :
:
Plaintiff, :
:
v. : Civil Action No. 00-1396 (JR)
:
UNITED STATES DEPARTMENT OF :
JUSTICE, et al., :
:
Defendant. :

FILED
JUN 2 7 2000
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

Upon consideration of plaintiff's "emergency motion for expedited treatment to, in part, compel defendant to respond to plaintiff's Freedom of Information Act request,"[1] it is this 27th day of June, 2000,

ORDERED that the motion is denied. The Freedom of Information Act was not designed and does not operate as a vehicle to provide immediate and continuing access to government records through litigation.

"Congress wished to reserve the role of the courts for two occasions, (1) when the agency was not showing due diligence in processing plaintiff's individual request or was lax overall in meeting its obligations under the Act with all available resources, and (2) when plaintiff can show a genuine need and reason for urgency in gaining access to Government records ahead of prior applicants for information." Open America, Inc. v.

---

[1] This case was reassigned to the undersigned judge June 26, 2000, as related to No. 2000cv0723. See LCvR 40.5(c).

<u>Watergate Special Prosecution Force</u>, 547 F.2d 606, 615-16 (D.C. Cir. 1976). The cases finding "emergency" conditions in a FOIA context have been few, and the claims to "emergency" status in those cases were different from and more focused than the claim presented by this plaintiff.[2] See <u>Exner v. FBI</u>, 443 F. Supp. 1349, 1353 (S.D. Cal. 1978) (allegation of exposure to harm from organized crime figures); <u>Cleaver v. Kelley</u>, 427 F. Supp. 80, 81 (D.D.C. 1976) (plaintiff facing criminal charges carrying possible death penalty in state court).

The Department of Justice is required to act upon a request for expedited access within ten calendar days of receipt by the FOIA office if a "person primarily engaged in disseminating information" can demonstrate that there is an "urgency to inform the public concerning actual or alleged Federal Government activity," 28 C.F.R. § 16.5(d). This plaintiff did not make such a request.

_____
JAMES ROBERTSON
United States District Judge

---

[2] The motion reveals some confusion about the identity, or the role, of the actual plaintiff. The stated "emergency" is that a motion is to be filed tomorrow in the Eleventh Circuit (by Judicial Watch? by Larry Klayman, Esq?) on behalf of Lazaro Gonzales.

- 2 -

Copies to:

Larry Klayman  
501 School Street, S.W.  
Suite 725  
Washington, D.C. 20024

Counsel for Plaintiff

Ben Cooper  
U.S. Department of Justice  
Civil Division  
901 E Street, N.W., Room 905  
Washington, D.C. 20044

Counsel for Defendant