Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32539613 (D.D.C.)
(Cite as: 2002 WL 32539613 (D.D.C.))

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
District of Columbia.
Sibel D. EDMONDS, Plaintiff,
v.
FEDERAL BUREAU OF INVESTIGATION,
Defendant.
No. Civ.A. 02-1294(ESH).

Dec. 3, 2002.
David K. Colapinto, Stephen Martin Kohn, Kohn, Kohn & Colapinto, P.C., Washington, DC, for Plaintiff.

Pamela D. Huff, U.S. Attorney's Office, Vesper Mei, U.S. Department of Justice Civil, Washington, DC, for Defendant.

ORDER

HUVELLE, J.

*1 Before the Court are plaintiff's Motion for Partial Summary Judgment [11-1] and defendant's opposition and Cross Motion for Stay of Proceedings [18-1] pursuant to *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C.Cir.1976). At issue before the Court is the speed with which defendant must comply with plaintiff's Freedom of Information Act ("**FOIA**") request. *See* 5 U.S.C. § 552 *et seq.*

Plaintiff asserts that she is entitled to **expedited processing** of her **FOIA** request under 28 C.F.R. § 16.5(d)(1)(iv), which provides for **expedited processing** where a request involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Defendant disputes plaintiff's entitlement to **expedited processing** and moves for an *Open America* stay on the grounds that the FBI is exercising due diligence in responding to plaintiff's requests but that exceptional circumstances have prevented it from processing the requests within the statutory time limit.

BACKGROUND

Plaintiff is a whistleblower who worked as a contract linquist for the FBI in counter-terrorism and counter-intelligence investigations at the FBI Washington Field Office after September 11, 2001. By letter dated April 19, 2002, Ms. Edmonds has requested documents relating to herself, her allegations of wrongdoing at the FBI, and investigations of persons related to her. Plaintiff made a second **FOIA** request on April 29, 2002, seeking information pertaining to her security clearance and the purported investigation and/or adjudication thereof. In both requests, plaintiff asked for **expedited processing**. However, in response to these requests, defendant has failed to make any determination regarding whether her requests are entitled to **expedited processing**. *See* 28 C.F.R. § 16.5(d)(4); *see also* 5 U.S.C. § 552(a)(6)(E)(i)-(ii). Having exhausted her administrative remedies, plaintiff now moves for partial summary judgment, requesting that this Court order the FBI to expedite the processing of her requests.

In response, defendant argues that plaintiff does not qualify for **expedited processing** because her requests are "personal to her, and the documents that she seeks have nothing to do with any wider concerns of the American public." (Def.'s Opp. at 8.) According to defendant, her requests are being made in order to obtain information for her civil suit, *Edmonds v. Department of Justice,* Civil Action No. 02-1448(JR). Further, defendant seeks an *Open America* stay until April 1, 2003, on the grounds that although the FBI is exercising due diligence in responding to plaintiff's requests, there are exceptional circumstances, especially in light of September 11, 2001, that have prevented defendant from processing plaintiff's requests in a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32539613 (D.D.C.)
**(Cite as: 2002 WL 32539613 (D.D.C.))**

Page 2

timely manner.

*LEGAL ANALYSIS*
I. *Open America* Stay

Defendant FBI moves for an *Open America* stay until April 1, 2003. [FN1] Under **FOIA**, a court may retain jurisdiction and give an agency additional time to respond to a **FOIA** request "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request...." 5 U.S.C.A. § 552(a)(6)(C)(i). Exceptional circumstances exist when an agency "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of ... [5 U.S.C. § 552(a)(6)(A) ], and when the agency can show that it 'is exercising due diligence' in processing the requests." *Open America, 547 F.2d at 616*. Such exceptional circumstances do not include "a delay that results from a predictable agency workload of requests ... unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C.A. § 552(a)(6)(C)(ii).

> FN1. Plaintiff incorrectly argues that defendant has waived its right to an *Open America* stay by not raising it before now. *See* Pl.'s Opp. at 12. A request for a temporary stay does not constitute an affirmative defense, since it is unrelated to defendant's defenses to the merits of plaintiff's **FOIA** claims, and thus, there is no basis for plaintiff's waiver argument.

\*2 The FBI has demonstrated that exceptional circumstances do exist, the agency is exercising due diligence in processing requests, and it is making reasonable progress in reducing its backlog. According to the declaration of Christine Kiefer, Acting Chief of the Litigation Unit, Freedom of Information Privacy Acts Section, Records Management Division at FBI Headquarters in Washington, D.C., the FBI is still confronted by over 1,300 requests each month even though it has drastically reduced its backlog. The **FOIA** personnel also spend time on administrative appeals, litigation, and large projects. For instance, as of September 30, 2002, the FBI was involved in 142 pending requests in various federal courts throughout the United States involving 650 **FOIA** requests. Finally, in response to the events of September 11, 2001, the FBI has had to divert personnel to assist in ongoing investigations of terrorist attacks. For these reasons, the FBI faces exceptional circumstances warranting an *Open America* stay. [FN2]

> FN2. As indicated by the many cases cited by the defendant in its Opposition at 15-16 and 18-19, *Open America* stays of far greater time periods than requested here have been ordered by this Court on numerous occasions, and these stays have been granted subsequent to the passage of the Electronic **FOIA** Amendments of 1996. *See, e.g., Emerson v. CIA*, 1999 U.S. Dist. Lexis 19511, at \*4 (D.D.C. Dec. 16, 1999) (Hogan, J.).

In addition to demonstrating "exceptional circumstances," defendant has also shown that it is exercising due diligence in responding to plaintiff's **FOIA** requests and has made reasonable progress in reducing its backlog despite the burdens on its resources. As attested to by Kiefer, the FBI's backlog has decreased significantly since 1996 (declining approximately 26%). Further, as evidenced by her declaration, the FBI has identified approximately 774 pages of responsive documents and it is in the process of reviewing these documents at this time. Based on the efforts to date, the Court is satisfied that the FBI is exercising due diligence in responding to plaintiff's requests.

Having found that defendant has satisfied the exceptional circumstances-due diligence test, however, this Court's inquiry is not complete, for *Open America* also recognized that where a requester shows exceptional need or urgency, that requester may be given priority over other requesters. *Open America, 547 F.2d at 615-16*. In particular, defendant itself has recognized several specific grounds for expediting requests, only one of which is relevant here, and it is this ground for expedition to which the Court must turn its attention.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

II. **Expedited Processing**

As noted, plaintiff moves for partial summary judgment, arguing that her requests involve "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" and therefore are entitled to **expedited processing** under the Department of Justice's ("DOJ") regulations. 28 C.F.R. § 16.5(d)(1)(iv). Defendant responds that plaintiff has not satisfied this standard because she has failed to show that her requests concern a matter of current exigency to the American public, and she has not shown that " 'a delay in obtaining information can reasonably be foreseen to cause a significant adverse consequence to a recognized interest.' " (Def.'s Opp. at 9, quoting Al-*Fayed v. CIA*, 254 F.3d 300, 311 (D.C.Cir.2001).)

*3 The problem with defendant's position is that it is attempting to graft onto the DOJ's regulation **FOIA's** definition of "compelling need." See 5 U.S.C. § 552(a)(6)(E)(v)(I) and (II). However, the regulation at issue here was not issued pursuant to this "compelling need" standard. As the D.C. Circuit recognized in *Al-Fayed*, **FOIA** directs agencies to provide "for **expedited processing**, not only 'in cases in which the person requesting the records demonstrates a compelling need,' but also 'in other cases *determined by the agency*.' " *Al-Fayed*, 254 F.3d at 307 n. 7, quoting 5 U.S.C. § 552(a)(6)(E)(i) (emphasis in original). Citing the statute's legislative history, the Court explained that this "latter provision gives an agency 'latitude to expand the criteria for expedited access' beyond cases of 'compelling need.' H.R.Rep. No. 104-795, at 26." *Id*; see also *Aguilera v. FBI*, 941 F.Supp. 144, 149 (D.D.C.1996); *Electronic Privacy Information Center v. FBI*, 865 F.Supp. 1, 2 (D.D.C.1984); *Whitehurst v. FBI*, Civil Action No. 96-572 (Feb. 5, 1997) (Kessler, J.).

DOJ promulgated the standard pertinent to this case pursuant to this discretionary authority. Because that standards falls outside and goes beyond **FOIA's** definition of "compelling need," the Court has no basis to demand that the requester satisfy the compelling need test in order to satisfy the regulation. [FN3] Under DOJ's regulation, plaintiff need not show prejudice or a matter of current exigency to the American public; she need only demonstrate that the subject matter of her request involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the integrity of the government that affect public confidence." Plaintiff easily meets this standard and is thus entitled to **expedited processing**.

> FN3. It is, of course, axiomatic that an "agency is required to follow its own regulations." *Cherokee National of Okla. v. Babbitt*, 117 F.3d 1489, 1499 (D.C.Cir.1997). In addition, the Court has no basis to accord deference to the agency's reasonable interpretation of its own regulations, see *Al-Fayed*, 254 F.3d at 307 n. 7, since defendant has not cited any interpretation of its regulations but only argues that plaintiff does not meet the standard because the "requests are personal to her, and the documents that she seeks have nothing to do with any wider concerns of the American public." (Def.'s Opp. at 8.)

First, as even defendant concedes (Def.'s Op. at 7-8) and is as amply demonstrated by the record before the Court, plaintiff's allegations have received extensive media coverage, including numerous newspaper articles in the printed press--*Associated Press, The Washington Post, Chicago Tribune*--and on TV. (*See, e.g.,* Pl.'s Mot. Exs. 5, 8, 9, 12, 13, 17-19.) Plaintiff's allegations regarding security lapses in the FBI's translator program have also fueled the interest of Senators Leahy and Grassley, both of whom have written to the Attorney General and spoken on the floor of the Senate about their concerns regarding the significant security issues raised by plaintiff's allegations and the integrity of the FBI. (*Id.* Ex. 10.) [FN4] This flurry of articles and television coverage, which has continued at least until last month, cannot be cast aside by a sleight-of-hand as defendant attempts to do by categorizing plaintiff's requests as being merely "personal to her" and of no "wider public concern." (Def.'s Opp. at 8.)

> FN4. As is clear from Pl.'s Reply Mem., her allegations continue to receive coverage in the press, including on *60 Minutes* (Pl.'s Reply

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 32539613 (D.D.C.)  
**(Cite as: 2002 WL 32539613 (D.D.C.))**

Page 4

Mem. Ex. 23), and attention from Senator Grassley. (*Id.* Ex. 24.)

While it is true--as defendant argues (Def.'s Opp. at 8)--that plaintiff's pending lawsuit against the DOJ may be the motivating force for her requests and that the documents that she seeks undoubtedly relate to that suit, these requests also relate to matters of wider public concern that directly implicate "possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). Nothing in the DOJ's regulation disqualifies a plaintiff from obtaining **expedited processing** where the documents may assist her in another lawsuit, nor is there any basis to conclude that a whistleblower who has brought suit against a government agency as a result of her firing cannot also satisfy the DOJ's regulations for **expedited processing**. Indeed, it would be illogical to conclude that where a whistleblower's allegations trigger "widespread and exceptional media interest" because of the questions raised regarding the "government's integrity," that person's requests can be rejected for expedited handling because they are also personal to her and her lawsuit against the defendant. *Cf. Halloran v. Veterans Admin.,* 874 F.2d 315, 323 (5th Cir.1989) ("[T]he specific motives of the party making the **FOIA** request are irrelevant. If the general public has a legitimate, albeit abstract, interest in the requested information and that disclosure is warranted, disclosure must be made despite the fact that the party actually requesting and receiving the information may use it for less-than-lofty purposes.")

*4 In sum, plaintiff has satisfied the criteria established by the DOJ for expediting **FOIA** requests. Plaintiff has offered ample evidence that her allegations have been (1) the subject of "widespread and exceptional media interest," and (2) call into question "the integrity of the ... [FBI] which affect[s] public confidence" in that institution. While defendant could justifiably argue that the Court's application of the relevant regulation will result in an even greater burden on its already strained resources and will disadvantage other **FOIA** requesters, [FN5] the Court is constrained to enforce the regulation as written.

FN5. In this regard, the Court is mindful of the admonition in *Al-Fayed* that an " 'unduly generous use of the **expedited processing** procedure would unfairly disadvantage other requesters" ' whether they qualify for expedited treatment or not. 254 F.3d at 310 (citation omitted). Unlike *Al-Fayed,* the statutory requirement of "compelling need" is not applicable here, since the DOJ has " 'expand[ed] the criteria for expedited access' beyond cases of 'compelling need." ' *Id.* at 307 n. 7 (citation omitted).

### CONCLUSION

Accordingly, plaintiff's motion for partial summary judgment is GRANTED, defendant's Motion for *Open America* Stay is DENIED, and a status hearing is set for December 13, 2002, at 11:00 a.m., at which time defendant must inform the Court of the date when the request will be processed consistent with 5 U.S.C. § 552(a)(6)(E)(iii) and 28 C.F.R. § 16.5(d)(4) ("as soon as **practicable").**

Not Reported in F.Supp.2d, 2002 WL 32539613 (D.D.C.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02cv01294 (Docket) (Jun. 27, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.