**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-0096 (HHK) |
| v. | ) ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**
**OF THE ELECTRONIC PRIVACY INFORMATION CENTER**

Defendant, the United States Department of Justice, by and through its undersigned counsel, hereby answers plaintiff's Complaint in the captioned matter as follows:

First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted

Second Affirmative Defense

The Court lacks subject matter jurisdiction over plaintiff's Complaint because Defendant has not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Third Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

Fourth Affirmative Defense

Defendant denies each and every allegation contained in the First Amended Complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the Complaint, defendant admits, denies, or otherwise responds as follows:

1.    The first sentence of this paragraph is admitted.  The second sentence of this paragraph characterizes the relief that plaintiff seeks in its Complaint and the Court is respectfully referred to that Complaint for a full and accurate description of its contents.

2.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, defendant admits the allegations contained in the last sentence of this paragraph but denies the allegations contained in the remainder of this paragraph.

3.    Defendant admits the allegations contained in the first sentence of this paragraph. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the information contained in the remainder of this paragraph, and therefore denies the same.

4.    Admitted.

5.    The allegations contained in this paragraph constitute plaintiff's characterization of an article published by the New York Times on December 16, 2005.  Defendant admits that such an article was published and respectfully refers the Court to that article, a copy of which was attached as Ex. 1 to the Plaintiff's Motion for Preliminary Injunction, for a full and accurate description of its contents.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

- 2 -

7.      The allegations contained in this paragraph consist of a characterization of plaintiff's purported FOIA request to which no response from defendant is required.  To the extent a response is deemed required, defendant admits that plaintiff requested records under FOIA by letters dated December 16, 2006, from the Office of the Attorney General, the Office of Intelligence and Policy Review, the Office of Legal Counsel, and the Office of Legal Policy, all components of the Department of Justice.  The Court is respectfully referred to plaintiff's letters, which are attached respectively as Exs. 7, 8, 9, and 10 to plaintiff's Motion for Preliminary Injunction, for a full and accurate description of their contents.

8.      The allegations contained in this paragraph consist of plaintiff's characterization of its December 16, 2005, letters, to which no response from defendant is required.  The Court is respectfully referred to plaintiff's letters,  which are attached as Exs. 7, 8, 9, and 10 to plaintiff's Motion for Preliminary Injunction, for a full and accurate description of their contents.

9.      Admitted.

10.      The allegations contained in this paragraph consist of plaintiff's characterization of its December 16, 2005, letter to the Office of Public Affairs, to which no response from defendant is required. The Court is respectfully referred to that letter, which is attached as Ex. 11 to Plaintiff's Motion for Preliminary Injunction, for a full and accurate description of its contents.

11.      Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in the first sentence of this paragraph.  The allegations contained in the second sentence of this paragraph are denied.

12.      The allegations contained in this paragraph consist of plaintiff's characterization of a December 21, 2005, letter sent to plaintiff by the Office of Information and Privacy, to which no response by defendant is required.  To the extent a response is deemed required, defendant admits

that a letter was sent to plaintiff by the Office of Information and Privacy on that date.. The

Court is respectfully referred to a copy of that letter, which is attached as Ex. 12 to plaintiff's

Motion for Preliminary Injunction, for a full and accurate description of its contents.

13.    The allegations contained in this paragraph consist of plaintiff's characterization of

a January 6, 2006, letter sent to plaintiff by the Office of Intelligence and Policy Review, to which

no response by defendant is required. To the extent a response is deemed required, defendant

admits that a letter was sent to plaintiff by the Office of Intelligence and Policy Review on that

date. The Court is respectfully referred to a copy of that letter, which is attached as Ex. 13 to

plaintiff's Motion for Preliminary Injunction, for a full and accurate description of its contents.

14.    Defendant denies that plaintiff has received no communications concerning its

requests directly from the Office of Legal Counsel, and further avers that, on January 25, 2006,

the Office of Legal Counsel sent plaintiff a letter, which is attached as Ex. A to Defendant's

Opposition to Plaintiff's Motion for Preliminary Injunction, to which the Court is respectfully

referred for a full and accurate description of its contents. Defendant further avers that a partial

response to plaintiff's FOIA request was provided by the Office of Legal Counsel on March 8,

2006. Defendant admits that plaintiff has received no communications concerning its requests

directly from the Director of Public Affairs, and avers that plaintiff was advised in the January 6,

2006, letter sent by the Office of Intelligence and Policy Review, attached as Ex. 13 to plaintiff's

Motion for Preliminary Injunction, of the decision of the Office of Public Affairs.

15.    Denied.

16.    The allegations contained in this paragraph constitute conclusions of law to which

no response of defendant is required. To the extent a response is deemed required, the allegations

are denied.

17.    Admitted.

18.    The allegations contained in this paragraph constitute conclusions of law to which no response of defendant is required.  To the extent a response is deemed required, the allegations are denied.

19.    Defendant repeats and realleges the responses made in paragraphs 1-18.

20.    The allegations contained in this paragraph constitute conclusions of law to which no response of defendant is required.  To the extent a response is deemed required, the allegations are denied.

21.    The allegations contained in this paragraph constitute conclusions of law to which no response of defendant is required.  To the extent a response is deemed required, the allegations are denied.

22.    The allegations contained in this paragraph constitute conclusions of law to which no response of defendant is required.  To the extent a response is deemed required, the allegations are denied.

WHEREFORE,  having fully answered plaintiff's Complaint, defendant prays for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH J. WAINSTEIN
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch


_____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel: (202) 514-3146
Fax: (202) 318-7593
Email: rupa.bhattacharyya@usdoj.gov

Dated:   March 9, 2006.