# Exhibit 5

*Electronic Privacy Information Center v. Department of Justice*,
No. 06-0096 (HHK)

*American Civil Liberties Union et al. v. Department of Justice*,
No. 06-214 (HHK)

Opposition to Defendant's Expedited Motion for Relief From the
Court's Order of February 16, 2006

LEXSEE 1994 U.S. DIST. LEXIS 6053

**JEFFREY STEINBERG, Plaintiff, v. U.S. DEPARTMENT OF JUSTICE, Defendant.**

Civil Action No. 93-2409-LFO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*1994 U.S. Dist. LEXIS 6053*

**May 3, 1994, Decided
May 4, 1994, Filed**

**JUDGES:** [*1] Oberdorfer

**OPINIONBY:** LOUIS F. OBERDORFER

**OPINION:**

MEMORANDUM AND ORDER

Plaintiff brought this action pursuant to the Freedom of Information Act, *5 U.S.C. ß 552* et seq. (FOIA), to challenge responses to his requests for documents from the Federal Bureau of Investigation. An Order dated March 15, 1994 stayed discovery pending further Order. Defendant has now moved to stay the portion of this action that involves requests that it is still processing and for which it has yet to provide substantive responses to plaintiff. Plaintiff opposes defendant's motion and requests discovery to determine the scope of the stay requested.

Defendant requests a partial stay until March 1, 1997 pursuant to FOIA, *5 U.S.C. ß 552*(a)(6)(C). That section provides for the granting of a stay to allow an agency additional time to review a pending request "if the government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." Id. The Court of Appeals for this Circuit has interpreted that provision to include cases

> when an agency . . . is deluged with a volume of requests for information [*2] vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests.

*Open America v. Watergate Special Prosecution Force, 178 U.S. App. D.C. 308, 547 F.2d 605, 616 (D.C. Cir. 1976)*. Defendant here, supported by two declarations of Nancy L. Steward, represents that the FBI has a total backlog of over 10,000 FOIA requests. Based on the volume of requests before the agency, plaintiff's pending requests will not be assigned for processing for approximately two years. Those of plaintiff's requests that have been assigned but not yet processed require classification review, a process that itself has a backlog of over 500 cases. Defendant bases the length of the stay it requests on these backlogs. Defendant's filings outline the personnel limitations and complexity of cases that have led to the backlogs and assert that defendant is processing FOIA requests with due diligence based on Open America's requirement of a "first in, first out" [*3] ordering.

Plaintiff opposes defendant's motion largely on the ground that defendant has failed to demonstrate due diligence in processing plaintiff's requests. Among other things, plaintiff contends that defendant has misrepresented the time required for classification review because an earlier request by plaintiff required less time for review; that defendant acted improperly by assigning all of plaintiff's requests to a single paralegal specialist; and that particular delays in processing of plaintiff's requests, which defendant explains as caused by necessary attention to earlier cases, represent a lack of due diligence. Defendant credibly explains each of plaintiff's contentions in light of defendant's burdens in addressing FOIA requests. Plaintiff has advanced no argument that defendant should process his requests ahead of other requests that were filed earlier. Plaintiff's contentions fail to traverse defendant's reasons for requesting a partial stay.

Plaintiff's other principal basis for opposing defendant's motion, and the basis for his motion for discovery regarding the scope of the motion, is his claim that defendant has insufficiently specified which aspects of the

case [*4] it wishes to have stayed. Defendant has addressed this concern in its reply memorandum, which states:

> Requests which have been processed and for which plaintiff has received a substantive response include plaintiff's request to the FBI's Richmond Field Office, plaintiff's request to the FBI's field offices in Charlotte and New York, and the FBI's release of the Foreign Counterintelligence Manual. All these requests are ready for summary judgment briefing and the FBI is not seeking a stay of proceedings with respect to these requests.

Defendant's Memorandum of Points and Authorities in Reply to plaintiff's Opposition to Defendant's Motion to Stay proceedings in Part (April 20, 1994) at 5 (citations omitted). Defendant has segregated the issues in the case sufficiently to permit resolution of its motion.

Although defendant offers meritorious bases for the stay it requests, defendant has failed to cite any FOIA action in which a court granted an Open America stay of the length plaintiff suggests. Continued processing may serve to focus the nature of defendant's search and allow a more accurate estimate of the time needed to respond to plaintiff's outstanding requests. Therefore, [*5] the alternative proposal of plaintiff's opposition will be adopted, and a partial stay will be entered for approximately six months, after which time a status conference will take place to discuss further proceedings.

Accordingly, it is this 3rd day of May, 1994, hereby

ORDERED: that Defendant's Motion to Stay Proceedings in Part should be, and is hereby, GRANTED in part; and it is further

ORDERED: that this action is hereby STAYED to and including October 28, 1994 with respect to those of plaintiff's requests that defendant has not yet processed and to which plaintiff has not yet received substantive responses; and it is further

ORDERED: that, as to those requests that defendant has processed and to which plaintiff has received substantive responses, as enumerated in Defendant's Reply Memorandum and recited herein, defendant may, on or before June 15, 1994, file a dispositive motion and supporting declaration; and it is further

ORDERED: that Plaintiff's Motion for Leave To Take Limited Discovery Concerning Defendant's Motion To Stay the Proceedings should be, and is hereby, DENIED; and it is further

ORDERED: that Plaintiff's Motion for Enlargement of Time should be, and is [*6] hereby, DENIED as moot; and it is further

ORDERED: that a status conference to schedule further proceedings in this matter shall take place on October 31, 1994 at 1:45 p.m. in Courtroom No. 3.

Louis F. Oberdorfer

UNITED STATES DISTRICT JUDGE