**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELECTRONIC PRIVACY INFORMATION )
CENTER, )
)  Civil Action No. 06-0096 (HHK)
      Plaintiff, )
)
          v. )
)
DEPARTMENT OF JUSTICE, )
)
      Defendant. )
_____ )

**DEFENDANT'S REPLY IN SUPPORT OF ITS EXPEDITED MOTION
FOR RELIEF FROM THE COURT'S ORDER OF FEBRUARY 16, 2006**

**INTRODUCTION**

On the basis of evidence provided in classified declarations submitted by two senior

Department officials, defendant has sought an extension of 120 days time in which to complete

the processing of certain documents maintained in the custody of two of the four components

subject to plaintiff's December 16, 2005, Freedom of Information Act ("FOIA") request.  At this

time, defendant has completed searches aimed at identifying potentially responsive documents in

all four components, and has also completed the processing of responsive documents maintained

by two of the components – the Office of the Attorney General and the Office of Legal Policy.

Moreover, in the 62 business days that have passed since the date of plaintiff's request, defendant

has completed processing almost 5000 pages of responsive documents, has released (with some

redactions) approximately 150 pages of responsive documents,[1] and has identified for plaintiff

approximately 4800 pages of documents that are withheld pursuant to FOIA's exemption

---

[1] Certainly of these documents are duplicative but, as they were maintained by different
components, each component was required to process them independently.

provisions.  See 5 U.S.C. § 552(b).  Given the diligence with which defendant has undertaken to

complete its response to plaintiff's request, and the substantial difficulties which render the

processing of the remaining potentially responsive documents time-consuming, defendant

respectfully submits that the extension it seeks is both warranted and appropriate.  Defendant's

Motion for Relief should be granted

ARGUMENT

I.    **THE COURT HAS INHERENT AUTHORITY TO REVIEW CLASSIFIED
      MATERIAL PROVIDED <u>EX PARTE</u> AND <u>IN CAMERA</u>.**

        Plaintiff's initial argument is that the classified declarations of James A. Baker, Counsel

for Intelligence Policy, Office of Intelligence Policy and Review ("Baker Decl."), and of Steven

G. Bradbury, Acting Assistant Attorney General, Office of Legal Counsel ("Bradbury Decl."),

that were submitted to the Court for its review in conjunction with defendant's Motion for Relief

should be excluded from the Court's consideration.  See Pl's Opp. at 3-6.[2]  Plaintiff fails to

recognize, however, that these declarations contain classified information that cannot be provided

to the Court in any other form and, moreover, that the information contained in these declarations

is directly responsive to the Court's request that defendant submit "credible evidence that

disclosure within [the twenty day] time period is truly not practicable."  Mem. Op. at 13.  It

would be unfair in the extreme for the Court to require defendant to provide such "credible

evidence," and then, when defendant proffers such information in the only form in which it

---

        [2] Plaintiff purports to submit its opposition on behalf of the plaintiffs in the two
consolidated cases.  See Pl's Opp. at 2 n.2.  This Court specifically held, however, that its
February 16, 2006, order applied only to the FOIA request made by the plaintiff in Civil Action
No. 06-0096, the Electronic Privacy Information Center ("EPIC").  Mem. Op. at 2, n.1.  Thus,
only EPIC – and not the plaintiffs in Civil Action No. 06-00214, the American Civil Liberties
Union ("ACLU") and the National Security Archive Fund ("NSAF") – has standing to oppose
defendant's motion seeking relief from that order.

available, i.e., in classified form, for the Court to disregard such evidence at the plaintiff's urging.

Each of the declarations provided to the Court in this case was reviewed by a Department official with original classification authority, and were determined to contain information that was properly classified pursuant to the terms of Executive Order 12958, 60 Fed. Reg. 19825 (Apr. 17, 1995), as amended by Executive Order 13292, 68 Fed. Reg. 15315 (Mar. 25, 2003), because its unauthorized disclosure "could reasonably be expected to result in damage to the national security." Id.; see Baker Decl. ¶¶ 3-4; Bradbury Decl. ¶¶ 3-4.[3]  Undersigned counsel has no authority to disclose classified information other than to the Court for "official Department litigative purposes," and, then, is under an affirmative obligation to "take all appropriate action to protect such information" pursuant to the requirements of Department of Justice regulations.  28 C.F.R. § 17.17; see generally id. (setting forth procedures that Department of Justice attorneys must follow when submitting classified information in judicial proceedings).  Thus, as indicated in defendant's opening brief, Deft's Mot. at 2 n.2, undersigned counsel undertook to provide the classified declarations to the Court through a Court Security Officer authorized to handle such information.

Plaintiff's request that the Court disregard these declarations is without basis in law.  The

---

[3] EPIC's arguments appear to assume that all information classified at a particular classification level (e.g., Top Secret) is treated equivalently.  That assumption is incorrect.  While information is often protected based on its basic classification level (Confidential, Secret, or Top Secret), cf. Exec. Order 12958, as amended by Exec. Order 13292, 68 Fed. Reg. 15315, § 1.2(a) (2003), classified information may be protected further under special access programs when the normal restrictions for classified information "are not deemed sufficient to protect the information from unauthorized disclosure." Id. § 4.3(a), 68 Fed. Reg. at 15326.  Thus, for example, information pertaining to intelligence activities or intelligence sources or methods may be protected with special access procedures exceeding those normally applicable to top secret information.  See id.

Court of Appeals has squarely held that "the court has <u>inherent</u> authority to review classified material <u>ex parte</u>, <u>in camera</u> as part of its judicial review function." <u>Jifry v. Fed. Aviation Admin.</u>, 370 F.3d 1174, 1182 (D.C. Cir. 2004) (emphasis added), <u>cert</u>. <u>denied</u>, 543 U.S. 1146 (2005). Although courts must be mindful of the fact that <u>ex parte</u>, <u>in camera</u> submissions may "deprive one party to a proceeding of a full opportunity to be heard on an issue," the Court of Appeals has also specifically recognized that such submissions may be used "where a compelling interest exists." <u>In re Sealed Case</u>, 151 F.3d 1059, 1075 (D.C. Cir. 1998) (citing cases). Protecting the security of classified information is just such a compelling interest. <u>See</u> <u>McGehee v. Casey</u>, 718 F.2d 1137, 1143 (D.C. Cir. 1983) ("Indeed, the government 'has a <u>compelling</u> interest in protecting . . . the security of information important to our national security. . . .'") (citing <u>Snepp v. United States</u>, 444 U.S. 507, 509 n.3 (1980)) (emphasis in original).

Moreover, plaintiff is incorrect that the Court of Appeals decisions it cites are properly read as providing the <u>only</u> circumstances in which classified material might be examined by a Court. <u>See</u> Pl's Opp. at 5. Not one of the cases plaintiff cites creates such a limitation. To the contrary, as the Court noted in <u>Jifry</u>, the Court has "inherent authority" to consider classified information in an appropriate case, 370 F.3d at 1182; <u>see also</u> <u>Abourezk v. Reagan</u>, 785 F.2d 1043, 1061 (D.C. Cir. 1986) ("we expect the district court, on remand, to be mindful of . . . the overriding importance of assuring plaintiffs' receipt of the most complete information and explanation <u>permissible</u>") (emphasis added), <u>aff'd</u> 484 U.S. 1 (1987).

Here, where the classified information is directly responsive to the Court's request for credible evidence regarding the time necessary to process documents potentially responsive to plaintiff's FOIA request, but it is not "permissible" to provide it in other than classified form, the need to protect the sensitive national security concerns identified by a Department official with

original classifying authority is sufficiently compelling to warrant full consideration by the Court.

See In re Sealed Case, 151 F.3d at 1075 (citing In re John Doe Corp., 675 F.2d 482, 490 (2d Cir.

1982) ("We recognize that appellants cannot make factual arguments about materials they have

not seen and to that degree they are hampered in presenting their case. The alternatives, however,

are sacrificing the secrecy of the [materials] or leaving the issue unresolved at this critical

juncture.")).  Plaintiff's argument that the classified declarations of Mr. Baker and Mr. Bradbury

be excluded from this Court's consideration, accordingly, should be rejected.

## II.    THE EVIDENCE SUBMITTED ESTABLISHES THAT DEFENDANT IS ENTITLED TO ADDITIONAL TIME TO PROCESS THE DOCUMENTS POTENTIALLY RESPONSIVE TO PLAINTIFF'S REQUEST.

As fully described in the declarations of Mr. Baker and Mr. Bradbury, defendant requests

that the Court grant it 120 additional days in which to complete processing the documents

maintained by the Office of Intelligence and Policy Review ("OIPR") and the classified

documents maintained by the Office of Legal Counsel ("OLC").  As described in those

declarations and in defendant's opening brief, defendant requires additional time to complete the

processing of these potentially responsive documents for a variety of reasons, including the fact

the documents at issue are classified and thus subject to time-consuming review procedures

mandated by law.  See, e.g., Exec. Order 13292, 68 Fed. Reg. 15315 (Mar. 25, 2003) ("In

response to a request for information under the Freedom of Information Act . . . when an agency

receives any request for records in its custody that contain information that was originally

classified by another agency . . . it shall refer copies of any request and the pertinent documents

to the original agency for processing"); 28 C.F.R. § 16.7 ("[i]n processing a request for

information that is classified under Executive Order 12958 . . . or any other executive order, the

[original classifying authority] shall review the information to determine whether it should

remain classified"); see also 28 C.F.R. § 16.4 (describing consultation and referral procedures of the Department including the requirement that "[w]henever a request is made for a record containing information that has been classified . . . by another component or agency under Executive Order 12958 or any other executive order . . . the receiving component shall refer the responsibility for responding to the request regarding that information to the component or agency that classified the information . . . or has the primary interest in it, as appropriate."). As described in the classified declarations of Mr. Baker and Mr. Bradbury, fulfilling the requirements of these mandatory procedures, which both promote the release of material that is no longer currently or properly classified, see 5 U.S.C. § 552(b)(1), while ensuring that classified material is not improperly disclosed, will be time-consuming in this case for a number of reasons spelled out in those declarations. See, e.g., Baker Decl. ¶¶ 5-11, 16; Bradbury Decl. ¶¶ 6-12.

Plaintiff makes no response to the legislative history cited by defendant that demonstrates the clear congressional understanding that "processing some requests may require additional time to properly screen material against the inadvertent disclosure of material covered by the national security exemption." H. R. Rep. No. 104-795, 1996 U.S.C.A.A.N. at 3466. Nor does plaintiff make any response to the cases cited by defendant that demonstrate that courts routinely provide government agencies with extensions of processing time in order to ensure that such processing is properly done and does not compromise the material that Congress determined to be specifically exempt from disclosure. See Deft's Mot. at 6-7; see also Center for Nat'l Sec. Studies v. U.S. Dept. of Justice, 331 F.3d 918, 925 (D.C. Cir. 2003) ("FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential") (citing John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989)), cert. denied, 540 U.S. 1104 (2004) .

To the contrary, the very cases upon which plaintiff seeks to rely establish that defendant's request for additional time here is neither unreasonable nor unusual.  Plaintiff, for example, cites Judge Huvelle's opinion in <u>Edmonds v. Fed. Bureau of Investigation</u>, Civil No. 02-1294, 2002 U.S. Dist. LEXIS 26578 (D.D.C., Dec. 3, 2002), <u>see</u> Pl's Opp. at 9, n.7 & Ex. 1. Yet, as a review of the docket in that case, <u>see</u> Ex. A hereto, demonstrates, although Judge Huvelle determined that expedited treatment of the plaintiff's April 19, 2002, FOIA request was warranted, she ordered defendants to produce documents "as soon as practicable," and ultimately, ordered the production of responsive documents by March 3, 2003, <u>see</u> Docket No. 28, more than <u>eight</u> months from the filing of the Complaint, and <u>almost a full year</u> after the receipt of plaintiff's April 2002 FOIA request.

Similarly, as discussed in defendant's opening brief, although plaintiff (like the Court) relies on the opinion of Judge Hellerstein in <u>American Civil Liberties Union v. Dept. of Defense</u>, 339 F. Supp. 2d 501 (S.D.N.Y. 2004), a review of the docket in that case reveals that processing of responsive documents remains ongoing more than <u>18 months</u> following the entry of a Court order requiring immediate production and more than <u>29 months</u> following the receipt of the plaintiff's expedited FOIA request.  See also <u>Leadership Conference on Civil Rights v. Gonzales</u>, 2005 WL 3360884, *11 (D.D.C. 2005) (Lamberth, J.) (recognizing that expedited processing was warranted, but allowing the agency "two years from the date on which the complaint was originally filed" to complete processing); <u>Judicial Watch, Inc. v. United States Dept. of Justice</u>, Civil No. 01-639 (D.D.C.) (Kessler, J.) (ordering the Department to process 5000 pages in three months) (attached as Ex. B to defendant's opening brief); Order, ¶ 6, <u>Cozen O'Connor v. U.S. Dept. of Treasury</u>, Civil Action No. 05-4332 (E.D. Pa.) (Savage, J.) (ordering Department of the Treasury to process FOIA request in ten months) (attached as Ex. C to defendant's opening

brief).[4]  Given the circumstances outlined in the declarations of Mr. Baker and Mr. Bradbury,

Defendant's minimal request for 120 additional days in which to complete the processing of the

OIPR materials and the OLC classified materials is well within the reasonable bounds of what

courts confronting FOIA claims ordinarily allow.

In the circumstances here, plaintiff's argument that OIPR and OLC are not burdened with

a high volume of FOIA requests, see Pl's Opp. at 11, is entirely beside the point.  Defendant is

not seeking to delay the processing of plaintiff's request because there are other requests which

must be handled first.  To the contrary, as this Court well knows, plaintiff's request has been

expedited and thus, has been moved to the front of defendant's processing queue.  What

defendant seeks is merely the time necessary to complete that processing in the manner that

FOIA and other relevant provisions of law require.  Moreover, as the Baker and Bradbury

declarations demonstrate, the unusual circumstances posed by the highly classified material at

issue in this case make these components' historical FOIA caseload irrelevant.  See Baker Decl.

¶¶ 8-9, 11; Bradbury Decl. ¶¶ 6, 8.

For similar reasons, plaintiff's reliance on statistics that demonstrate that OIPR and OLC

historically have processed very small numbers of expedited requests proves nothing.  The cases

that have been filed in this Court alone demonstrate that OIPR and OLC presently are handling

more expedited requests relating only to subject matters similar to that of plaintiff's request than

those two components handled with respect to all FOIA requests on all subjects received in the

---

[4]  To similar effect, see Natural Resources Defense Council v. Dept. of Energy, 191 F. Supp. 2d 41 (D.D.C. 2002) (FOIA request made April 26, 2001, and defendants ordered to provide responsive non-exempt documents almost a full year later); Judicial Watch v. Dept. of Energy, 191 F. Supp. 2d 138 (D.D.C. 2002) (ordering processing to be completed approximately one year after the request had been filed); Cleaver v. Kelly, 427 F. Supp. 80 (D.D.C. 1976) (FOIA request filed February 27, 1976, and defendant ordered to respond by January 12, 1977).

2004 statistics that plaintiff cites.  Compare Pl's Opp. at 11-12 (recounting that OLC had one

expedited request and OIPR two such requests in 2004), with Electronic Privacy Information

Center v. Dept. of Justice, Civil Action No. 06-0096 (D.D.C.) (HHK); American Civil Liberties

Union and National Security Archive Fund v. Dept. of Justice, Civil Action No. 06-00214

(D.D.C.) (HHK); Judicial Watch v. Dept. of Justice, Civil Action No. 06-00406 (D.D.C.) (HHK)

(three cases involving a total of four expedited FOIA requests directed at various Department

components).  And these cases represent only those requests that have resulted in litigation.  As

undersigned counsel indicated at the argument on plaintiff's motion for preliminary injunction,

the Department has received and must process more than 30 FOIA requests relating, in one way

or another, to the subject of plaintiff's request.

    Finally, plaintiff is utterly incorrect in its assertion that defendant has not exercised "due

diligence" in processing plaintiff's FOIA request.  Plaintiff bases this unfounded accusation on

its incorrect statement that the Department has processed to date only 254 documents responsive

to plaintiff's FOIA request, Pl's Opp. at 14, information which plaintiff derives from the interim

responses that were provided to plaintiff as directed by the Court on March 8, 2006.[5]  As the

---

[5]  Plaintiff urges the Court that defendant be required to move for summary judgment on
the documents already processed within 30 days.  See Pl's Opp. at 15 n.15.  Although defendant
agrees with plaintiffs that summary judgment on the unclassified documents may be addressed
prior to the completion of processing of the classified documents, defendant urges the Court not
to set a partial summary judgment deadline at this time.  This Court has consolidated the
litigation involving the EPIC request with litigation involving the ACLU and NSAF request.  The
ACLU request, which was received by the Department after the EPIC request, involves
Department components other than those to which the EPIC request and the Court's February 16,
2006, Order are directed.  Defendant is attempting to complete as quickly as possible the
processing of unclassified documents responsive to the ACLU request to the extent it involves
non-overlapping components, and believes it would be in the best interests of the Court and the
parties to allow defendant to seek summary judgment once such processing is complete.
Moreover, this Court is also the court of record with respect to a third case involving a FOIA
request for similar documents, see Judicial Watch v. Dept. of Justice, Civil Action No. 06-00406
(D.D.C.) (HHK).  Defendant expects to be in position shortly to confer with the plaintiffs in these

document indexes that were provided to plaintiff on this date demonstrate, however, defendant

has in fact completed the processing of almost 5000 pages of documents that were identified in

searches in response to plaintiff's FOIA request and determined, after review, to be responsive.

This effort, completed in just the 62 working days that have elapsed since the date of plaintiff's

December 16, 2005, request, clearly demonstrates defendant's diligence.  Compare, e.g., Judicial

Watch, Inc. v. United States Dept. of Justice, Civil No. 01-639 (D.D.C.) (Kessler, J.) (ordering

the Department to process 5000 pages in three months) (attached as Ex. B to defendant's opening

brief)

    The evidence submitted by defendants demonstrates conclusively that despite all

diligence by the Department, the potentially responsive documents maintained by OIPR and the

potentially responsive classified documents maintained by OLC cannot be processed within the

time frame identified by the Court in its February 16, 2006, Order.  On the basis of that evidence,

on the basis of the Department's demonstration of substantial diligence, and so as to ensure that

processing is properly completed without compromising the sensitivity of national security

information and otherwise exempt materials, defendant respectfully requests that it be granted

120 additional days in which to complete its response to plaintiff's request.

## CONCLUSION

    For the reasons stated herein, in defendant's opening brief, and in the accompanying

classified declarations of Mr. Baker and Mr. Bradbury, defendant seeks the following relief from

the Court's Order of February 16, 2006: (1) an extension of 120 days time in which to complete

---

various cases regarding the timing of summary judgment on responsive unclassified materials.
Thus, so to avoid the Court's having to consider duplicative legal arguments relating to the
unclassified document made in three separate motions, defendant respectfully requests that the
Court defer a ruling on plaintiff's request for an immediate briefing schedule (which, in any
event, was not made by way of a proper motion) until a later date.

the processing of any potentially responsive documents maintained by OIPR and any potentially

responsive classified documents maintained by OLC; (2) relief from the obligation to provide,

within 30 days of the Court's February 16, 2006, Order, declarations in support of the reasons for

withholding the unclassified documents; (3) and relief from the obligation to provide, within 30

days of the Court's February 16, 2006, Order, either an index or a declaration in support of the

reasons for withholding any responsive classified documents.[6]

                                            Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General, Civil Division

                                            KENNETH J. WAINSTEIN
                                            United States Attorney

                                            JOSEPH H. HUNT
                                            Director, Federal Programs Branch

                                       _____/s/ Rupa Bhattacharyya_____
                                        RUPA BHATTACHARYYA (VA# 38877)
                                        Senior Trial Counsel
                                        Federal Programs Branch, Civil Division
                                        United States Department of Justice
                                        P.O. Box 883, 20 Massachusetts Ave., N.W.
                                        Washington, D.C.  20044
                                        Tel: (202) 514-3146
                                        Fax: (202) 318-7593
                                        Email: rupa.bhattacharyya@usdoj.gov

Dated:   March 20, 2006.

---

[6] Defendant notes that plaintiff makes no substantive response to these latter two requests for relief – i.e., that the Court relieve defendant from the obligation to provide, within 30 days of the Court's February 16, 2006, Order, declarations in support of the reasons for withholding the unclassified documents; and that the Court relieve defendant from the obligation to provide, within 30 days of the Court's February 16, 2006, Order, either an index or a declaration in support of the reasons for withholding any responsive classified documents.  See Pl's Opp. at 15 n.15.  Those requests, accordingly, should be considered unopposed.