## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, ) ) ) Plaintiff, ) ) v. ) ) DEPARTMENT OF JUSTICE, ) ) Defendant. ) ) _____) ) AMERICAN CIVIL LIBERTIES UNION, et al., ) ) Plaintiff, ) ) v. ) ) DEPARTMENT OF JUSTICE, ) ) Defendant. ) _____) | Civil Action No. 06-0096 (HHK) Civil Action No. 06-00214 (HHK) **CONSOLIDATED CASES** |

**DEFENDANT'S MOTION FOR A ONE-WEEK EXTENSION OF TIME
IN WHICH TO FILE ITS MOTION FOR SUMMARY JUDGMENT**

Defendant the U.S. Department of Justice ("Department") hereby seeks a one-week extension of time through and including September 15, 2006, in which to file its motion for summary judgment in the above-captioned consolidated cases. Pursuant to the Local Rules, counsel has attempted to confer with plaintiffs' counsel prior to filing this motion. Counsel for plaintiffs in <u>American Civil Liberties Union v. Dept. of Justice</u>, Civil No. 06-00214 (D.D.C.) have indicated that they take no position on defendant's request; undersigned counsel has not been able to contact counsel for plaintiff in <u>Electronic Privacy Information Center v. Dept. of Justice</u>, Civil No. 06-00096 (D.D.C.). As grounds for this motion, defendant states as follows:

1. These consolidated cases involve three FOIA requests to various components of the Department: one by the Electronic Privacy Information Center ("EPIC"); one by the American Civil Liberties Union ("ACLU"); and one by the National Security Archive Fund ("NSAF").

2. The EPIC request is directed at four Department components: the Office of the Attorney General ("OAG"), the Office of Legal Policy ("OLP"), the Office of Intelligence and Policy Review ("OIPR"), and the Office of Legal Counsel ("OLC").

3. The ACLU Request is directed at seven Department components: OAG, the Office of the Deputy Attorney General ("ODAG"), the Civil Division, the Civil Rights Division, the Criminal Division, the Federal Bureau of Investigation ("FBI"), OLC, and the Executive Office of United States Attorneys ("EOUSA").

4. The NSAF Request is directed at OAG and OLC.

5. The comprehensive Summary Judgment motion to be filed by defendant will respond to plaintiffs' claims with respect to all three FOIA requests at issue in these two consolidated cases; will be supported by eight substantive declarations, five of which will be classified; and will describe defendant's justifications for withholding under FOIA fifteen different sets of documents, including documents from five different components of the Department, as well as documents that were referred to other components or agencies for review. Specifically, defendant's forthcoming motion will address:

    a. records or categories of records withheld by ODAG in response to the request by ACLU;

    b. records or categories of records withheld by OLC in response to the requests by EPIC, ACLU, and NSAF;

    c. records or categories of records withheld by OLC that were referred by ODAG in response to the request by ACLU;

      d.      records or categories of records withheld by OLC that were referred by OIPR in response to the request by EPIC;

      e.      records or categories of records or categories of records withheld by OLC that were referred by the FBI in response to the request by ACLU;

      f.      records or categories of records withheld by OIPR in response to the request by EPIC;

      g.      records or categories of records withheld by OIPR that were referred by OLC in response to the requests by EPIC, ACLU and NSAF;

      h.      records or categories of records withheld by OIPR that were referred by ODAG in response to the request by ACLU;

      i.      records or categories of records withheld by OIPR that were referred by the FBI in response to the request by ACLU;

      j.      records withheld by the Criminal Division in response to the request by ACLU;

      k.      records withheld by the FBI in response to the request by ACLU;

      l.      records withheld by the FBI that were referred by ODAG in response to the request by ACLU;

      m.      records withheld by the FBI that were referred by OLC in response to the requests by EPIC, ACLU and NSAF;

      n.      records withheld by the FBI that were referred by OIPR in response to the reqeust by EPIC; and

      o.      records referred to the National Security Agency by OLC in response to the requests by EPIC, ACLU, and NSAF; by ODAG in response to the request by ACLU; by OIPR in response to the request by EPIC; and by the FBI in response to the request by ACLU.

These fifteen sets of documents encompass a substantial number of records or categories of records.

      6.      Defendant's forthcoming motion will also address the responses to plaintiffs' requests by five other components of the Department whose processing and withholding

decisions, pursuant to understandings among counsel, are not challenged in this litigation, but as to whom defendant retains the burden to seek summary judgment.

7.      Defendant has worked diligently in its attempt to prepare its motion and supporting materials in a timely fashion so as to meet the deadline imposed by this Court in its scheduling order of July 27, 2006.

8.      A filing of this complexity, however, simply could not be completed in the time allotted for a variety of reasons.  First, because this litigation concerns documents that are highly classified, extreme care must be taken to ensure that classified information is properly identified and that declarations and other exhibits containing classified information are reviewed for classification purposes and properly marked.  Second, as five of the eight supporting declarations are expected to be classified and filed only for the Court's in camera, ex parte review, unclassified versions must be prepared and carefully reviewed to ensure that all classified information has been removed.  Third, given the multitude of documents and components at issue, and the fact that much of the substantive justifications for the withholding of classified material can only be done in in camera, ex parte submissions, every effort has been made to prepare the materials in a manner that will provide the most assistance to the Court in sorting through the issues raised by plaintiffs' consolidated Complaints.  And, finally, the press of legislative business as Congress returned from recess has consumed the time and attention of many of the Department officials whose assistance and review is essential to the Department's filing related to the highly classified and extremely sensitive national security matters as to which plaintiffs seek information.

9.      The brief one-week extension of time sought by defendant is not sought for the purposes of delay, but only to allow the completion of defendant's comprehensive motion for

summary judgment together with its supporting declarations and exhibits as described.

WHEREFORE, for the reasons stated, defendant respectfully requests that the Court grant it a one-week, extension of time, through and including September 15, 2006, in which to file its Motion for Summary Judgment relating to the consolidated cases. A proposed order is attached for the convenience of the Court.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General, Civil Division

    KENNETH J. WAINSTEIN
    United States Attorney

    JOSEPH H. HUNT
    Director, Federal Programs Branch

    ELIZABETH J. SHAPIRO
    Assistant Director, Federal Programs Branch

    _____/s/ Rupa Bhattacharyya_____
    RUPA BHATTACHARYYA (VA# 38877)
    Attorneys, Federal Programs Branch
    Civil Division, U. S. Department of Justice
    P.O. Box 883, 20 Massachusetts Ave., N.W.
    Washington, D.C.  20044
    Tel: (202) 514-3146
    Fax: (202) 318-7593
    Email: rupa.bhattacharyya@usdoj.gov

Dated: September 7, 2006.