IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 06-00096 (HHK) |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 06-00214 (HHK) |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

## REDACTED DECLARATION OF JAMES A. BAKER

I, James A. Baker, declare as follows:

1.      (U)  I am the Counsel for Intelligence Policy, Office of Intelligence Policy and Review ("OIPR" or "Office") of the United States Department of Justice ("DOJ" or "Department"). In this capacity, I supervise all operations within the Office, including Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, administration.  I am the final decision-making authority in OIPR regarding access requests made under FOIA.

1

2.      (U) I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties and on the advice of counsel.

3.      (U) OIPR provides legal advice to the Attorney General and the United States intelligence agencies regarding questions of law and procedure that relate to United States intelligence activities. OIPR performs review functions of certain intelligence activities, and prepares and presents applications for electronic surveillance, physical search, authorizing the installation and use of pen registers and trap and trace devices, and access to certain tangible things, to the United States Foreign Intelligence Surveillance Court ("FISC").

4.      (U) As the Department of Justice's Counsel for Intelligence Policy, I hold original classification authority at the TOP SECRET level by delegation from the Attorney General and therefore am authorized to make determinations regarding classification of national security information and to conduct classification reviews.

## (U) CLASSIFICATION OF DECLARATION

5.      **REDACTED**

6.      **REDACTED**

7.      **REDACTED**

8.      **REDACTED**

## (U) EPIC'S FOIA REQUEST AND OIPR'S SEARCH AND RESPONSE

9.      (U) By letter dated December 16, 2005, the Electronic Privacy Information Center ("EPIC") requested access under FOIA to certain records concerning the Terrorist Surveillance Program, a controlled access signals intelligence program authorized by the

President in the aftermath of the terrorist attacks of September 11, 2001. OIPR received EPIC's request on December 27, 2005.

10.    **(U)**  Upon receiving the EPIC FOIA request, OIPR initiated a search for potentially responsive documents. OIPR maintains three general categories of records: operational records relating to proceedings before the FISC under the Foreign Intelligence Surveillance Act ("FISA"), including applications for authority to conduct electronic surveillance, physical searches, other authorities under FISA as referenced above, and other operational matters; litigation records; and policy records including congressional inquiries and reports. In response to EPIC's request, a search was conducted of OIPR's litigation and policy records, as well as of the electronic communications and offices of those persons within OIPR (a limited number) who have been cleared for access to information concerning the TSP.

11.    **(U)**  On May 8, 2006, OIPR provided a response to EPIC's FOIA request. Ex. A. In that response, OIPR advised that it had located 136 documents that may be responsive to the request. Two documents, totaling 54 pages, were released to EPIC in their entirety. Fifteen documents were withheld in their entirety pursuant to FOIA provisions, 5 U.S.C. § 552(b)(1), (b)(3), (b)(5), (b)(6), (b)(7)(A), and (b)(7)(C). These provisions set forth exemptions from disclosure which protect: records that are currently and properly classified, 5 U.S.C. § 552(b)(1) ("Exemption One"); records that are protected from disclosure by some other statute, id. § 552(b)(3) ("Exemption Three"); records that pertain to certain inter- and intra-agency communications protected by the deliberative process, attorney-client, attorney work product, or presidential communications privileges, id. § 552(b)(5) ("Exemption Five"); and records where disclosure would cause an unwarranted invasion of personal privacy, id. §§ 552(b)(6) ("Exemption Six").

12.    **(U)**  OIPR's May 8, 2006, letter also advised EPIC that twenty-four documents required further consultation with other components and agencies holding equities in the documents, and that ninety-five documents were referred to other agencies and components for review.  Ex. A.[1]

13.    **(U)**  Finally, in its May 8, 2006, letter, OIPR also explained that OIPR's operational files were not searched because the existence or nonexistence of records in these files concerning the matters set forth in EPIC's request is properly classified, and, thus, OIPR could not confirm or deny the existence of records in those files without compromising the interests to be protected by FOIA Exemption One.  Ex. A.

## (U)  THE TERRORIST SURVEILLANCE PROGRAM

14.    **(U)**  The subject of EPIC's request, the Terrorist Surveillance Program ("TSP"), is an intelligence gathering program operated by the National Security Agency ("NSA") which involves the targeted interception of communications, in which one party is outside the United States, and where there are reasonable grounds to believe that at least one party to the communications is a member or agent of al Qaeda or an al Qaeda affiliated terrorist organization. Although the existence of the TSP has been acknowledged by the President, some details regarding the operation of the TSP remain highly classified, as their disclosure could be reasonably expected to cause exceptionally grave damage to the national security of the United States.

15.    **REDACTED**

## (U)  DOCUMENTS WITHHELD BY OIPR

16.    **(U)**  I provide this declaration to address OIPR's responses to EPIC's FOIA request for documents relating to the TSP and to provide the justifications for OIPR's determination that

---

[1]  (U) As described in paragraph 17, <u>infra</u>, ultimately, OIPR consulted on 34 records or categories of records and referred 85.

certain responsive documents must be withheld as exempt from disclosure under FOIA. In making

its withholding determinations, OIPR and those acting on its behalf have consulted with the National

Security Agency ("NSA"), the Office of the Director of National Intelligence ("ODNI"), and other

federal agencies and officials regarding the harm to national security that would result from

disclosure of the documents identified in this declaration. In particular, I have reviewed the

Declaration of John D. Negroponte, Director of National Intelligence ("DNI Decl."), provided in

support of withholdings in all TSP-related FOIA matters, and have relied upon his expert assessment

of the harm to the national intelligence program that would result from disclosure of documents

related to the TSP. I understand that a copy of DNI Negroponte's declaration is attached as an

exhibit to the Declaration of Steven G. Bradbury filed in this case.

17.    **(U)** In particular, this declaration addresses OIPR's justifications under FOIA

Exemptions One, Three, Five, and Six, for withholding the 15 documents identified in OIPR's May

18, 2006, letter as withheld in full, as well OIPR's subsequent determination to withhold 22 of the 24

documents identified therein as to which OIPR needed to complete consultations. Those

consultations have now been largely completed,[2] and, as a result, two of the 24 documents were

determined to be subject to disclosure in part and they were provided to plaintiff by letter dated

September 6, 2006, with redactions pursuant to FOIA Exemptions Five, Six and Seven. Ex. B; see

also ¶ 41, infra. This declaration also addresses ten documents originally referred to other entities

that were determined, after consultation, to contain substantial equities of OIPR. Also addressed in

this declaration are 14 documents referred to OIPR by the Department's Office of Legal Counsel

("OLC"), five documents referred to OIPR by the Office of the Deputy Attorney General

---

[2] (U) Two documents, OIPR 4 and OIPR 64 remain the subject of consultation and are not further
addressed herein.

("ODAG"), and one document referred to OIPR by the Federal Bureau of Investigation ("FBI").[3]
All of the documents addressed in this declaration are collectively referred to as documents withheld
by OIPR.

18.    (U)  For the convenience of the Court, a chart, attached as Ex. C, is provided which
lists the documents described in this declaration in numerical order and identifies the paragraphs of
this declaration in which the justification for their withholding is explained or indicates if the record
is one for which a different agency or component will respond.

19.    (U)  The vast majority of documents withheld by OIPR concern its dealings with the
Foreign Intelligence Surveillance Court ("FISC").  Judges on the FISC have been briefed on the
TSP, certain aspects of its operation, and some of its results.

20.    **REDACTED**

21.    (U)  The Foreign Intelligence Surveillance Act ("FISA") specifies that the record of
proceedings before the FISC "including applications made and orders granted, shall be maintained
under security measures established by the Chief Justice in consultation with the Attorney General
and the Director of Central Intelligence." 50 U.S.C. § 1803(c).  It further provides that persons
rendering assistance under the Act do so "in such a manner as will protect its secrecy." 50 U.S.C.
§ 1802(a)(3).  In enacting FISA, therefore, Congress recognized that proceedings before the FISC
were to be conducted in the strictest secrecy if the confidentiality of United States intelligence
sources and methods was to be maintained.

22.    **REDACTED**

---

[3] (U) The referring components determined these documents to be responsive to both the EPIC request and
to a separate request, dated December 20, 2005, by the American Civil Liberties Union ("ACLU"), which was
processed concurrently with EPIC's.  OIPR did not independently receive a request from the ACLU and did not
conduct a search with respect to that request; as a result, this Declaration does not address that request.  In addition,
as a matter of convenience and security, OIPR permits OLC to process classified information on OIPR computer
systems.  OIPR did not conduct a search of such OLC electronic records.

23.    (U)  Moreover, all of the documents identified in the preceding paragraph are drafts and thus are subject to the deliberative process and attorney work product privileges. To disclose these documents would substantially compromise the deliberative process by which attorneys prepare substantive papers for filing with the Court, as well as the process by which they seek review and comment by others with interest and expertise, by preventing the full and frank exchange of suggestions and opinions. Disclosure of drafts would also risk revealing mental impressions of attorneys and preliminary views about how to approach any particular litigation issue, and thus, would compromise attorney work product. These documents, accordingly, are properly exempt from disclosure under Exemption Five.

24.    **REDACTED**

25.    **REDACTED**

26.    **REDACTED**

27.    **REDACTED**

28.    **REDACTED**

29.    **REDACTED**

30.    **REDACTED**

31.    **REDACTED**

32.    (U)  OIPR also withheld OIPR 12 and OLC 128, which are several copies of a four-page memorandum authored by me that seeks legal advice from others at the Department. This memorandum cannot be disclosed without compromising my expectation of confidentiality in communications with attorneys who provide advice to me and to OIPR, and without compromising the full and frank exchange of information that is necessary to both the attorney-client relationship and the Government's deliberative process. Accordingly, this memorandum is properly withheld under Exemption Five.

33.    **REDACTED**

34.    (U)  OIPR also withheld certain draft documents that were provided to OIPR for review and comment and that reflect OIPR's suggestions and edits, as well as information provided to OIPR that informs its comments and edits.  Disclosure of these documents, OIPR 32, 34, 63, 72, and 73,  and OLC 138, totaling 207 pages, would interfere with the ordinary intra-Departmental process by which documents are reviewed and cleared by personnel with expertise in particular subject matters areas and would undermine the informal give-and-take necessary to final agency decision-making.  Moreover, where these documents contain information provided by client agencies, disclosure would also interfere with an attorney-client communication.  These documents, accordingly, are properly exempt from disclosure under FOIA Exemption Five.  OIPR 63, in particular, is a draft of the Attorney General's remarks to be delivered at Georgetown University Law Center, on which OIPR comments were sought.  I understand that a final version of the Attorney General's prepared remarks has been publicly released; the draft, however, which contains OIPR's internal suggestions and notes, must remain protected.

35.    **REDACTED**

36.    (U)  As described in OIPR's May 8, 2006, letter to EPIC, OIPR's operational files were excluded from the scope of the search conducted for responsive documents because OIPR can neither admit nor deny the existence of records pertaining to FISA activities without disclosing classified information.  In particular, OIPR cannot admit or deny the existence of records pertaining to EPIC's specific request for "communications concerning the use of information obtained through [the TSP] as the basis for DOJ surveillance applications to the FISC."  As a general matter, OIPR cannot confirm or deny whether any particular method of surveillance is used to support FISA applications without disclosing the use or exploitation of particular intelligence sources and

methods, which falls explicitly within the categories of properly classified information set forth in Executive Order 12958, as amended, § 1.4(c); see also DNI Decl. ¶ 35.

37.    **REDACTED**

38.    **REDACTED**

39.    **(U)** I am personally familiar with each of the documents described in this declaration which OIPR has determined must be withheld in full, and I have also relied on the advice of counsel with respect to the determinations set forth herein. Given the varying degrees of harm that would be reasonably expected to be done to national security if United States intelligence sources and methods are compromised as a result of the disclosure of any properly classified detail concerning the TSP without proper authorization, I have concluded that no portion of any of the documents withheld in full by OIPR which is responsive to the FOIA requests at issue in this litigation may be disclosed without compromising the exemptions discussed at length herein and the interests described in the Declaration of DNI Negroponte.

40.    **(U)** In addition to the substantive exemptions described above, some of the documents withheld by OIPR contain information that must be withheld to protect personal privacy. This information includes the names of third-party individuals (non-government employees) as well as government employees, and their personal information (such as addresses (including email addresses), home telephone numbers, or cellular phone numbers) that occasionally appear in the documents. There is no legitimate public interest in the release of this information, as its disclosure would shed no light on the activities of the Department of Justice but could subject these individuals to unwanted public attention, harassment, or embarrassment. Thus, information of this type that appears in these documents is withheld by OIPR under FOIA Exemption Six, 5 U.S.C. § 552(b)(6).

41.    **(U)** Two documents released by letter to EPIC dated September 6, 2006, were redacted pursuant to FOIA Exemptions Five, Six, and Seven. The first, OIPR 66, is a memorandum

from H. Marshall Jarrett, Counsel, Office of Professional Responsibility, dated January 12, 2006, which was redacted to eliminate the names and telephone numbers of Department staff involved in an investigation then being conducted by that office, see 5 U.S.C. §§ 552(b)(6),(b)(7)(C). As the memorandum was created in the course of an internal investigation and the disclosure of personal information relating to Department staff with a role in the investigation would shed no light on the inner workings of the Department, these redactions were proper under FOIA. Deliberative information relating to the process of the investigation was also redacted from this document under Exemption Five. Release of this information would injure the quality of agency decisions and impede the effectiveness of law enforcement investigations, and thus, such a redaction is proper. The second document, OIPR 67, a letter from Barry M. Sabin, Acting Deputy Assistant Attorney General, Criminal Division, dated January 9, 2006, was released in full with only the telephone number of a law enforcement officer redacted pursuant to Exemptions Six and Seven. The redaction of this personal information which sheds no light on the inner workings of the Department is also proper for the reasons given.

42.    (U)  Finally, OIPR maintains a collection, OIPR 56, which includes copies of the following responsive documents that I understand are duplicative of documents already identified and processed in response to EPIC's FOIA request by other components of the Department: OLC 16, 41, 51, 54, 56, 55, 57, 63, 64, 85, 113, 114, 126, 127, 128, 130, 131, 132, and 133; and ODAG 2, 5, 7, 38, and 51. OIPR did not process these documents. In addition, OIPR 56 contains documents that I understand others have determined are not within the scope of the EPIC request.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this $\underline{8^{TH}}$ day of September, 2006.

JAMES A. BAKER
Counsel for Intelligence Policy
Office of Intelligence and Policy Review





**U.S. Department of Justice**

Office of Intelligence Policy and Review

*Washington, D.C. 20530*

May 8, 2006

EXHIBIT A
Baker Decl.

Marcia Hofmann, Director
Open Government Project
EPIC, Suite 200
1718 Connecticut Avenue, NW
Washington, DC 20009

Re: FOIA/PA # 06-08

Dear Ms. Hofmann:

This response to your December 15, 2005 Freedom of Information Act (FOIA) request for access to "agency records from September 11, 2001 to the present concerning a presidential order or directive authorizing the National Security Agency, or any other component of the intelligence community, to conduct domestic surveillance without the prior authorization of the Foreign Intelligence Surveillance Court" and other enumerated items. You also requested expedited processing of your FOIA request and the Office of Public Affairs granted your request for expedited treatment. Accordingly, your request was reviewed ahead of others routinely processed on a first-in, first-out basis.

The Office of Intelligence Policy and Review (OIPR) provides legal advice to the Attorney General and the United States intelligence agencies regarding questions of law and policy that relate to United States intelligence activities; performs review functions of certain intelligence activities; and prepares and presents applications to the United States Foreign Intelligence Surveillance Court (FISC). OIPR maintains copies of all Foreign Intelligence Surveillance Act applications, as well as requests for approval of various foreign intelligence and counterintelligence collection activities within its operations files. We did not search these operations files because the existence or nonexistence of records in these files concerning the matters set forth in your request is properly classified under Executive Order 12958, as amended. Accordingly, we can neither confirm nor deny the existence of operational records responsive to your request pursuant to 5 U.S.C. § 552(b)(1).

We have conducted a search of our policy files as well as the electronic communications (e-mail) and office files of senior management and located 136 documents that may be responsive to your request. Two documents are being released to you in their entirety. Fifteen documents have been withheld in their entirety pursuant to Exemptions 1, 5, 6, 7(A) and 7(C) of the FOIA, 5 U.S.C. § 552 (b)(1), (b)(5), (b)(6), (b)(7)(A), and (b)(7)(C).

Exemption 1 pertains to national security information which is properly classified pursuant to Executive Order 12958, as amended. The information protected by this exemption is currently classified because its disclosure could reasonably be expected to cause damage to the national security. Exemption 5 pertains to certain inter- and intra-agency communications protected by the deliberative process and attorney-client privileges. Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties. Exemption 7(A) pertains to information compiled for law enforcement purposes the disclosure of which could reasonably be expected to interfere with enforcement proceedings. Exemption 7(C) pertains to records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. Since the release of this properly classified information would injure the quality of agency decisions and impede the effectiveness of law enforcement activities, none of the information being withheld is appropriate for discretionary disclosure.

Twenty-four (24) OIPR originated documents contain equities of other Department of Justice (DOJ) components. We are consulting with those components and will advise you as soon as the consults are complete. The remaining 95 documents originated with other government agencies and DOJ components. This material is being referred to those offices for review. Further, in connection with its review of responsive records, DOJ's Civil Division referred one document to this office for review and direct response to you (as referenced in its 4/13/06 correspondence to you). We have determined that the OIPR equities within this document are exempt from disclosure pursuant to the deliberative process privilege embodied in Exemption 5.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that you have the right to file an administrative appeal.

Sincerely,

James A. Baker
Counsel for Intelligence Policy

Enclosures (2)

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0218
DESTINATION TEL #     92024831248
DESTINATION ID
ST. TIME             05/08 04:47
TIME USE             00'31
PAGES SENT            3
RESULT               OK
```



**United States Department of Justice**
**Office of Intelligence Policy and Review**
**950 Pennsylvania Avenue, NW**
**Washington, D.C. 20530**
**Suite 6150**
**(202) 514-5600**

## FACSIMILE COVER SHEET

| Date: MAY -8 2006 | Number of Pages Including Cover Sheet  3 |
|---|---|
| | |

Transmitted To:

| Name: Marcia Hofmann |
|---|
| Organization: EPIC |
| Phone #: 202-483-1140                Fax #: 202-483-1248 |

Transmitted From:

| Name: Theresa Crosland |
|---|
| Organization: OIPR/DOJ |
| Phone #: 202-514-5600 |

Comments:

Original memo and attachments have been
mailed. If you have any questions, please

**U.S. Department of Justice**

Office of Intelligence Policy and Review

*Washington, D.C. 20530*

SEP  6  2006



EXHIBIT B
Baker Decl.

COPY

Marcia Hofmann, Director
Open Government Project
EPIC, Suite 200
1718 Connecticut Avenue, NW
Washington DC 20009

Re: FOIA/PA # 06-08

Dear Ms. Hofmann:

This is in further response to your December 15, 2005 Freedom of Information Act (FOIA) request for access to "agency records from September 11, 2001 to the present concerning a presidential order or directive authorizing the National Security Agency, or any other component of the intelligence community, to conduct domestic surveillance without the prior authorization of the Foreign Intelligence Surveillance Court" and other enumerated items.

We have completed consults with respect to two unclassified documents and determined that they can be released with redactions pursuant to Exemptions 5, 6, and 7(C) of the FOIA, 5 U.S.C. 552 (b)(5), (b)(6), and (b)(7)(C). Exemption 5 pertains to certain inter- and intra-agency communications protected by the deliberative process and attorney-client privileges. Since the release of this information would injure the quality of agency decisions and impede the effectiveness of law enforcement activities, none of the information being withheld is appropriate for discretionary disclosure. Exemptions 6 and 7(C) pertain to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. In this instance, the names and telephone numbers of Department of Justice staff have been withheld.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that you have the right to file an administrative appeal.

Sincerely,

*James A. Baker*

James A. Baker
Counsel for Intelligence Policy

Enclosures (2 )

EXHIBIT C
Baker Decl.

# INDEX OF RECORDS OR CATEGORIES OF RECORDS WITHHELD BY THE OFFICE OF INTELLIGENCE POLICY AND REVIEW ("OIPR")

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OIPR 1 | | | OLC | | |
| OIPR 2 | | | OLC | | |
| OIPR 3 | | | *INTENTIONALLY LEFT BLANK* | | |
| OIPR 4 | Letter | ¶ 17 n.2 | | | |
| OIPR 5 | Letter | ¶ 27 | | (b)(1) (b)(3) | SAME as ODAG 9 |
| OIPR 6 | Letter Notes | ¶ 27 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 7 | Notes | | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 8 | | | NSA | | |
| OIPR 9 | | | OLC | | |
| OIPR 10 | Notes | ¶¶ 30-31 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 11 | Notes | ¶¶ 30-31 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 12 | Memo | ¶¶ 32-33 | | (b)(1) (b)(3) (b)(5) | SAME as OLC 128 |
| OIPR 13 | | | OLC | | |
| OIPR 14 | Notes | ¶¶ 30-31 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 15 | Notes | ¶¶ 30-31 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 16 | | | NSA | | |

* Because certain documents implicate the equities of more than one component or agency, the withholding of certain documents may be discussed in more than one declaration.

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OIPR 17 | Notes | ¶¶ 30-31 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 18 | Memo | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 19 | Draft Talking Points | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 20 | Talking Points | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 21 | Draft Talking Points | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 22 | Notes | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 23 | Notes | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 24 | Draft Talking Points | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 25 | | | OLC | | |
| OIPR 26 | | | *INTENTIONALLY LEFT BLANK* | | |
| OIPR 27 | | | OLC | | |
| OIPR 28 | | | OLC | | |
| OIPR 29 | | | OLC | | |
| OIPR 30 | | | OLC | | |
| OIPR 31 | | | OLC | | |
| OIPR 32 | Draft Notes | ¶¶ 34-35 | OLC | (b)(1) (b)(3) (b)(5) | |
| OIPR 33 | | | OLC | | |
| OIPR 34 | Draft Notes | ¶¶ 34-35 | OLC | (b)(1) (b)(3) (b)(5) | |
| OIPR 35 | | | OLC | | |
| OIPR 36 | | | OLC | | |

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OIPR 37 | | | OLC | | |
| OIPR 38 | | | OLC | | |
| OIPR 39 | | *INTENTIONALLY LEFT BLANK* | | | |
| OIPR 40 | Notes | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 41 | | | OLC | | |
| OIPR 42 | | | FBI | | |
| OIPR 43 | | | OLC | | |
| OIPR 44 | | | OLC | | |
| OIPR 45 | | | OLC | | |
| OIPR 46 | | | OLC | | |
| OIPR 47 | | | OLC | | |
| OIPR 48 | | | ODAG | | |
| OIPR 49 | | | OLC | | |
| OIPR 50 | | | OLC | | |
| OIPR 51 | | | OLC | | |
| OIPR 52 | | | OLC | | |
| OIPR 53 | | | ODAG | | |
| OIPR 54 | | | ODAG | | |
| OIPR 55 | | | OLC | | |
| OIPR 56 | Collection | ¶ 42 | | | Contains OLC 113, OLC 51, OLC 85, OLC 54, OLC 41, OLC 55, OLC 57, OLC 114, OLC 63, OLC 64, ODAG 41, OLC 126, OLC 127, OLC 128, OLC 56, OLC 16 (ODAG 38); OLC 130 (ODAG 7); OLC 131 (ODAG 2); OLC 132 (ODAG 5); OLC 133 (ODAG 51) |
| OIPR 57 | | | NSA | | |
| OIPR 58 | Letter Notes | ¶ 27 | | (b)(1) (b)(3) (b)(5) | |

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OIPR 59 | Letter Notes | ¶ 27 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 60 | | | OLC | | |
| OIPR 61 | RELEASED | | | NOT EXEMPT | |
| OIPR 62 | RELEASED | | | NOT EXEMPT | |
| OIPR 63 | Draft Notes | ¶¶ 34-35 | | (b)(5) (b)(6) | |
| OIPR 64 | Letter | ¶ 17 n.2 | | | |
| OIPR 65 | Draft Talking Points | ¶¶ 25-26 | FBI | (b)(1) (b)(3) (b)(5) | |
| OIPR 66 | RELEASED, with redaction | ¶ 41 | CRIMINAL | (b)(6) (b)(7)(C) | |
| OIPR 67 | RELEASED, with redaction | ¶ 41 | OPR | (b)(6) (b)(7)(C) | |
| OIPR 68 | Notes | ¶¶ 25-26 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 69 | Draft | ¶ 27 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 70 | | | NSA | | |
| OIPR 71 | | | OLC | | |
| OIPR 72 | Draft | ¶¶ 34-35 | | (b)(5) | |
| OIPR 73 | Talking Points | ¶¶ 34-35 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 74 | Notes | ¶¶ 30-31 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 75 | | | OLC | | |
| OIPR 76 | | | NSA | | |
| OIPR 77 | Letter | ¶ 27 | | (b)(1) (b)(3) | |
| OIPR 78 | Letter | ¶ 27 | | (b)(1) (b)(3) (b)(6) | |
| OIPR 79 | Letter | ¶ 27 | | (b)(1) (b)(3) | |
| OIPR 80 | | | ODAG | | |

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OIPR 81 | | | ODAG | | |
| OIPR 82 | | | OLC | | |
| OIPR 83 | | | FBI | | |
| OIPR 84 | | | *INTENTIONALLY LEFT BLANK* | | |
| OIPR 85 | | | OLC | | |
| OIPR 86 | | | OLC | | |
| OIPR 87 | | | OLC | | |
| OIPR 88 | | | OLC | | |
| OIPR 89 | | | OLC | | |
| OIPR 90 | | | OLC | | |
| OIPR 91 | | | OLC | | |
| OIPR 92 | | | OLC | | |
| OIPR 93 | | | OLC | | |
| OIPR 94 | | | OLC | | |
| OIPR 95 | | | OLC | | |
| OIPR 96 | | | *INTENTIONALLY LEFT BLANK* | | |
| OIPR 97 | | | OLC | | |
| OIPR 98 | | | OLC | | |
| OIPR 99 | | | OLC | | |
| OIPR 100 | | | OLC | | |
| OIPR 101 | | | OLC | | |
| OIPR 102 | | | OLC | | |
| OIPR 103 | | | OLC | | |
| OIPR 104 | | | OLC | | |
| OIPR 105 | | | OLC | | |
| OIPR 106 | | | OLC | | |
| OIPR 107 | Calendar Entry | ¶¶ 30-31 | | (b)(5) | |
| OIPR 108 | Calendar Entry | ¶¶ 30-31 | | (b)(5) | |
| OIPR 109 | Calendar Entry | ¶¶ 30-31 | | (b)(5) | |
| OIPR 110 | Calendar Entry | ¶¶ 30-31 | | (b)(5) | |
| OIPR 111 | Calendar Entry | ¶¶ 30-31 | | (b)(5) | |
| OIPR 112 | Calendar Entry | ¶¶ 30-31 | | (b)(5) | |
| OIPR 113 | | | OLC | | |
| OIPR 114 | | | FBI | | |
| OIPR 115 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 116 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OIPR 117 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 118 | Client Communication | ¶¶ 28-29 | NSA, OLC | (b)(1) (b)(3) (b)(5) (b)(6) | SAME as OLC 94 |
| OIPR 119 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 120 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 121 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 122 | Internal email | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 123 | Internal email | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 124 | Internal email | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 125 | Internal email Draft | ¶ 27 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 126 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 127 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OIPR 128 | Client Communication | ¶¶ 28-29 | NSA | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OIPR 129 | | | OLC | | |
| OIPR 130 | Draft | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 131 | Memo | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 132 | Memo | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 133 | Memo | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 134 | Draft | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 135 | Draft | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 136 | Draft | ¶ 27 | | (b)(1) (b)(3) (b)(5) | |
| OIPR 137 | | | OLC | | |
| OIPR 138 | | | OLC | | |
| OIPR 139 | | | OLC | | |
| OIPR 140 | | | OLC | | |
| OIPR 141 | | | OLC | | |
| OIPR 142 | | | OLC | | |
| **DOCUMENTS REFERRED BY OLC** | | | | | |
| OLC 1 | Draft | ¶¶ 22-23 | | (b)(1) (b)(3) (b)(5) | |
| OLC 2 | Draft | ¶¶ 22-23 | | (b)(1) (b)(3) (b)(5) | |

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| OLC 3 | Draft | ¶¶ 22-23 | | (b)(1) (b)(3) (b)(5) | |
| OLC 12 | Order | ¶ 24 | | (b)(1) (b)(3) | SAME as ODAG 32 |
| OLC 13 | Order | ¶ 24 | | (b)(1) (b)(3) | SAME as ODAG 29 |
| OLC 14 | Client Communication Draft | ¶ 27 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| OLC 20 | Draft | ¶ 27 | | (b)(1) (b)(3) (b)(5) | |
| OLC 21 | Letter | ¶ 27 | | (b)(1) (b)(3) | SAME as OIPR 79 |
| OLC 91 | Letter | ¶ 17 n.2 | | | SAME as OIPR 4 |
| OLC 92 | Draft | ¶¶ 22-23 | | (b)(1) (b)(3) (b)(5) | |
| OLC 94 | Client Communication | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) (b)(6) | SAME as OIPR 118 |
| OLC 110 | Draft Notes | ¶¶ 22-23 | | (b)(1) (b)(3) (b)(5) | |
| OLC 128 | Memo | ¶¶ 32-33 | | (b)(1) (b)(3) (b)(5) | SAME AS OIPR 12 |
| OLC 138 | Client Communication | ¶¶ 34-35 | | (b)(1) (b)(3) (b)(5) (b)(6) | |
| **DOCUMENTS REFERRED BY ODAG** | | | | | |
| ODAG 9 | Letter | ¶ 27 | | (b)(1) (b)(3) | SAME as OIPR 5 |
| ODAG 28 | Draft | ¶ 27 | | (b)(1) (b)(3) (b)(5) | SAME as OLC 1  Also referred to OLC |

| NO. | DOCUMENT TYPE | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF JAMES A. BAKER | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | APPLICABLE EXEMPTION(S) | DUPLICATE DOCUMENT |
|---|---|---|---|---|---|
| ODAG 29 | Order | ¶ 24 | | (b)(1) (b)(3) | SAME as OLC 13 |
| ODAG 30 | Draft | ¶ 27 | | (b)(1) (b)(3) (b)(5) | SAME as OLC 1 Also referred to OLC |
| ODAG 32 | Order | ¶ 24 | | (b)(1) (b)(3) | SAME as OLC 12 |
| **DOCUMENTS REFERRED BY FBI** | | | | | |
| FBI 14 | Memo | ¶¶ 28-29 | | (b)(1) (b)(3) (b)(5) | |