UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, <br><br>         Plaintiff, <br><br>     v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br>         Defendant. | No. 06-ca-0096 (HHK) |
| AMERICAN CIVIL LIBERTIES UNION, *et al.,* <br><br>         Plaintiffs, <br><br>     v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br>         Defendant. | No. 06-ca-0214 (HHK) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

On July 11, 2007, defendant filed a Second Notice of Supplemental Authority [Dkt. 45 in 06-cv-0096] advising the Court of a recent decision and order issued in *New York Times Company v. Department of Defense*, 2007 WL 1946574 (No. 06-cv-1553 (RMB) (S.D.N.Y. June 28, 2007)).  Defendant seeks to use that case as supporting authority and

states that some of the documents withheld in that case are also responsive to plaintiffs'

FOIA requests in this case.

Contrary to defendant's argument, the decision in *New York Times Co*. supports

plaintiffs' request for *in camera* review here. Judge Berman found many of the defendant's

declarations in *New York Times Co*. – declarations that are similar to the ones before this

Court – inadequate. *New York Times Co.*, slip op. at 4-5. In fact, even after reading the

redacted portions of the declarations submitted by the defendant, Judge Berman was

unsatisfied and ordered defendant to provide additional descriptions and explanations for the

withholdings. *Id*. at 5. Judge Berman chose to order the filing of a more adequate *Vaughn*

index. This Court has the option of doing the same or of conducting *in camera* review of the

withheld records. *See Krikorian v*. *Dep't of State*, 984 F.2d 461, 467 (D.C. Cir. 1993) ("[w]e

therefore leave it to the district court to determine on remand whether more detailed

affidavits are appropriate or whether an alternative such as *in camera* review would better

strike the balance between protecting sensitive foreign relations information and disclosing

non-exempt information as required by the FOIA").

This Court should require *in camera* review. The serious issues of unlawful

government conduct that have permeated the NSA warrantless wiretapping program cannot

be addressed simply through a more thorough *Vaughn* index. And the Sixth Circuit's recent

dismissal of a challenge to the lawfulness of the NSA warrantless wiretapping program on

the ground that no one has standing to bring such a claim because the NSA has not disclosed

who has been subject to warrantless wiretapping, *American Civil Liberties Union v*. *NSA*,

2007 WL 1952370 (Nos. 06-2095/2140 (6th Cir. July 6, 2007)), shows that *in camera* review

of the withheld records by this Court may be the only way in which the American people will

ab able to learn about the apparently illegal conduct that "their government is up to."

*Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773

(1989).[1]

For these reasons, as well as those stated in plaintiffs' earlier filings, the Court should

grant plaintiffs' motion for an *in camera* review of the withheld records, and after that review

should order the defendant to release those records that are being unlawfully withheld.

Respectfully submitted,

/s/ *Arthur B. Spitzer*
_____

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
   of the National Capital Area
1400  20th Street, N.W. #119
Washington, D.C. 20036
Phone:  (202) 457-0800
Fax: (202) 452-1868

Jameel Jaffer
Nasrina Bargzie
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
Phone: (212) 519-7814
Fax: (212) 549-2651

---

[1]  Another reason supporting *in camera* review is that the decision in *New York Times Co.* confirms that the government is applying FOIA exemptions inconsistently to the records at issue in these cases.  Plaintiffs have already pointed out, in their motion opposing summary judgment, that the government's inconsistent application of FOIA exemptions suggests that its withholdings are unjustified.  *See* Pl. Opp. 22-23.  The government's Second Notice of Supplemental Authority indicates that the Bates-stamp numbers of the withheld documents in the New York Times case are the same as in the instant case.  By comparing the FOIA exemptions asserted for the same documents in the instant case and in *New York Times*, plaintiffs have found that at least as to one document (ODAG 50) the government  has asserted differing grounds for exemption.  In the instant case that document has been withheld under Exemptions (b)(1), (b)(3) and (b)(5), Gov. SJ Attachment A, while in *New York Times Co.*, that document was withheld only under Exemption (b)(5).  *New York Times Co.*, slip op. at 19.  These inconsistent assertions confirm that a *Vaughn* index alone is inadequate and that *in camera* review is necessary.

/s/ *Meredith Fuchs*

_____
Meredith Fuchs (D.C. Bar No. 450325)
The National Security Archive Fund, Inc.
The George Washington University
Gelman Library, Suite 701
2130 H Street, N.W.
Washington, D.C. 20037

/s/ *Marc Rotenberg*

_____
Marc Rotenberg (D.C. Bar No. 422825)
Electronic Privacy Information Center
1718 Connecticut Avenue, NW
Suite 200
Washington, DC 20009-1148
Phone: (202) 483-1209
Fax: (202) 483-1278

Counsel for Plaintiffs

July 16, 2007