IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 06-00096 (HHK) |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 06-00214 (HHK) |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |

**SECOND REDACTED DECLARATION OF STEVEN G. BRADBURY**

I, Steven G. Bradbury, declare as follows:

1.      **(U)** I am the Principal Deputy Assistant Attorney General for the Office of Legal Counsel ("OLC" or the "Office") of the United States Department of Justice (the "Department").  No one currently serves as the Assistant Attorney General for OLC. Consequently, in my capacity as Principal Deputy Assistant Attorney General for the Office, I am the head of OLC and supervise all OLC activities, including its responses to requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      **(U)** I provide this declaration in response to the Court's Memorandum Opinion and Order of September 5, 2007 ("Mem. Op."), requesting further information concerning the Department's determination to withhold certain documents in response to

FOIA requests made by the Electronic Privacy Information Center ("EPIC"), the American

Civil Liberties Union ("ACLU"), and the National Security Archive Fund ("NSAF"). Those

FOIA requests sought information from OLC and other Department components regarding

the Terrorist Surveillance Program ("TSP"), a classified foreign intelligence collection

activity authorized by the President after the attacks of September 11, 2001.

3.     **(U)** This declaration is based on my personal knowledge, information, and

belief, and on information disclosed to me in my capacity as Principal Deputy Assistant

Attorney General for OLC. This declaration also supplements, incorporates, and relies upon

the In Camera, Ex Parte Declaration of Steven G. Bradbury, dated September 15, 2006 (cited

herein as "Bradbury Decl."), and also relies upon an exhibit to that Declaration, the In

Camera, Ex Parte Declaration of John D. Negroponte, the former Director of National

Intelligence, dated September 7, 2006 (cited herein as "DNI Decl.").[1]

4.     **(U)** For the convenience of the Court, Exhibit A to this declaration is an

updated version of the chart provided as Exhibit K to my original declaration, which lists

each of the records or categories of records withheld by OLC in this litigation. The updated

chart identifies, as to each record or category of record, whether summary judgment has been

granted by the Court's earlier order or whether the record is addressed in this supplemental

submission, and if so, provides the paragraph numbers of this declaration where the record is

discussed. In addition, in connection with the Notice of Supplemental Authority that I

understand has been filed in this case advising the Court of developments in litigation in the

United States District Court for the Southern District of New York – where certain

documents processed by OLC in response to a similar FOIA request seeking information

---

[1] **(U)** In February 2007, J. Michael McConnell replaced Ambassador Negroponte as the Director of National Intelligence.

about the TSP have been at issue, and where I have also submitted a declaration – the chart attached hereto as Exhibit A also identifies those documents as to which summary judgment is still pending in the litigation before this Court but as to which OLC's determinations to withhold have been upheld by the Court in The New York Times Company v. U.S. Dept. of Defense and U.S. Dept. of Justice, Civil Action No. 06-1553 (S.D.N.Y.) (Berman, J.).

## (U)  CLASSIFICATION OF DECLARATION

5.      **REDACTED**

6.      **REDACTED**

7.      **REDACTED**

8.      **REDACTED**

9.      **REDACTED**

## (U)  PLAINTIFFS' FOIA REQUESTS AND THE TERRORIST SURVEILLANCE PROGRAM

10.      **(U)**  Each of plaintiffs' FOIA requests seeks information regarding the Terrorist Surveillance Program ("TSP"), a highly classified signals intelligence activity authorized by the President after the terrorist attacks on the United States of September 11, 2001.  Under the TSP, the National Security Agency ("NSA") was authorized to intercept the contents of international communications for which there were reasonable grounds to believe that one party was located outside the United States and that at least one party to the communication was a member or agent of al Qaeda or an affiliated terrorist organization. See Bradbury Decl. ¶ 19.

11.      **(U)**  The President publicly acknowledged the existence of the TSP on December 17, 2005.  See Bradbury Decl. ¶ 20.  On January 17, 2007, after my original declaration in this case was executed, the Attorney General announced that any electronic

surveillance that was occurring under the TSP would now be conducted subject to the approval of the Foreign Intelligence Surveillance Court ("FISC"). <u>See</u> Ex. B hereto. On August 5, 2007, Congress enacted the Protect America Act of 2007, Pub. L. No. 110-55, which exempted the acquisition of certain foreign intelligence information from the definition of "electronic surveillance" subject to the procedures of the Foreign Intelligence Surveillance Act ("FISA"). Under these circumstances, the President has not renewed his authorization of the TSP.

12. **(U)** Although the existence of the TSP is now publicly acknowledged, and some general facts about the TSP have been officially disclosed, the President has made clear that sensitive information about the nature, scope, operation, and effectiveness of the TSP and other communications intelligence activities remains classified and cannot be disclosed without causing exceptionally grave harm to U.S. national security. The declaration of the former Director of National Intelligence, provided in this litigation, sets forth the categories of information related to the TSP that cannot be disclosed without causing such harms, and describes these harms in detail. <u>See</u> DNI Decl. ¶¶ 22, 26-35.

13. **REDACTED**

14. **REDACTED**

15. **REDACTED**

16. **REDACTED**

**(A.)**

17. **REDACTED**

18. **REDACTED**

**(B.)**

19. **REDACTED**

20.  **REDACTED**

21.  **REDACTED**

22.  **REDACTED**

**(C.)**

23.  **REDACTED**

24.  **REDACTED**

**(U)  FURTHER EXPLANATION OF WITHHOLDINGS**

**(U) A.  Records or Categories of Records Relating to the
President's Authorization of the TSP.**

25.  **(U)**  Within this category, the Court has sought further justification concerning the proper withholding of the following documents:  OLC 51, 63, 64, 114, and 115; ODAG 3 and 40; OIPR 138, 139, and 140; and FBI 4, 5, and 7, which are internal memoranda reflecting the views of Department officials regarding the President's reauthorization of the TSP and related matters.  These documents reflect internal deliberations regarding the reauthorization process as well as the confidential advice of attorneys in the course of formulating recommendations to the President regarding these matters.

OLC 51

26.  **(U)**  OLC 51 is a one-page memorandum, dated August 9, 2004, from the Acting Assistant Attorney General for OLC to the Deputy Attorney General entitled "Proposed Memorandum," which contains OLC's advice concerning a decision to be made by the Deputy Attorney General regarding an intelligence collection activity.

27.  **REDACTED**

*Applicability of Exemption Five*

28.    **(U)**  In any event, disclosure of OLC 51 would interfere with the attorney-client relationship between OLC and the leadership of the Department, which relies upon OLC for its legal advice with respect to a broad range of issues.  Disclosure of communications of this nature would substantially harm the relationships intended to be protected by this privilege by compromising OLC's ability to provide legal advice and to do so in writing.  Thus, OLC 51 is properly withheld under FOIA's Exemption Five.

<u>OLC 63, OLC 64, OLC 114, OIPR 139, and OIPR 140</u>

29.    **(U)**  OLC 63 is a two-page memorandum (and related electronic file) dated March 16, 2004, from the Acting Attorney General to the Counsel to the President, copied to the President's Chief of Staff, containing legal recommendations regarding classified foreign intelligence activities.  OLC 63 is withheld under FOIA Exemptions One, Three, and Five.

30.    **(U)**  OLC 64 consists of four copies of a three-page memorandum dated March 15, 2004, for the Deputy Attorney General from the Assistant Attorney General for OLC, plus an electronic file, which outlines preliminary OLC views with respect to certain legal issues concerning classified foreign intelligence activities.  The memorandum specifically notes that OLC's views have "not yet reached final conclusions" and that OLC is "not yet prepared to issue a final opinion."  OLC 64 is withheld under FOIA Exemptions One, Three, and Five.

31.    **(U)**  OLC 114 consists of two copies of a three-page memorandum dated March 22, 2004, to the Deputy Attorney General from the Assistant Attorney General for OLC, which confirms oral advice provided by OLC on a particular matter concerning classified foreign intelligence activities.  OLC 114 is withheld under FOIA Exemptions One, Three, and Five.

32.    **(U)**  OIPR 139 is a one-page memorandum dated March 12, 2004, to the Deputy Attorney General from the Assistant Attorney General for OLC, which provides legal advice concerning certain decisions relating to classified foreign intelligence activities. OIPR 139 is withheld under FOIA Exemptions One, Three, and Five.

33.    **(U)**  OIPR 140 is a one-page letter dated March 11, 2004, from the Assistant Attorney General for OLC, to the White House Counsel seeking clarification regarding advice that OLC had been requested to provide concerning classified foreign intelligence activities.  OIPR 140 is withheld under FOIA Exemptions One, Three, and Five.

*Applicability of Exemptions One and Three.*

34.    **REDACTED**

35.    **REDACTED**

*Applicability of Exemption Five.*

36.    **(U)**  Disclosure of each of these documents would interfere with privileged attorney-client relationships.  Specifically, disclosure of OLC 64, OLC 114, and OIPR 139, which contain recommendations and legal advice from OLC to the Deputy Attorney General, would interfere with the attorney-client relationship between OLC and Department leadership who rely upon OLC for its legal advice with respect to a broad range of issues. Disclosure of communications of this nature would substantially harm the relationships intended to be protected by the attorney-client privilege by compromising OLC's ability to provide legal advice and to do so in writing.  Thus, OLC 64, OLC 114, and OIPR 139 are properly withheld under FOIA's Exemption Five.

37.    **(U)**  Similarly, disclosure of OLC 63, which contains recommendations and legal advice from the Department to the President and his advisors, would interfere with the attorney-client relationship between the Department of Justice and White House officials,

who rely upon the Department for its legal advice with respect to a broad range of issues. Disclosure of communications of this nature would substantially harm the relationships intended to be protected by the attorney-client privilege by compromising the Department's ability to provide candid legal advice and to do so in writing. Thus, OLC 63 is also properly withheld under Exemption Five.

38.    **(U)** OIPR 140 is similarly exempt from disclosure in that it is a protected attorney-client communication between OLC and the White House seeking clarification regarding a question put to OLC with respect to a particular request for legal advice that was then pending in OLC. Disclosure of this sort of document would demonstrate the nature of the advice sought from OLC, and the nature of the clarification request that OLC then made of the White House, each of which are confidential communications that are protected by the attorney-client privilege. OIPR 140, accordingly, is properly withheld in its entirety under FOIA Exemption Five.

39.    **(U)** In addition, all of these documents (and particularly OLC 64, which notes, on its face, that OLC's views have "not yet reached final conclusions" and that OLC is "not yet prepared to issue a final opinion") were part of an ongoing decisionmaking process, whereby certain advice and recommendations were provided by OLC and the Department in the course of decisions by the President concerning the continued authorization of particular foreign intelligence activities. Disclosure of predecisional, deliberative documents that were part of ongoing decionmaking would seriously undermine the process by which the Government makes decisions by discouraging the frank exchange of ideas critical to effective decisionmaking. Thus, OLC 63, OLC 64, OLC 114, OIPR 130, and OIPR 140 are also properly withheld under the deliberative process privilege component of Exemption Five.

<u>OLC 115</u>

40.     **(U)**  OLC 115 is a two-page memorandum for the Attorney General from a Deputy Assistant Attorney General, OLC, dated January 9, 2002, which relates to the Attorney General's review of the legality of the President's order authorizing the TSP in the course of considering that program's reauthorization, which was done approximately every 45 days.  <u>See</u> Bradbury Decl. ¶ 30.  OLC 115 is withheld under FOIA Exemptions One, Three, and Five.

**(U)** *Applicability of Exemptions One & Three.*

41.     **REDACTED**

**(U)** *Applicability of Exemption Five.*

42.     **(U)**  In addition, as discussed in my earlier declaration, OLC 115 reflects internal deliberations regarding the process by which the TSP was authorized.  <u>See</u> Bradbury Decl. ¶ 40.  This document contains a recommendation from OLC to the Attorney General concerning his review of the legality of the TSP in the course of its periodic reauthorization. To disclose such deliberative recommendations from OLC to the Attorney General would compromise the process by which the Attorney General receives advice from OLC attorneys, <u>see id.</u> ¶ 5, and would disclose the factors and recommendations presented to the Attorney General for his consideration when making certain decisions concerning the TSP.  Both the deliberative process privilege and the attorney-client privilege are intended to protect against compromising the confidentiality of these types of communications, and, accordingly, OLC 115 is also properly withheld under Exemption Five.

<u>ODAG 3</u>

43.     **(U)**  ODAG 3 is a duplicate of OLC 115 and is withheld for the reasons explained in paragraphs 40-42, <u>supra</u>.

<u>ODAG 40</u>

44.    **(U)**  ODAG 40 is a one-page undated document (plus an electronic file) which contains the personal notes of a former Department attorney concerning matters relating to classified foreign intelligence activities.  This document is withheld under FOIA Exemptions One, Three, and Five.

**(U)** *Applicability of Exemptions One & Three.*

45.    **REDACTED**

**(U)** *Applicability of Exemption Five.*

46.    **(U)**  As described in my prior declaration, ODAG 40 reflects internal deliberations regarding the process of reauthorizing the TSP, as well as the confidential advice of attorneys in the course of formulating recommendations to the President regarding classified communications intelligence activities.  <u>See</u> Bradbury Decl. ¶ 39.  The substance of the communications contained in these notes is protected under a variety of privileges.  For example, the notes reflect communications between OLC and a senior adviser to the President related to presidential decisionmaking concerning intelligence collection activities, and thus, are protected by the presidential communications privilege.  The notes also reflect the substance of communications related to advice from OLC to the NSA that is protected by the attorney-client privilege, as well as internal Executive Branch deliberations within the Department, and involving other agencies, that are protected by the deliberative process privilege.  Disclosure of communications of this nature would substantially harm the relationships and confidentiality concerns intended to be protected by these privileges, and, thus, ODAG 40 is properly withheld under FOIA's Exemption Five.

47.    **REDACTED**

<u>OIPR 138</u>

48.    **(U)**  In reviewing OIPR 138 for purposes of preparing this declaration, I have observed that the document is subject to an express reservation of control by the White House.  As with OLC 56, 57, and 58, which OLC previously determined did not constitute agency records as that term is defined in FOIA, <u>see</u> Bradbury Decl. ¶ 77, OLC has no authority to distribute this record or to dispose of it.  OIPR 138, accordingly, is not an "agency record," as that term is defined in FOIA, and should not have been processed by OLC in response to the three FOIA requests at issue in this litigation.  Because plaintiffs do not challenge OLC's determinations with respect to records that are not Department of Justice records, this record is not further discussed herein.

<u>FBI 4</u>

49.    **(U)**  FBI 4 is a duplicate of OLC 63 and is withheld for the reasons explained in paragraphs 29, 34-35, 37, 39, <u>supra</u>.

<u>FBI 5</u>

50.    **(U)**  FBI 5 is a duplicate of OLC 64 and is withheld for the reasons explained in paragraphs 30, 34-36, 39, <u>supra</u>.

<u>FBI 7</u>

51.    **(U)**  FBI 7 is a one-page memorandum, dated October 20, 2001, from the Attorney General to the Director of the FBI, advising the Director that certain intelligence collection activities are legal and have been appropriately authorized.  The memorandum is classified TOP SECRET and is withheld under FOIA Exemptions One and Three.

52.    **REDACTED**

REMAINING DOCUMENTS IN CATEGORY A

53.    **(U)**  The Court has upheld OLC's withholding of the remaining records

contained within this category, identified and described in my previous declaration at

paragraphs 32-38:  OLC 34, 67, 74, 78, 93, and 101; ODAG 10, 17, 18, 19, 48, and 65; and

OIPR 141.  See Mem. Op. at 14.

### B.  REDACTED

54.    **(U)**  The documents withheld by OLC in Category B related to certain

arrangements and activities necessary to the operation of the foreign intelligence activities

authorized by the President.  Further information about this category of documents cannot be

provided without disclosing classified information.

55.    **REDACTED**

56.    **(U)**  The Court has upheld OLC's withholding of all the records contained

within this category, identified and described in my previous declaration at paragraphs 42-47:

OLC 35, 36, 37, 75 and 207, and ODAG 12.

### C.  (U) Records or Categories of Records Relating to Targets of the TSP.

57.    **(U)**  Within this category, the Court has sought further justification regarding

the proper withholding of the following documents:  OLC 76, 107, 139, 144, 145, and 200,

ODAG 15, 16, 23 and 24, and OIPR 9.

OLC 76 and ODAG 24

58.    **(U)**  As described in my earlier declaration, see Bradbury Decl. ¶ 48, OLC has

been part of an extensive interagency process designed to identify organizations affiliated

with al Qaeda for purposes of the surveillance authorized under the TSP and to develop the

criteria to be applied when identifying potential targets.  OLC thus withheld records or

categories of records relating to the criteria used for targeting and the appropriateness of targeting certain groups or individuals under the TSP.

59.     **(U)**  These interagency discussions were intended to ensure that the TSP operated in a manner consistent with the President's authorizations and were part of the Department's review of the President's authorizations for form and legality.  In addition, much of this interagency discussion occurred in the course of the Department's extended effort to devise an application for the FISC that would, if granted, allow activities authorized by the President under the TSP to be placed under FISC authorization.  This extended effort required consultation among a variety of intelligence agencies and components to ensure that the application made to the FISC sought authorization for a surveillance effort that was appropriately targeted to ensure that useful information could be obtained through intelligence collection efforts and in compliance with applicable legal requirements.

60.     **(U)** OLC 76 and ODAG 24 are categories of records that reflect this interagency discussion.  The documents are identified in a log attached hereto as Exhibit C. As that log demonstrates, the documents withheld by OLC in this category of records fall into three overlapping categories:  interagency communications, much of it preliminary, concerning consideration of international terrorist groups potentially affiliated with al Qaeda; OLC drafts and notes concerning the same, often identifying questions requiring interagency resolution; and intelligence information and analysis concerning terrorist groups considered relevant to such consideration.  All of these documents are properly withheld under FOIA Exemptions One, Three, and Five.

***Applicability of Exemptions One and Three.***

61.     **(U)**  As described in my prior declaration, the United States cannot confirm or deny the identities of any target of foreign surveillance without fundamentally compromising

the intelligence sources and methods as well as intelligence information that might be collected from that source. See Bradbury Decl. ¶ 50; DNI Decl. ¶ 35. To disclose any of the discussion contained in these documents, preliminary or otherwise, concerning consideration of international terrorist groups potentially affiliated with al Qaeda, and whose members or agents, accordingly, might be targeted for collection under the TSP, would identify the priorities of United States intelligence collection activities, and put persons affiliated with these groups on notice that their communications may be compromised, inevitably resulting in the loss of intelligence information. See Bradbury Decl. ¶¶ 51-52; DNI Decl. ¶ 35.

62.    **REDACTED**

*Applicability of Exemption Five*

63.    **(U)** As described in my earlier declaration, all of the documents identified in this section were created or collected as part of an ongoing interagency deliberative process concerning consideration of groups potentially affiliated with al Qaeda. Moreover, although factual information is ordinarily not subject to deliberative process protection, in this case the selection of the specific facts considered by the Department and other agencies involved in this process would reveal the nature of the process and the specific information recommended to be considered when identifying groups potentially affiliated with al Qaeda. Disclosure of these records or categories of records would compromise the interagency deliberative process and deter the full exchange of ideas and information intended to assist in that process, to the detriment of informed government decisionmaking. Such documents are protected by the deliberative process privilege, and thus are properly withheld under FOIA's Exemption Five.

64.    **(U)** Furthermore, many of the documents withheld in this category constitute attorney-client communications between OLC and other Department attorneys, and the other

agencies, particularly in the Intelligence Community, to which we provide legal advice. To disclose these communications would hamper that relationship and make it difficult for the Department to request and for the client agencies to provide factual information and opinions critical to producing well-informed legal opinions from the Department that can support effective decisionmaking at the agency level. Documents reflecting these attorney-client communications, accordingly, are properly withheld under FOIA's Exemption Five.

65.    **(U)**  In addition, deliberations concerning the nature and scope of an application for a FISC order relating to interception of the content of one-end foreign communications were ongoing at the time the plaintiffs' FOIA requests were processed in the spring of 2006. Because these deliberations occurred in the context of preparing for a court filing, and involved views submitted at the request of the OLC attorneys that were preparing the filing, all of these documents are protected by the attorney work product doctrine, and, thus, are properly withheld in their entirety.

<u>OLC 107</u>

66.    **(U)**  OLC 107 consists of four copies of a two-page document that addresses generally standards for considering whether international terrorist groups would be considered to be potentially affiliated with al Qaeda. This document is identified on its face as "preliminary" and thus constitutes a draft. It is my understanding that plaintiffs do not contest OLC's determination to withhold drafts, and thus OLC 107 is not discussed further herein.[2]

---

[2]    **(U)** All of the draft documents withheld by OLC are withheld under Exemption Five, but most are also properly withheld under other exemptions, including under Exemptions One and Three. Because plaintiffs concede that these draft documents are properly withheld under Exemption Five, other equally applicable and overlapping exemptions are not further discussed.

<u>OLC 139</u>

67.     **(U)**  OLC 139 consists of three copies of a six-page document, all with

handwritten comments and marginalia, entitled "Factors."  This document is a draft of a

portion of a proposed submission to the FISC concerning the factors to be considered in

decisions regarding targeting, and is withheld under FOIA Exemptions One, Three, and Five.

It is my understanding that plaintiffs do not contest OLC's determination to withhold drafts,

and thus OLC 139 is not discussed further herein.

<u>OLC 144</u>

68.     **(U)**  OLC 144 consists of five copies of a two-page draft memorandum setting

forth preliminary views on standards for considering whether international terrorist groups

might be considered to be potentially affiliated with al Qaeda, with handwritten comments

and marginalia.  It is my understanding that plaintiffs do not contest OLC's determination to

withhold drafts, and thus OLC 144 is not discussed further herein.

<u>OLC 145 and ODAG 15</u>

69.     **(U)**  OLC 145 and ODAG 15 are copies of two different classified intelligence

reports provided to the Department by an intelligence agency in connection with, and for the

purpose of, the preparation of legal advice.  These reports also contain classified information

that may have been collected through the use of classified intelligence sources and methods.

As explained in my prior declaration, the Department has conferred with the intelligence

agencies that provided or compiled this information and has been advised that the disclosure

of such sensitive intelligence information would both endanger the sources and methods

through which it was obtained and also compromise the capabilities of the United States

Intelligence Community to continue to secure such intelligence information in the future.

<u>See</u> <u>also</u> DNI Decl. ¶ 26.  They advise that such a result would have an exceptionally grave

16

effect on U.S. national security.  This material, accordingly, is properly and currently classified, and is exempt from disclosure under FOIA Exemptions One and Three.[3]

OLC 200

70.    **(U)**  OLC 200 is a typewritten note, with attachments, totaling 11 pages, plus a related electronic file, from one of my staff attorneys to me which discusses a legal question relating to foreign intelligence activities.  This document is withheld under FOIA Exemptions One, Three and Five.

***Applicability of Exemptions One & Three.***

71.    **(U)**  The legal analysis contained in this document was derived from, and summarizes, a classified NSA operational directive that was provided to OLC in the course of performing its function of providing advice to other Executive Branch agencies.  Because the NSA directive remains classified, this derivative document cannot be disclosed without compromising the national security information contained in that document.  Accordingly, it is properly withheld under Exemptions One and Three.

***Applicability of Exemption Five.***

72.    **(U)**  Disclosure of such intra-OLC communications conveying information from staff level attorneys to their supervisors would fundamentally undermine the manner in which this office conducts business.  I rely upon my staff to provide me with concise legal explanations and analysis on topics of interest, and it is not unusual that they are asked to do so in writing.  To require the disclosure of such informal communications when they are reduced to writing would seriously impinge on my ability – and the ability of my staff – to fulfill our duties to the Department.

---

[3]  **(U)**  Although certain portions of these intelligence reports are marked as unclassified, those sections do not address the TSP, and thus the unclassified portions of these reports are not responsive to the plaintiffs' FOIA requests and are not required to be disclosed.

<u>ODAG 16</u>

73.     **(U)**  ODAG 16 is a duplicate of OLC 145 and is withheld for the reasons explained in paragraph 69, <u>supra</u>.

<u>ODAG 23</u>

74.     **(U)**  ODAG 23 is a six-page memorandum, dated August 18, 2005, from an intelligence agency official to OLC attorneys discussing classified intelligence concerning consideration of international terrorist groups potentially affiliated with al-Qaeda.  This document is part of the interagency discussion described above at paragraphs 58-60, and is withheld under FOIA Exemptions One, Three, and Five for all of the reasons stated therein.

<u>OIPR 9</u>

75.     **(U)**  OIPR 9 is a copy of an undated three-page memorandum from an intelligence agency official to another intelligence agency official concerning consideration of particular international terrorist groups potentially affiliated with al Qaeda.  This document is part of the interagency discussion described above at paragraphs 58-60, and is withheld under FOIA Exemptions One, Three, and Five for all of the reasons stated therein.

<u>REMAINING DOCUMENTS IN CATEGORY C</u>

76.     **(U)**  Several of the documents contained within this category also fell within Category A, and their withholding was upheld by the Court in connection with its decisions regarding that category.  Specifically, the Court has upheld OLC's withholding of the following records, identified and described in my previous declaration at paragraphs 32-33 and 49:  OLC 78 and ODAG 10, 17, 18, and 19.  <u>See</u> Mem. Op. at 14.

### D.  (U) Records or Categories of Records Relating to Matters Before the Foreign Intelligence Surveillance Court.

77.    **(U)**  The Court has upheld OLC's withholding of all the records contained within this category, see Mem. Op. at 15, which consisted of documents associated with the drafting of applications or other pleadings filed with the FISC, and correspondence with that Court.

78.    **(U)**  The documents as to which OLC has been granted summary judgment contained within this category were identified and described in my previous declaration at paragraphs 54-59:  OLC 1, 2, 3, 4, 5, 6, 10, 11, 15, 18, 19, 22, 23, 55, 66, 68, 69, 72, 73, 92, 100, 104, 109, 110, 111, 112, 122, 124, 130, 136, and 137; ODAG 7, 26, 28, 30, 33 and 58; and OIPR 25, 27, 71, and 94.  See Mem. Op. at 15.

### E.  (U)  Records or Categories of Records Relating to Legal Opinions of OLC.

79.    **(U)**  Within this category, the Court has sought further justification regarding the proper withholding of the following documents:  OLC 16, 54, 59, 62, 85, 113, 129, 131, 132, 133, 146, and 201; ODAG 1, 2, 5, 6, 38, 42, and 52; OIPR 28, 29, 37, and 60; and FBI 42 and 51.

80.    **(U)**  Before discussing these particular documents, it is important to address the unique function of OLC and the unique expectations associated with legal memoranda generated by OLC.  The principal function of OLC is to assist the Attorney General in his role as legal adviser to the President and to other departments and agencies in the Executive Branch.  In connection with this function, OLC prepares memoranda addressing a wide range of legal questions involving operations of the Executive Branch, and participates in assisting in the preparation of legal documents and providing more informal legal advice as necessary and requested.  A significant portion of OLC's work can be divided into two categories.

First, OLC renders opinions that resolve disputes within the Executive Branch on legal

questions.  Second, OLC performs a purely advisory role as legal counsel to the Attorney

General, providing confidential legal advice both directly to the Attorney General, and

through him or on his behalf, to the White House and other components of the Executive

Branch.

81.    **(U)**  Although OLC's legal advice and analysis may inform decisionmaking

on policy matters, the legal advice is not itself dispositive as to any policy adopted by the

Executive Branch.  OLC does not purport, and in fact lacks authority, to make any policy

decisions.  OLC's role is to advise, not to mandate that its advice be implemented into

agency policy.  Although on some occasions, specific OLC memoranda have been drafted

with the expectation that they will be made public, and although some OLC documents are

ultimately selected for publication, generally OLC memoranda are prepared with the

expectation that they will be held in confidence, and that is of course the case with classified

OLC opinions and related documents.

<u>OLC 16, 54, 59, 62, 85, 129, 131, 132, and 146</u>

82.    **(U)**  These nine documents are OLC memoranda prepared in response to

particular requests for OLC advice either from within the Department or from elsewhere

within the Executive Branch in the context of decisions being made regarding the legal

parameters of foreign intelligence activities in the months and years following the terrorist

attacks of September 11, 2001.  Each of these memoranda was prepared in OLC's advisory

capacity and with the expectation that the legal advice provided by OLC was to be held in

confidence.  Although, as described above, OLC advice often informs Administration

decisionmaking, none of these advisory memoranda announced or established Administration

policy, but rather provided advice, analysis, and/or recommendations in response to requests for OLC views.

83.     (U)  The nine final memoranda withheld by OLC are:

a.     (U)  **OLC 16**, which consists of four copies, one with handwritten marginalia, of a 12-page memorandum, dated February 25, 2003, for the Attorney General from a Deputy Assistant Attorney General for OLC, prepared in response to a request from the Attorney General for legal advice concerning the potential use of certain information collected in the course of classified foreign intelligence activities.  OLC 16 is withheld under FOIA Exemptions One, Three, and Five.

b.     (U)  **OLC 54**, which consists of six copies, some with handwritten comments and marginalia, of a 108-page memorandum, dated May 6, 2004, from the Assistant Attorney General for OLC to the Attorney General, as well as four electronic files, one with highlighting, prepared in response to a request from the Attorney General that OLC perform a legal review of classified foreign intelligence activities.  OLC 54 is withheld under FOIA Exemptions One, Three, and Five.

c.     (U)  **OLC 59**, which consists of four copies of an 18-page memorandum for the file, dated November 17, 2004, from the Acting Assistant Attorney General in OLC, plus an electronic file, prepared in response to a request for OLC views regarding the applicability of certain statutory requirements.  OLC 59 is withheld under FOIA Exemptions One, Three, and Five.

d.     (U)  **OLC 62**, which consists of two copies, one with highlighting and marginalia by an OLC attorney, of a February 8, 2002, memorandum from a Deputy Assistant Attorney General in OLC to the General Counsel of another federal agency,

prepared in response to a request for OLC views regarding the legality of certain hypothetical activities. OLC 62 is withheld under FOIA Exemptions One, Three, and Five.

          e.      **(U)**  **OLC 85**, which is a nine-page memorandum, with highlighting, dated July 16, 2004, from the Assistant Attorney General in OLC to the Attorney General, evaluating the implications of a recent Supreme Court decision for certain foreign intelligence activities. OLC 85 is withheld under FOIA Exemptions One, Three, and Five.

          f.      **(U)**  **OLC 129**, which consists of two copies, one with handwritten comments and marginalia, of a nine-page memorandum, dated October 11, 2002, from a Deputy Assistant Attorney General in OLC to the Attorney General, prepared in response to a request for OLC's views concerning the legality of certain communications intelligence activities. OLC 129 is withheld under FOIA Exemptions One, Three, and Five.

          g.      **(U)**  **OLC 131**, which consists of two copies, both with underscoring and marginalia, of a 24-page memorandum, dated November 2, 2001, from a Deputy Assistant Attorney General in OLC to the Attorney General, prepared in response to a request from the Attorney General for OLC's opinion concerning the legality of certain communications intelligence activities. OLC 131 is withheld under FOIA Exemptions One, Three, and Five.

          h.      **(U)**  **OLC 132**, which consists of two copies, one with handwritten comments and marginalia, of a 36-page memorandum, dated October 4, 2001, from a Deputy Assistant Attorney General in OLC to the Counsel to the President, created in response to a request from the White House for OLC's views regarding what legal standards might govern the use of certain intelligence methods to monitor communications by potential terrorists. OLC 132 is withheld under FOIA Exemptions One, Three, and Five.

      i.     **(U)**  **OLC 146**, which is a 37-page memorandum, dated October 23, 2001, from a Deputy Assistant Attorney General in OLC, and a Special Counsel, OLC, to the Counsel to the President, prepared in response to a request from the White House for OLC's views concerning the legality of potential responses to terrorist activity.  OLC 146 is withheld under FOIA Exemption Five.

*Applicability of Exemptions One and Three.*

     84.    **REDACTED**

*Applicability of Exemption Five.*

     85.    **(U)**  The nine documents identified above were all prepared by OLC in its role of assisting the Attorney General in the discharge of his responsibilities as legal adviser to the President and heads of the Executive Branch departments and agencies.  In preparing these documents, OLC was performing a purely advisory role, providing legal advice and assistance.  Thus, the nine final memoranda withheld by OLC in this category were created in response to specific requests for OLC advice on particular topics.  OLC's preparation and provision of advice to the White House and other Executive Branch agencies is part of the process of attorney-client communications that would be seriously disrupted if such documents are publicly disclosed.  As described in my prior declaration, the White House and other Executive Branch agencies rely upon OLC to provide candid and useful advice on a range of issues, including difficult and complex legal questions critical to national security. See Bradbury Decl. ¶ 63-64.  To disclose such communications between OLC attorneys and our clients would fundamentally disrupt the attorney-client relationship and would deter federal agencies and officials in the White House from seeking timely and appropriate legal advice.  Id.

86.    **(U)**  Compelled disclosure of these advisory and pre-decisional documents would cause substantial harm to the deliberative process of the Department of Justice and the Executive Branch and disrupt the attorney-client relationship between the Department and the President and other officers of the Executive Branch.  Attorneys in OLC are often asked to provide advice and analysis with respect to very difficult and unsettled issues of law. Frequently, such issues arise in connection with highly complex and sensitive operations of the Executive Branch.  It is essential to the mission of the Executive Branch that OLC legal advice, and the development of that advice, not be inhibited by concerns about public disclosure.  Protecting the confidentiality of documents that contain such advice is essential in order to ensure both that creative and even controversial legal arguments and theories may be explored candidly, effectively, and in writing, and to ensure that Executive Branch officials will continue to request legal advice from OLC on such sensitive matters.

87.    **(U)**  Particularly in light of the Nation's ongoing fight against global terrorism, and the public interest in the effective performance of these activities, the need of the President and the heads of Executive Branch departments and agencies for candid, thoroughly considered legal advice when considering potential executive actions is especially compelling.  Thus, all nine of the documents identified in paragraph 83, supra, constitute documents subject to the deliberative process and attorney-client communication privileges, and moreover, those provided to inform a decision to be made by the President are also subject to the presidential communications privilege.  As such, all of these documents are properly withheld as exempt in their entirety under FOIA Exemption Five.

88.    **(U)**  I have specifically reviewed each of the documents identified in paragraph 83 and have determined that all portions of these documents contain either classified information or deliberative and privileged legal advice and analysis of OLC.

89.    **(U)**  In assessing the determination stated in paragraph 88, it is useful to recall that, with respect to the TSP in particular, the Department of Justice publicly released an extensive legal analysis of the TSP shortly after its existence was acknowledged by the President in December 2005.  The Department's January 19, 2006, "White Paper," which is available at www.usdoj.gov, and was released to the plaintiffs in this litigation, provides the official view of the Department with respect to the legality of the TSP from which classified and privileged information has already been removed for public disclosure.

<u>OLC 113</u>

90.    **(U)**  OLC 113 consists of three copies of a one-page memorandum, dated September 15, 2004, from the Deputy Attorney General to the Director of the Federal Bureau of Investigation, entitled "National Security Agency Collection Activity."  This document is withheld under FOIA Exemptions One and Three.

91.    **REDACTED**

<u>OLC 133</u>

92.    OLC 133 is a duplicate of ODAG 51, as to which I understand the Court has already granted summary judgment, and which was responsive only for certain handwritten notes that appeared on the copy of the document maintained in ODAG.  <u>See</u> Mem. Op. at 16; Bradbury Decl. ¶ 66 n. 8.  Accordingly, this document is not further discussed herein.

<u>ODAG 1</u>

93.    **(U)**  ODAG 1 is a duplicate of OLC 54, as well as of OIPR 28, and is withheld for the reasons explained in paragraphs 82-89, <u>supra</u>.

## ODAG 2

94.    **(U)**  ODAG 2 consists of three additional copies, two with underscoring and marginalia by a Department attorney, of the memorandum described as OLC 131, as well as OIPR 37 and FBI 51, and is withheld for the reasons explained in paragraphs 82-89, supra.

## ODAG 5

95.    **(U)**  ODAG 5 is a duplicate of OLC 132 and is withheld for the reasons explained in paragraphs 82-89, supra.

## ODAG 6

96.    **(U)**  ODAG 6 is a duplicate of OLC 129 and is withheld for the reasons explained in paragraphs 82-89, supra.

## ODAG 38

97.    **(U)**  ODAG 38 is a duplicate of OLC 16 and is withheld for the reasons explained in paragraphs 82-89, supra.

## ODAG 42

98.    **(U)**  ODAG 42 is a 19-page memorandum, dated May 30, 2003, from a Deputy Assistant Attorney General in OLC to the General Counsel of another Executive Branch agency.  This document is withheld under FOIA Exemptions One, Three, and Five.

   ***(U) Applicability of Exemptions One & Three.***

99.    **REDACTED**

100.    **REDACTED**

   ***(U) Applicability of Exemption Five.***

101.    **(U)**  OLC's preparation and provision of advice to other Executive Branch agencies is part of the process of attorney-client communications that would be seriously disrupted if such documents, whether in draft or final form, are publicly disclosed.  As

described in my prior declaration, Executive Branch agencies rely upon OLC to provide candid and useful advice on a range of issues, including difficult and complex legal questions critical to national security.  <u>See</u> Bradbury Decl. ¶ 63-64.  To disclose such communications between OLC attorneys and our federal agency clients would fundamentally disrupt the attorney-client relationship and would deter federal agencies from seeking timely and appropriate legal advice.  <u>See</u> <u>id.</u>  Thus, for this reason as well, ODAG 42, which is a memorandum prepared at the request of another Executive Branch agency, is properly withheld under FOIA's Exemption Five.

<u>ODAG 52</u>

102.    **(U)**  ODAG 52 is a duplicate of OLC 62 and is withheld for the reasons explained in paragraphs 82-89, <u>supra</u>.

<u>OIPR 28</u>

103.    **(U)**  OIPR 28 is a duplicate of OLC 54, as well as of ODAG 1, and is withheld for the reasons explained in paragraphs 82-89, <u>supra</u>.

<u>OIPR 29</u>

104.    **(U)**  OIPR 29 is a duplicate of OLC 59 and is withheld for the reasons explained in paragraphs 82-89, <u>supra</u>.

<u>OIPR 37</u>

105.    **(U)**  OIPR 37 is a duplicate of OLC 131, as well as of ODAG 2 and FBI 51, and is withheld for the reasons explained in paragraphs 82-89, <u>supra</u>.

<u>FBI 42</u>

106.    **(U)**  FBI 42 is a duplicate of OLC 113 and is withheld for the reasons explained in paragraphs 90-91, <u>supra</u>.

<u>FBI 51</u>

107.    **(U)** FBI 51 is a duplicate of OLC 131, as well as of ODAG 2 and OIPR 37, and is withheld for the reasons explained in paragraphs 82-89, <u>supra</u>.

REMAINING DOCUMENTS IN CATEGORY E

108.    **(U)** The Court has upheld OLC's withholding of the remaining documents in this category, identified and described in my previous declaration at paragraphs 66-70:  OLC 8, 9, 26, 27, 28, 29, 32, 40, 41, 42, 43, 53, 60, 61, 71, 77, 79, 83, 86, 87, 88, 89, 94, 102, 103, 106, 108, 118, 119, 120, 121, 123, 140, 141, 142, 143, 203, 204, 205, 206, and 208; ODAG 8, 21, 22, 43, 44, 45, 49, 50, 51, and 53; and OIPR 1, 2, 32, 33, 34, 35, 75 and 129, and FBI 19 and 58.  <u>See</u> Mem. Op. at 16.

**F.  (U)  Briefing Materials and Talking Points.**

109.    **(U)** Within this category, the Court has requested further justification with respect to the withholding of the following documents:  OLC 7, 46, 65, 80, 81, 82, 84, 116, 125, 126, 134, and 202; ODAG 34, 41 and 54; and OIPR 13 and 137.

110.    **(U)** With four exceptions, all of the briefing materials and talking points withheld by OLC in this category were prepared for internal use only in the course of briefings by Department staff for higher level officials or for use in meetings or discussions with official from elsewhere in the Government.  With the exception of OLC 84, OLC 116, OLC 201, and OIPR 60, discussed further below, none of these materials was prepared for public briefing or discussion, and, again with the same four exceptions, none was adopted as official positions in subsequent public discussion of the TSP.  Accordingly, as explained in my previous declaration, these briefing materials and talking points are by their very nature deliberative, as they reflect an attempt by the drafters succinctly to summarize particular issues and provide key background information in an effort to anticipate questions or issues

28

that may be raised at a briefing or other situation in which such documents are used.  These materials provide concise summaries of information necessary for informed discussion of particular issues and attempt to anticipate and respond to questions that might be raised in any particular setting.  Thus, these materials reflect the exchange of ideas and suggestions that accompanies all decisionmaking, and in many cases they also reflect assessments by attorneys and other staff about issues on which they have been asked to make recommendations or provide advice.

<u>OLC 7</u>

111.    **(U)**  OLC 7 consists of two copies of a one-page document.  In reviewing OLC 7 in the course of preparing this declaration, I have determined that it contains information that originated with the NSA and thus should have been referred to NSA along with OLC's other referrals.  The document has now been referred to NSA, and I understand that NSA will address the proper withholding of OLC 7 in its separate supplemental submission made in response to the Court's Order of September 5, 2007.

<u>OLC 46</u>

112.    **(U)**  OLC 46 consists of two copies of an undated one-page document entitled "Talkers," and a related electronic file, containing talking points that were created within the Department to assist senior administration officials in addressing various points about the TSP in internal discussions.  This document is properly withheld under FOIA's Exemptions One, Three, and Five.

**(U)** *Applicability of Exemptions One & Three.*

113.    **REDACTED**

**(U)** *Applicability of Exemption Five.*

114.    **(U)**  OLC 46 appears to have been created to provide high level Department officials with a concise summary of information that might be required for an internal meeting or a presentation.  As described in my earlier declaration, briefing materials and talking points are by their very nature deliberative, as they reflect "an attempt by the drafters to succinctly summarize particular issues and provide key background information in an effort to anticipate questions or issues that may be raised at a briefing or other situation in which such documents are used" and reflect only "draft answers [that] may or may not be used or may be modified by the speakers in any particular setting."  Bradbury Decl. ¶ 73. For the reasons given in my prior declaration, OLC 46 is properly considered deliberative and pre-decisional, and thus exempt from disclosure under FOIA's Exemption Five.

<u>OLC 65</u>

115.    **(U)**  OLC 65 is a five-page document (plus an electronic file), dated March 30, 2004, entitled "Briefing for AG."  This outline for a briefing to be provided to the Attorney General by the Deputy Attorney General prepared by Department staff includes a summary of preliminary OLC conclusions concerning the TSP and other intelligence activities; a discussion of issues for decision concerning these intelligence activities; a description of advice provided by OLC to other Executive Branch agencies and components concerning these activities; and an identification of legal issues requiring further discussion. OLC 65 is withheld pursuant to FOIA Exemptions One, Three, and Five.

*Applicability of Exemption One & Three.*

116.    **(U)**  OLC 65 contains classified information relating to the operation of the TSP and other intelligence activities that would be compromised by disclosure.  For the reasons identified in my earlier declaration, <u>see</u> Bradbury Decl. ¶¶ 21-23, and in the

declaration of the former Director of National Intelligence, see DNI Decl. ¶¶ 22, 27-35, such information cannot be publicly disclosed without causing exceptionally grave harm to the national security of the United States.

117. **REDACTED**

*Applicability of Exemption Five.*

118. **(U)** OLC 65 is an internal briefing outline, which summarizes information compiled by Department staff for purposes of ensuring that higher level officials have the information necessary adequately to understand issues being presented to them for decision, which is protected by the deliberative process privilege. Disclosure of internal communications such as OLC 65 would identify the factors considered by Department decisionmakers in the course of their deliberations about intelligence activities and would impermissibly interfere with the provision of candid and concise summaries of critical information and recommendations to higher level Department officials by Department staff. OLC 65, accordingly, is properly exempt from disclosure under the deliberative process component of FOIA's Exemption Five.

OLC 80

119. **(U)** OLC 80 consists of six copies of an undated two-page document entitled "Technical Operation of [REDACTED],"[4] some with handwritten notes and marginalia. These documents are withheld under FOIA Exemptions One, Three and Five.

**(U)** *Applicability of Exemptions One & Three*

120. **(U)** OLC 80 contains a detailed description of the operation of the TSP and other classified foreign intelligence activities and thus falls squarely within the category of "information that would reveal or tend to reveal operational details concerning the technical

_____

[4] **(U)** A classified codename is redacted.

methods by which NSA intercepts communications under the TSP," which the former DNI

identified as information that must be protected from disclosure. DNI Decl. ¶ 27. As the

former DNI explained, "[d]etailed knowledge of the methods and practice of the U.S.

Intelligence Community agencies must be protected from disclosure because such knowledge

would be of material assistance to those who would seek to penetrate, detect, prevent, or

damage the intelligence efforts of the United States, including efforts by this country to

counter international terrorism." Id. Information falling within this category, accordingly,

including OLC 80, is properly protected as both classified and subject to the DNI's authority

to protect intelligence sources and methods. OLC 80, thus, is properly withheld under FOIA

Exemptions One and Three.

    121.   **REDACTED**

    122.   **REDACTED**

    **(U) *Applicability of Exemption Five.***

    123.   **(U)** As described in my prior declaration, OLC 80 is a briefing paper that was

created within the Department to assist senior Administration officials in addressing various

points about the TSP. See Bradbury Decl. ¶ 73. This document was used for purposes of

internal deliberations only; it was not prepared for purposes of providing information to the

public. Briefing materials are by their very nature deliberative, as they reflect an attempt by

the drafters succinctly to summarize particular issues and provide key background

information in an effort to anticipate questions or issues that may be raised at a briefing or

other situation in which such documents are used. See id. ¶ 80. OLC 80 reflects assessments

by OLC attorneys about the relative importance of information considered necessary for

purposes of briefing senior Administration officials, and the details of the information that

need to be conveyed in any particular circumstance. To disclose such assessments would

harm the Department's deliberative process, and thus OLC 80 is properly withheld under FOIA's Exemption Five.

OLC 81 and OLC 82

124.    **(U)**  OLC 81 consists of 11 copies, some drafts and some with handwritten marginalia and notes, of four pages of briefing notes, dated December 18, 2005, which describe the TSP and other foreign intelligence activities and summarize various OLC legal opinions related to foreign intelligence collection activities.  OLC 81 is withheld pursuant to FOIA Exemptions One, Three, and Five.

125.    **(U)**  OLC 82 consists of 20 copies, some drafts and some with handwritten edits and marginalia, plus eight related electronic files of a briefing outline, dated January 6, 2006, summarizing various topics related to foreign intelligence activities.  OLC 82 is withheld pursuant to FOIA Exemptions One, Three, and Five.

***Applicability of Exemption One & Three.***

126.    **(U)**  OLC 81 and OLC 82 contain classified information relating to the scope and operation of the TSP and other intelligence activities that would be compromised by disclosure of these documents.  For the reasons identified in my earlier declaration, <u>see</u> Bradbury Decl. ¶¶ 21-23, and in the declaration of the former Director of National Intelligence, <u>see</u> DNI Decl. ¶ 22, 27-35, such information cannot be publicly disclosed without causing exceptionally grave harm to the national security of the United States.

***Applicability of Exemption Five.***

127.    **(U)**  OLC 81 and OLC 82 are internal briefing outlines, created by my staff at my request and for my use, intended to be used to prepare me to brief others within the Government on issues concerning the TSP and other foreign intelligence activities.  Specifically, OLC 81 was created so that I could brief Department officials regarding foreign

intelligence activities and OLC views following the publication of the article in <u>The New York Times</u> which divulged without authorization classified information concerning the TSP. OLC 82 was created as an outline for my use in the course of briefing members of the FISC. These documents contain recommendations from my staff as to topics for discussion, and are both deliberative and predecisional in the sense that, as I spoke in these meetings, I made the ultimate decision regarding which points would be made in any particular context. Disclosure of these documents would impermissibly interfere with my ability to ask my staff to create candid and concise summaries of critical information and recommendations for my use in discussions with higher level Department officials or other officials within the Government and, thus, would interfere with my ability to fulfill my official duties. OLC 81 and OLC 82, accordingly, are properly exempt from disclosure under the deliberative process component of FOIA's Exemption Five.

OLC 84

128.    **(U)**  OLC 84 is a nonfinal draft of a set of talking points, which was released to the public in final form on January 19, 2007, in a document entitled "Legal Authorities for the Recently Disclosed NSA Activities." The final version of this document is available on the Department's Internet site, <u>www.usdoj.gov</u>, and was provided to plaintiffs in response to their FOIA requests. It is my understanding that plaintiffs do not contest OLC's determination to withhold drafts, and thus this document is not further discussed herein.

OLC 116, OLC 201 & OIPR 60

129.    **(U)**  OLC 116, OLC 201, and OIPR 60 consist of nonfinal drafts of the Department's January 19, 2007, White Paper, which was released by the Department to the public in its final form, <u>see</u> <u>www.usdoj.gov</u>, and provided to plaintiffs in response to their

34

FOIA requests. It is my understanding that plaintiffs do not contest OLC's determination to withhold drafts, and thus these documents are not further discussed herein.

<u>OLC 125, OLC 126, and OIPR 13</u>

130.     **(U)**  OLC 125 is an undated two-page document entitled "Presentation: Where DOJ is on [REDACTED]."[5]  This document is withheld under FOIA Exemptions One, Three, and Five.

131.     **(U)**  OLC 126 consists of two copies of a five-page document, dated March 14, 2004, which consists of bullet points related to OLC 125.  This document is also withheld under FOIA Exemptions One, Three, and Five.

132.     **(U)**  OIPR 13 is a duplicate of OLC 126, and is withheld for the same reasons that apply to that record.

 **(U)** *Applicability of Exemptions One & Three.*

133.     **REDACTED**

 **(U)** *Applicability of Exemption Five.*

134.     **(U)**  OLC 125 and OLC 126 contain preliminary legal analysis of OLC.  The disclosure of such preliminary analysis would have the effect of discouraging thoughtful analysis of difficult legal questions as well as discouraging the creation of documents that set forth such preliminary analysis in order to assist in the process of developing final views.  Disclosure of OLC's preliminary analysis, accordingly, would cause harm to the deliberative process by which OLC attorneys review legal issues and reach conclusions about them.  Accordingly, OLC 125 and OLC 126 are exempt from disclosure under FOIA under the deliberative process privilege incorporated into Exemption Five.

---

[5]  **(U)**  A classified codename is redacted.

135.   **(U)**  In addition, OLC 125 and OLC 126 were prepared for purposes of providing legal assistance and advice to other Executive Branch officials concerning DOJ's views about foreign intelligence activities.  Disclosure of such advice would interfere with the attorney-client relationship between DOJ and other Executive Branch agencies and would discourage requests for timely and fully informed legal advice.  Accordingly, OLC 125 and OLC 126 are protected by the attorney-client privilege, and are properly exempt under FOIA's Exemption Five for this reason as well.

OLC 134

136.   **(U)**  OLC 134 consists of three copies of a six-page set of attorney notes in bullet point form describing options to be considered in pending litigation before the FISC.

***Applicability of Exemptions One and Three.***

137.   **(U)**  OLC 134 is a set of attorney notes in bullet point form that should have been included in the category of documents described in my original declaration as category D.  See Bradbury Decl. ¶¶ 54-59.  It is my understanding that the court has entered summary judgment as to all of the documents in that category, see Mem. Op. at 15.  OLC 134 is properly withheld for the same reasons.  See Bradbury Decl. ¶¶ 54-59.

138.   **REDACTED**

***Applicability of Exemption Five***

139.   **(U)**  OLC 134 is both deliberative and predecisional in that it consists of a list of options to be considered in pending litigation before the FISC.  Thus, the document is protected by the deliberative process privilege and is properly withheld under Exemption Five of FOIA.  In addition, OLC 134 is protected by the attorney work product doctrine in that it constitutes notes of an attorney concerning options that might be available in the

context of pending litigation and, thus, OLC 134 is properly withheld in its entirety under Exemption Five for this reason as well.

## OLC 202

140.    **(U)** OLC 202 is a set of draft talking points on legal matters which were not located in final form in OLC's classified files. It is my understanding that plaintiffs do not contest OLC's determination to withhold drafts and, thus, this document is not further discussed herein.

## ODAG 34

141.    **(U)** ODAG 34 is a duplicate of OLC 80 and is withheld for the reasons explained in paragraphs 123-27, <u>supra</u>.

## ODAG 41

142.    **(U)** ODAG 41 is a duplicate of OLC 125 and is withheld for the reasons explained in paragraphs 130, 133-35, <u>supra</u>.

## ODAG 54

143.    **(U)** ODAG 54 is a duplicate of OLC 46 and is withheld for the reasons explained in paragraphs 112-14, <u>supra</u>.

## OIPR 13

144.    **(U)** OIPR 13 is a duplicate of OLC 126 and is withheld for the reasons explained in paragraphs 131-35, <u>supra</u>.

## OIPR 137

145.    **(U)** OIPR 137 is a duplicate of OLC 65 and is withheld for the reasons explained in paragraphs 115-18, <u>supra</u>.

*     *     *

146.    **(U)**  Finally, the Court has requested clarification concerning the entries

identified as OLC 95 and OLC 153-199 on the exhibit (Exhibit K) provided in support of my

previous declaration, which were marked "intentionally left blank."  These identifiers were

either not assigned to any document, were assigned to documents that were determined to be

duplicative and thus removed from the index, or were assigned to documents that were

determined during administrative review to be nonresponsive to plaintiffs' requests.

Accordingly, no responsive documents bear the designations OLC 95 or OLC 153-199.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _October 18, 2007_          _Steven G Bradbury_
                                    STEVEN G. BRADBURY
                                    Principal Deputy Assistant Attorney General
                                    Office of Legal Counsel

# EXHIBIT A

**UPDATED INDEX OF RECORDS OR CATEGORIES OF RECORDS WITHHELD
BY THE OFFICE OF LEGAL COUNSEL ("OLC")**

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 1 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | OIPR | SAME as ODAG 28 & 30 | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 2 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | OIPR | | | Summary Judgment Granted (Mem Op. at 15) |
| OLC 3 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | OIPR | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 4 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | NSA | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 5 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 6 | Draft | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |

---

\* Because certain documents implicate the equities of more than one component or agency, the withholding of certain documents may be discussed in more than one declaration.

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 7 | Talking Points | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | NSA | | | Subject of Renewed Motion (Second Bradbury Decl. ¶ 111) |
| OLC 8 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 9 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 10 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem Op. at 15) |
| OLC 11 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 12 | | | | OIPR | | | Summary Judgment Granted (Mem. Op. at 21) |
| OLC 13 | | | | OIPR | | | Summary Judgment Granted (Mem. Op. at 21) |
| OLC 14 | | | | OIPR | | | Summary Judgment Granted (Mem. Op. at 21) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 15 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | NSA | | | Summary Judgment Granted (Mem. Op. at 15) |
| **OLC 16** | **Memo** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 62-68** | | **SAME as ODAG 38 OIPR 1 & 2 are Drafts** | **YES** | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89)** |
| OLC 17 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 18 | Memo | (b)(3) (b)(5) | ¶¶ 54-58 | | SAME as OIPR 25 | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 19 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 20 | | | | OIPR | | | Summary Judgment Granted (Mem. Op. at 21) |
| OLC 21 | | | | OIPR | SAME as OIPR 79 | | Summary Judgment Granted (Mem. Op. at 21) |
| OLC 22 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | SAME as ODAG 58 | | Summary Judgment Granted (Mem. Op. at 15) |

3

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 23 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 24 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 25 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 26 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 27 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 28 | Draft | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 29 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 30 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 31 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 32 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 33 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 34 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 32-38 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| OLC 35 | Letter | (b)(1) (b)(3) (b)(6) | ¶¶ 39-41 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 36 | Letter Draft | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 39-41 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 37 | Letter Draft Memo | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 39-41 | | SAME as ODAG 12 | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 38 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 39 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 40 | Draft Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 41 | Draft Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 66-68 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 42 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 43 | Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 44 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 45 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| **OLC 46** | **Draft Talking Points** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 72-76** | | | **YES** | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 112-14)** |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 47 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 48 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 49 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 50 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| **OLC 51** | **Memo** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 39-41** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 26-28)** |
| OLC 52 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 53 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| **OLC 54** | **Memo** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 62-65** | | **SAME as ODAG 1 & OIPR 28** | **YES** | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89)** |
| OLC 55 | Letter Memo | (b)(1) (b)(3) | ¶ 59 | | | | Summary Judgment Granted (Mem. Op. at 15) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 56 | NOT AGENCY RECORD | | ¶ 77 | | | | Objections Disclaimed or Withdrawn (Mem. Op. at 5) |
| OLC 57 | NOT AGENCY RECORD | | ¶ 77 | | | | Objections Disclaimed or Withdrawn (Mem. Op. at 5) |
| OLC 58 | NOT AGENCY RECORD | | ¶ 77 | | | | Objections Disclaimed or Withdrawn (Mem. Op. at 5) |
| OLC 59 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as OIPR 29 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89) |
| OLC 60 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 61 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 62 | Memo Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as ODAG 52 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89) |
| OLC 63 | Memo Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 39-41 | | SAME as FBI 4 | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 29, 34-35, 37, 39) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 64 | Memo | (b)(1)<br>(b)(3)<br>(b)(5) | ¶¶ 39-41 | | SAME as FBI 5 | | **Subject of Renewed Motion<br>(Second Bradbury Decl. ¶¶ 30, 34-36, 39)** |
| OLC 65 | Briefing Materials | (b)(1)<br>(b)(3)<br>(b)(5) | ¶¶ 72-76 | | | | **Subject of Renewed Motion<br>(Second Bradbury Decl. ¶¶ 115-18)** |
| OLC 66 | Notes | (b)(1)<br>(b)(3)<br>(b)(5)<br>(b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted<br>(Mem. Op. at 15) |
| OLC 67 | Notes | (b)(1)<br>(b)(3)<br>(b)(5) | ¶¶ 32-38 | | | | Summary Judgment Granted<br>(Mem. Op. at 14) |
| OLC 68 | Draft | (b)(1)<br>(b)(3)<br>(b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted<br>(Mem. Op. at 15) |
| OLC 69 | Notes | (b)(1)<br>(b)(3)<br>(b)(5)<br>(b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted<br>(Mem. Op. at 15) |
| OLC 70 | | | | NSA | | | Summary Judgment Granted<br>(Mem. Op. at 23) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 71 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 72 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | SAME as ODAG 26 | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 73 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 74 | Draft Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 32-38 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| OLC 75 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 42-47 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| **OLC 76** | **Notes Draft Client Communication** | **(b)(1) (b)(3) (b)(5) (b)(6)** | **¶¶ 48-53** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 58-65)** |
| OLC 77 | Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 78 | Draft Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 32-38, 48-53 | | | | Summary Judgment Granted (Mem. Op. at 14) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 79 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 80 | Briefing Materials | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 72-76 | | | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 119-23) |
| OLC 81 | Briefing Materials | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 124, 126-27) |
| OLC 82 | Briefing Materials | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 125, 126-27) |
| OLC 83 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 84 | Draft | (b)(5) | ¶¶ 72-76 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶ 128) |
| OLC 85 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 86 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 87 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 88 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 89 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 90 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 91 | | | | OIPR | | | Summary Judgment Granted (Mem. Op. at 21) |
| OLC 92 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | OIPR | | | Summary Judgment Granted (Mem. Op. at 16, 21) |
| OLC 93 | Draft Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38 | | SAME as ODAG 48 | | Summary Judgment Granted (Mem. Op. at 14) |
| OLC 94 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | OIPR | | | Summary Judgment Granted (Mem. Op. at 16, 21 |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| **OLC 95** | *INTENTIONALLY LEFT BLANK* | | | | | | No Responsive Document was identified with this designation (Second Bradbury Decl. ¶ 146) |
| OLC 96 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 97 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 98 | | | | NSA | SAME as OIPR 57 | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 99 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 100 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 101 | Draft Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 32-38 | | | | Summary Judgment Granted (Mem. Op. at 14) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 102 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 103 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 104 | Draft Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | NSA | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 105 | Duplicates of White Paper | NOT EXEMPT | ALREADY RELEASED | | | | Document was Released to Plaintiffs |
| OLC 106 | Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| **OLC 107** | **Draft Client Communication** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 48-53** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 66)** |
| OLC 108 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 109 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 110 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | OIPR | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 111 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 112 | Draft Notes Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 113 | Memo | (b)(1) (b)(3) | ¶¶ 62-65 | | SAME as FBI 42 | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 90-91) |
| OLC 114 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 31, 34-36, 39) |
| OLC 115 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38 | | SAME as ODAG 3 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 40-42) |
| OLC 116 | Drafts of White Paper | (b)(1) (b)(3) (b)(5) | ¶ 75 | | SAME as OIPR 60 | | Subject of Renewed Motion (Second Bradbury Decl. ¶ 129) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 117 | Letter | (b)(1) (b)(3) | ¶ 76 | | SAME as FBI 18 | | Summary Judgment Granted (Mem. Op. at 18) |
| OLC 118 | Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 119 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 120 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 121 | Client Communication Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | - | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 122 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 123 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 124 | Letter Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | NSA | | | Summary Judgment Granted (Mem. Op. at 15) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 125 | Briefing Materials | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | | SAME as ODAG 41 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 130, 133-35) |
| OLC 126 | Briefing Materials | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | | SAME AS OIPR 13 | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 131, 133-35) |
| OLC 127 | | | | FBI | | | To be Addressed in Supplemental Submission on Behalf of FBI, to be filed November 20, 2007 |
| OLC 128 | | | | OIPR | SAME as OIPR 12 | | Summary Judgment Granted (Mem. Op. at 21) |
| OLC 129 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as ODAG 6 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89) |
| OLC 130 | Letter | (b)(1) (b)(3) | ¶ 59 | | SAME as ODAG 7 | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 131 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as ODAG 2, OIPR 37, & FBI 51 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 132 | Memo Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as ODAG 5 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89) |
| OLC 133 | Memo Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as ODAG 51 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 133) |
| OLC 134 | Talking Points | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | | | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 136-39) |
| OLC 135 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 136 | Draft | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 137 | Draft | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | NSA | | | Summary Judgment Granted (Mem. Op. at 15) |
| OLC 138 | | | | OIPR | | | Summary Judgment Granted (Mem. Op. at 21) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| **OLC 139** | **Notes** | **(b)(1)** **(b)(3)** **(b)(5)** | **¶¶ 48-53** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 67)** |
| OLC 140 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 141 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 142 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 143 | Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | NSA | | | Summary Judgment Granted (Mem. Op. at 16) |
| **OLC 144** | **Draft Client Communication** | **(b)(1)** **(b)(3)** **(b)(5)** **(b)(6)** | **¶¶ 48-53** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 68)** |
| **OLC 145** | **Report** | **(b)(1)** **(b)(3)** **(b)(5)** | **¶¶ 48-53** | | **SAME as ODAG 16** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 69)** |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 146 | Memo Client Communication | (b)(5) (b)(6) | ¶¶ 62-65 | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 82-89)** |
| OLC 147 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 148 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 149 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 150 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 151 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 152 | | | | NSA | | | Summary Judgment Granted (Mem. Op. at 23) |
| OLC 153 - 199 | *INTENTIONALLY LEFT BLANK* | | | | | | No Responsive Documents were Identified with these Designations (Second Bradbury Decl. ¶ 146) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 200 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 48-53 | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 70-72)** |
| OLC 201 | Drafts of White Paper | (b)(5) | ¶ 75 | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 129)** |
| OLC 202 | Talking Points | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 140)** |
| OLC 203 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 204 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 205 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 206 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OLC 207 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 42-47 | | | | Summary Judgment Granted (Mem. Op. at 15) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OLC 208 | Client Communication | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| **DOCUMENTS REFERRED BY ODAG** | | | | | | | |
| ODAG 1 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as OLC 54 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶ 93; see also ¶¶ 82-89) |
| ODAG 2 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as OLC 131, FBI 51, & OIPR 37 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶ 94; see also ¶¶ 82-89) |
| ODAG 3 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 39-41 | | SAME as OLC 115 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶ 43; see also ¶¶ 40-42) |
| ODAG 5 | Memo Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as OLC 132 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶ 95; see also ¶¶ 82-89) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| **ODAG 6** | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | **SAME as OLC 129** | **YES** | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 96; see also ¶¶ 82-89)** |
| ODAG 7 | Letter Memo | (b)(1) (b)(3) | ¶ 59 | | SAME as OLC 130 | | Summary Judgment Granted (Mem. Op. at 15) |
| ODAG 8 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | FINAL at OLC 59 | | Summary Judgment Granted (Mem. Op. at 16) |
| ODAG 10 | Draft Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38, 48-53 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| ODAG 12 | Letter | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 42-47 | | SAME as OLC 37 | | Summary Judgment Granted (Mem. Op. at 15) |
| **ODAG 15** | **Client Communication** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 48-53** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 69)** |
| **ODAG 16** | **Client Communication Notes** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 48-53** | | **SAME as OLC 145** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 73; see also ¶ 69)** |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| ODAG 17 | Draft Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38, 48-53 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| ODAG 18 | Draft Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38, 48-53 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| ODAG 19 | Draft Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38, 48-53 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| ODAG 21 | Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| ODAG 22 | Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| **ODAG 23** | **Client Communication** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 48-53** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 74)** |
| **ODAG 24** | **Draft Notes Client Communication** | **(b)(1) (b)(3) (b)(5) (b)(6)** | **¶¶ 48-53** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 58-65)** |
| ODAG 26 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | SAME as OLC 72 | | | Summary Judgment Granted (Mem. Op. at 15) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| ODAG 28 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | SAME as OLC 1  Also referred by ODAG to OIPR | | Summary Judgment Granted (Mem. Op. at 15) |
| ODAG 30 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | SAME as OLC 1  Also referred by ODAG to OIPR | | Summary Judgment Granted (Mem. Op. at 15) |
| ODAG 33 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| ODAG 34 | Briefing Materials | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | | SAME as OLC 80 | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶ 141; see also ¶¶ 123-27) |
| ODAG 38 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | SAME as OLC 16  OIPR 1 & 2 are Drafts | | Subject of Renewed Motion (Second Bradbury Decl. ¶ 97; see also ¶¶ 82-89) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| ODAG 40 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 39-41 | | | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 44-47) |
| ODAG 41 | Briefing Materials | (b)(1) (b)(3) (b)(5) | ¶¶ 72-76 | SAME as OLC 125 | | YES | Subject of Renewed Motion (Second Bradbury Decl. ¶ 142; see also ¶¶ 130, 133-35 |
| ODAG 42 | Memo Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 98-101) |
| ODAG 43 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| ODAG 44 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| ODAG 45 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Final at OLC 116 | | Summary Judgment Granted (Mem. Op. at 16) |
| ODAG 48 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38 | | SAME as OLC 93 | | Summary Judgment Granted (Mem. Op. at 14) |
| ODAG 49 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Final at OLC 54 | | Summary Judgment Granted (Mem. Op. at 16) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| ODAG 50 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| ODAG 51 | Notes | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | SAME as OLC 133 | | Summary Judgment Granted (Mem. Op. at 16) |
| **ODAG 52** | **Memo Client Communication** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 62-65** | **SAME as OLC 62** | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 102; see also ¶¶ 82-89)** |
| ODAG 53 | Draft Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Final at ODAG 42 | | Summary Judgment Granted (Mem. Op. at 16) |
| **ODAG 54** | **Talking Points** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 72-76** | **SAME as OLC 46** | **YES** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 143; see also ¶¶ 112-14)** |
| ODAG 58 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | SAME as OLC 22 | | Summary Judgment Granted (Mem. Op. at 15) |
| ODAG 65 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 32-38 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| **DOCUMENTS REFERRED BY OIPR** | | | | | | | |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OIPR 1 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 16 & ODAG 38 | | Summary Judgment Granted (Mem. Op. at 16) |
| OIPR 2 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 16 & ODAG 38 | | Summary Judgment Granted (Mem. Op. at 16) |
| **OIPR 9** | **Memo** | **(b)(1) (b)(3) (b)(5)** | | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 75)** |
| **OIPR 13** | **Talking Points** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 72-76** | | **SAME AS OLC 126** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 132; see also ¶¶ 131, 133-35)** |
| OIPR 25 | Memo | (b)(3) (b)(5) | ¶¶ 54-58 | | SAME as OLC 18 | | Summary Judgment Granted (Mem. Op. at 15) |
| OIPR 27 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| **OIPR 28** | **Memo** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 62-65** | | **SAME as OLC 54 & ODAG 1** | **YES** | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 103; see also ¶¶ 82-89)** |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| **OIPR 29** | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | **SAME as OLC 59** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 104; see also ¶¶ 82-89)** |
| OIPR 30 | DETERMINED TO BE NONRESPONSIVE | | | | | | |
| OIPR 31 | DETERMINED TO BE NONRESPONSIVE | | | | | | |
| OIPR 32 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 54 | | Summary Judgment Granted (Mem. Op. at 16) |
| OIPR 33 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 54 | | Summary Judgment Granted (Mem. Op. at 16) |
| OIPR 34 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 54 | | Summary Judgment Granted (Mem. Op. at 16) |
| OIPR 35 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 54 | | Summary Judgment Granted (Mem. Op. at 16) |
| OIPR 36 | DETERMINED TO BE NONRESPONSIVE | | | | | | |
| **OIPR 37** | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | **SAME as OLC 131, FBI 51, and ODAG 2** | **YES** | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 105; see also ¶¶ 82-89)** |
| OIPR 38 | DETERMINED TO BE NONRESPONSIVE | | | | | | |
| OIPR 41 | DETERMINED TO BE NONRESPONSIVE | | | | | | |
| OIPR 43 | DETERMINED TO BE NONRESPONSIVE | | | | | | |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OIPR 45 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 46 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 47 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 48 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 49 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 50 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 51 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 52 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 55 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| **OIPR 60** | **Draft of White Paper** | **(b)(5)** | **¶ 75** | | **SAME as OLC 116** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 129)** |
| OIPR 71 | Internal Email | (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OIPR 75 | Draft | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OIPR 82 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| OIPR 85 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 86 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 87 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 88 | | | DETERMINED TO BE NONRESPONSIVE | | | | |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OIPR 89 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 90 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 91 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 92 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 93 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 94 | Internal Email | (b)(1) (b)(3) (b)(5) | ¶¶ 54-58 | | | | Summary Judgment Granted (Mem. Op. at 15) |
| OIPR 95 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 97 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 98 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 99 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 100 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 101 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 102 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 103 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 104 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 105 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 106 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 113 | | | DETERMINED TO BE NONRESPONSIVE | | | | |
| OIPR 129 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 69-71 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| **OIPR 137** | **Briefing Materials** | **(b)(1) (b)(3) (b)(5)** | **¶¶ 72-76** | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 145; see also ¶¶ 115-18)** |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| OIPR 138 | Letter | (b)(1) (b)(3) (b)(5) | ¶¶ 39-41 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶ 48) |
| OIPR 139 | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 39-41 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 32, 34-36, 39) |
| OIPR 140 | Letter | (b)(1) (b)(3) (b)(5) | ¶¶ 39-41 | | | | Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 33-35, 38-39) |
| OIPR 141 | Internal Email Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 32-38 | | | | Summary Judgment Granted (Mem. Op. at 14) |
| OIPR 142 | Notes | (b)(1) (b)(3) (b)(5) (b)(6) | ¶¶ 66-68 | | | | Summary Judgment Granted (Mem. Op. at 16) |
| **DOCUMENTS REFERRED BY FBI** | | | | | | | |
| FBI 4 | Memo Client Communication | (b)(1) (b)(3) (b)(5) | ¶¶ 39-41 | | SAME as OLC 63 | | Subject of Renewed Motion (Second Bradbury Decl. ¶ 49; see also ¶¶ 29, 34-35, 37, 39) |

| NO. | DOCUMENT TYPE | APPLICABLE EXEMPTIONS | FOR JUSTIFICATION OF EXEMPTION, SEE DECLARATION OF STEVEN G. BRADBURY | SEE ALSO DECLARATION BY OTHER AGENCY OR COMPONENT* | DUPLICATE DOCUMENT | SUMMARY JUDGMENT GRANTED ON WITHHOLDING IN NYT LITIGATION | CURRENT LITIGATION STATUS |
|---|---|---|---|---|---|---|---|
| **FBI 5** | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 39-41 | | **SAME as OLC 64** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 50; see also ¶¶ 30, 34-36, 39)** |
| **FBI 7** | Memo | (b)(1) (b)(3) | ¶¶ 32-38 | | | | **Subject of Renewed Motion (Second Bradbury Decl. ¶¶ 51-52)** |
| FBI 18 | Letter | (b)(1) (b)(3) | ¶ 76 | | SAME as OLC 117 | | Summary Judgment Granted (Mem. Op. at 18) |
| FBI 19 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 54 | | Summary Judgment Granted (Mem. Op. at 16) |
| **FBI 42** | Memo | (b)(1) (b)(3) | ¶¶ 62-65 | | **SAME as OLC 113** | | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 106; see also ¶¶ 90-91)** |
| **FBI 51** | Memo | (b)(1) (b)(3) (b)(5) | ¶¶ 62-65 | | **SAME as ODAG 2, OLC 131 & OIPR 37** | YES | **Subject of Renewed Motion (Second Bradbury Decl. ¶ 107; see also ¶¶ 82-89)** |
| FBI 58 | Draft | (b)(1) (b)(3) (b)(5) | ¶¶ 66-68 | | Draft of OLC 54 | | Summary Judgment Granted (Mem. Op. at 16) |

# EXHIBIT B



# The Attorney General
Washington, D.C.

January 17, 2007

The Honorable Patrick Leahy
Chairman
Committee on the Judiciary
United States Senate
Washington, D.C.  20510

The Honorable Arlen Specter
Ranking Minority Member
Committee of the Judiciary
United States Senate
Washington, D.C.  20510

Dear Chairman Leahy and Senator Specter:

I am writing to inform you that on January 10, 2007, a Judge of the Foreign Intelligence Surveillance Court issued orders authorizing the Government to target for collection international communications into or out of the United States where there is probable cause to believe that one of the communicants is a member or agent of al Qaeda or an associated terrorist organization.  As a result of these orders, any electronic surveillance that was occurring as part of the Terrorist Surveillance Program will now be conducted subject to the approval of the Foreign Intelligence Surveillance Court.

In the spring of 2005—well before the first press account disclosing the existence of the Terrorist Surveillance Program—the Administration began exploring options for seeking such FISA Court approval.  Any court authorization had to ensure that the Intelligence Community would have the speed and agility necessary to protect the Nation from al Qaeda—the very speed and agility that was offered by the Terrorist Surveillance Program.  These orders are innovative, they are complex, and it took considerable time and work for the Government to develop the approach that was proposed to the Court and for the Judge on the FISC to consider and approve these orders.

The President is committed to using all lawful tools to protect our Nation from the terrorist threat, including making maximum use of the authorities provided by FISA and taking full advantage of developments in the law.  Although, as we have previously explained, the Terrorist Surveillance Program fully complies with the law, the orders the Government has obtained will allow the necessary speed and agility while providing substantial advantages.  Accordingly, under these circumstances, the President has

Letter to Chairman Leahy and Senator Specter
January 17, 2007
Page 2

determined not to reauthorize the Terrorist Surveillance Program when the current
authorization expires.

The Intelligence Committees have been briefed on the highly classified details of
these orders. In addition, I have directed Steve Bradbury, Acting Assistant Attorney
General for the Office of Legal Counsel, and Ken Wainstein, Assistant Attorney General
for National Security, to provide a classified briefing to you on the details of these orders.

Sincerely,

Alberto R. Gonzales
Attorney General


cc:    The Honorable John D. Rockefeller, IV
       The Honorable Christopher Bond
       The Honorable Sylvester Reyes
       The Honorable Peter Hoekstra
       The Honorable John Conyers, Jr.
       The Honorable Lamar S. Smith

# EXHIBIT C

## DETAILED LOG OF DOCUMENTS WITHHELD AS
## OLC 76 and ODAG 24

| NO. | DATE | DOCUMENT DESCRIPTION | PAGES |
|---|---|---|---|
| **OLC 76** | | | |
| OLC 76-1 | Various | Handwritten notes, all containing classified information, by OLC attorneys concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 44 |
| OLC 76-2 | 10/19/05 | Fax from OLC attorneys to General Counsel of Intelligence Agency attaching draft memorandum setting forth "preliminary views" concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 4 |
| OLC 76-3 | 02/07/06 | Two copies of document entitled "Affiliates to Discuss," concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 4 |
| OLC 76-4 | Undated | Two copies of a draft document discussing the procedures employed to establish probable cause to believe that a communication is to or from a member of al Qaeda or an al Qaeda-affiliated organization | 14 |
| OLC 76-5 | 01/31/06 | Email chain re: "Last DOJ Q&A," between OLC attorney and Intelligence Agency attorneys concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 1 |
| OLC 76-6 | 01/23/06 | Email chain re: Affiliated Groups," between OLC attorney and Intelligence Agency attorney concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 2 |
| OLC 76-7 | 01/19/06 | Agenda for meeting between OLC and the intelligence agencies identifying questions for discussion concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 3 |
| OLC 76-8 | 01/04/06 | Email chain between OLC attorney and Intelligence Agency employees transmitting intelligence information concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 3 |
| OLC 76-9 | 10/13/05 | Fax from DOJ attorney to Intelligence Agency attorney, transmitting comments and questions asking for additional details concerning consideration of international terrorist groups potentially affiliated with al Qaeda; attached is a one-page attachment listing certain groups that contains a significant amount of handwritten notes | 2+1 |
| OLC 76-10 | Undated | Document, marked "draft," containing information concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 1 |
| OLC 76-11 | 08/16/05 | Fax from OLC attorney to Intelligence Agency employee providing a list of international terrorist groups potentially affiliated with al Qaeda. | 2 |
| OLC 76-12 | 07/08/05 | Fax from Intelligence Agency staff to OLC attorney, transmitting, 07/06/05 Memo from Intelligence Agency official, re: Intelligence agency views concerning consideration of international terrorist groups potentially affiliated with al Qaeda; and requesting certain additional information from DOJ | 3 |
| OLC 76-13 | Undated | 15 copies of various versions of a list indicating OLC views concerning consideration of international terrorist groups potentially affiliated with al Qaeda; all are marked "preliminary draft for discussion"; all contain handwritten marginalia, notes, and/or highlighting | 76 |
| OLC 76-14 | Undated | Two copies of document entitled "Preliminary Draft for Discussion," concerning consideration of international terrorist groups potentially affiliated with al Qaeda, one with handwritten comments | 2 |

| NO. | DATE | DOCUMENT DESCRIPTION | PAGES |
|---|---|---|---|
| OLC 76-15 | Undated | Two copies of document, marked "draft," which sets forth a list of factors concerning consideration of international terrorist groups potentially affiliated with al Qaeda, one with handwritten comments and marginalia, and one page of annexed handwritten notes | 5 |
| OLC 76-16 | 06/17/05 | Fax from Intelligence Agency employee to OLC attorney transmitting Intelligence Agency report containing intelligence assessment of international terrorist activities for OLC's review concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 11 |
| OLC 76-17 | 06/16/05 | Fax from Intelligence Agency employee to OLC attorney transmitting Intelligence Agency response to DOJ questions concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 19 |
| OLC 76-18 | 06/16/05 | Four copies of document providing Intelligence Agency response to DOJ query concerning consideration of international terrorist groups potentially affiliated with al Qaeda, three with handwritten marginalia | 68 |
| OLC 76-19 | 06/14/05 | Memo to OLC Attorney from Intelligence Agency official re: Intelligence Agency interim views concerning consideration of international terrorist groups potentially affiliated with al Qaeda, with attachment, one-page classified document containing intelligence information | 3 |
| OLC 76-20 | 06/03/05 | Fax from Intelligence Agency attorney to OLC attorney transmitting lists of groups potentially affiliated with al Qaeda. | 4 |
| OLC 76-21 | 06/05/05 | Fax from OLC attorney to Intelligence Agency attorney transmitting a version of OLC 76-13 | 5 |
| OLC 76-22 | 05/19/05 | Three copies of fax from Intelligence Agency to OLC attorney attaching intelligence information relating to a particular individual; two with handwritten comments, marginalia, and highlighting. | 9 |
| OLC 76-23 | 05/16/05 | Three copies of fax from Intelligence Agency to OLC attorneys re: "Questions and Answers for OLC," transmitting Intelligence Agency response to DOJ questions concerning consideration of international terrorist groups potentially affiliated with al Qaeda, two with handwritten comments and marginalia | 27 |
| OLC 76-24 | 04/20/05 | Three copies of fax from Intelligence Agency to OLC attorney transmitting Intelligence Agency response to DOJ request for intelligence information concerning consideration of international terrorist groups potentially affiliated with al Qaeda with handwritten comments, marginalia and/or attached post-its. | 78 |
| OLC 76-25 | 04/19/05 | Fax from Intelligence Agency to OLC attorney transmitting Intelligence Agency Response to DOJ request for intelligence information concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 27 |
| OLC 76-26 | 04/05/05 | Fax from Intelligence Agency to OLC attorney transmitting intelligence information concerning consideration of international terrorist groups potentially affiliated with al Qaeda, with handwritten comments and marginalia | 16 |
| OLC 76-27 | 03/16/05 | Classified Intelligence Agency report discussing the designation of a particular group as a Foreign Terrorist Organization | 4 |
| OLC 76-28 | 03/22/05 | Three copies of a draft chart, one printed 03/22/05, two undated, concerning consideration of international terrorist groups potentially affiliated with al Qaeda; undated copies contain handwritten comments and marginalia | 6 |
| OLC 76-29 | 05/06/04 | Fax from Intelligence Agency attorney to OLC attorney attaching list of international terrorist groups potentially affiliated with al Qaeda | 2 |
| OLC 76-30 | 05/06/04 | Fax from Intelligence Agency attorney to OLC attorney transmitting list of international terrorist groups potentially affiliated with al Qaeda | 5 |

| NO. | DATE | DOCUMENT DESCRIPTION | PAGES |
|---|---|---|---|
| OLC 76-31 | 10/20/05 | Three copies of fax from Intelligence Agency attorney to OLC attorney transmitting recommended criteria concerning consideration of international terrorist groups potentially affiliated with al Qaeda, with handwritten comments and marginalia | 15 |
| OLC 76-32 | 03/29/04 | Fax from Intelligence Agency attorney to OLC attorney attaching chart listing international terrorist groups potentially affiliated with al Qaeda | 2 |
| OLC 76-33 | 09/20/04 | Classified Intelligence Agency report, discussing intelligence information concerning international terrorist groups potentially affiliated with al Qaeda | 17 |
| OLC 76-34 | 07/28/03 | Classified Intelligence Agency report, discussing intelligence information related to possible terrorist activity in a particular region of the world, with highlighting | 14 |
| OLC 76-35 | 09/--/05 | Classified Intelligence Agency report, discussing intelligence information relating to international terrorism. | 38 |
| OLC 76-36 | 09/01/04 | Classified Intelligence Agency report, discussing intelligence information relating to a potential terrorist threat | 3 |
| OLC 76-37 | 06/01/04 | Fax from Intelligence Agency attorney to OLC attorney transmitting two sets of charts listing international terrorist groups potentially affiliated with al Qaeda. | 8 |
| **ODAG 24** | | | |
| ODAG 24-1 | Undated | Three versions of OLC 76-13, all marked as "preliminary draft for discussion," two with handwritten comments and marginalia | 12 |
| ODAG 24-2 | 07/06/05 | Fax from Intelligence Agency to ODAG Attorney transmitting OLC 76-12 and OLC 76-19 | 6 |
| ODAG 24-3 | | COPY OF OLC 76-11 | 2 |
| ODAG 24-4 | | COPY OF OLC 76-16 | 11 |
| ODAG 24-5 | | COPY OL OLC 76-26 | 16 |
| ODAG 24-6 | | COPY OF OLC 76-28, with handwritten comments | 2 |
| ODAG 24-7 | 03/30/05 | Fax from OLC attorney to Intelligence Agency attorney, transmitting list of international terrorist groups potentially affiliated with al Qaeda. | 3 |
| ODAG 24-8 | 12/03/03 | Intelligence Agency information re: international terrorist groups potentially affiliated with al Qaeda | 1 |
| ODAG 24-9 | Undated | Two copies of classified Intelligence Agency briefing slide containing intelligence information regarding the activities of al Qaeda and certain of its affiliates. | 2 |
| ODAG 24-10 | 06/10/05 | Fax from Intelligence Agency to OLC attorney transmitting two documents containing intelligence information concerning consideration of international terrorist groups potentially affiliated with al Qaeda | 6 |
| ODAG 24-11 | Various | Handwritten notes concerning international terrorist groups potentially related to al Qaeda | 4 |
| ODAG 24-12 | 06/16/05 | Copy of OLC 76-18, with handwritten comments and marginalia | 17 |
| ODAG 24-13 | 06/14/05 | Copy of OLC 76-19 | 3 |

# EXHIBIT A