IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Civil No. 06-00096 (HHK) |
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Civil No. 06-00214 (HHK) |

**SECOND REDACTED DECLARATION OF J. PATRICK ROWAN**

I, J. Patrick Rowan, declare as follows:

1. **(U)** I am a Deputy Assistant Attorney General in the National Security Division of the Department of Justice. I have served in this position since September 2006. Prior to my appointment to this position, I have served in several different positions within the Department of Justice ("Department"), including as an Associate Deputy Attorney General in the Office of Deputy Attorney General ("ODAG"), as a Senior Counsel to the Assistant Attorney General for the Criminal Division, and as an Assistant United States Attorney for the District of Columbia.

2.  **(U)** I provide this declaration in response to the Court's Memorandum Opinion and Order of September 5, 2007 ("Mem. Op."), requesting further information concerning the Department's determination to withhold certain documents in response to Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests made by the Electronic Privacy Information Center ("EPIC"), the American Civil Liberties Union ("ACLU"), and the National Security Archive Fund ("NSAF"). Those FOIA requests sought information from ODAG and other Department components regarding the Terrorist Surveillance Program ("TSP"), a classified foreign intelligence collection program authorized by the President after the attacks of September 11, 2001.

3.  **(U)** This declaration is based on my personal knowledge, information, and belief, and on information disclosed to me in my various capacities in the Department. This declaration also supplements, incorporates, and relies upon my previous declaration filed in this matter, the In Camera, Ex Parte Declaration of J. Patrick Rowan, dated September 14, 2006 (cited herein as "Rowan Decl."), which provided the reasons for withholding under FOIA the five records or categories of records processed by ODAG in response to plaintiffs' FOIA requests. This declaration also relies upon the In Camera, Ex Parte Declaration of John D. Negroponte, the former Director of National Intelligence, dated September 7, 2006 (cited herein as "DNI Decl."), which I understand was filed an exhibit to a Declaration of Stephen G. Bradbury, the Principal Attorney General for the Department's Office of Legal Counsel.[1]

4.  **(U)** In its September 5, 2007, Order, the Court sought further information regarding four of the five records or categories of records withheld by ODAG, specifically ODAG 36, 37, 59, and 64. The Court granted summary judgment as to the fifth record, ODAG 39, a draft memorandum. This Declaration addresses the four remaining records or categories of records and

---

[1] (U) In February 2007, J. Michael McConnell replaced Ambassador Negroponte as the Director of National Intelligence.

provides further information in support of the Department's determination to withhold these records under FOIA.

## (U) CLASSIFICATION OF DECLARATION

5. **REDACTED**

6. **REDACTED**

7. **REDACTED**

8. **REDACTED**

## (U) ADDITIONAL JUSTIFICATION FOR WITHHOLDINGS

### ODAG 36, 59, and 64

9. (U) Three of the records or categories of records as to which the Court has sought further information, specifically, ODAG 36, 59, and 64, consist of classified filings made in various federal district courts in response to a request or a motion by a federal criminal defendant for information regarding NSA activities and/or the TSP; drafts of such filings; and internal deliberative exchanges between law enforcement and intelligence agency (collectively, "client agency") personnel and DOJ attorneys and attorney notes concerning such filings. Attached hereto as Exhibit A is an index of these documents.

10. (U) As that index demonstrates, these withheld documents fall into several categories: (1) classified filings made in the federal district courts, and filed under the provisions of the Classified Information Procedure Act, 18 U.S.C. App. 3, identified on the index as Category A; (2) communications between Department attorneys and client agency personnel concerning criminal defendant(s)/targets of investigation, which contain discussions of litigation strategy or of intelligence or investigatory information provided to Department attorneys in the context of their representation of the United States in federal criminal cases, identified on the index as Category B;

and (3) drafts and notes created by Department attorneys in the course of producing litigation submissions, identified on the index as Category C.

11.  (U) As described in my prior declaration, information contained in the classified filings (or in the drafts, internal exchanges, or notes), about who might be the target of a sensitive foreign intelligence activity or that would tend to reveal the scope of that activity cannot be disclosed without causing exceptionally grave harm to the national security. See DNI Decl. ¶ 35. Moreover, for all of the reasons set forth in the Declaration of the former DNI, any responsive portions of these documents that discuss the operation of the TSP or its targets are classified. See id. ¶¶ 22-34. For these reasons, the final classified filings withheld by ODAG were each made under the provisions of the Classified Information Procedures Act, 18 U.S.C. App. 3, and were not provided to the criminal defendant or to his counsel on the grounds that the information contained therein was classified.

12.  (U) The public disclosure of any information that tends to confirm or deny whether an individual is a target of the TSP, or any other sensitive intelligence activity, would necessarily expose the sources and methods used by the United States Intelligence Community. In particular, confirmation or denial would disclose specifically, and in a more general sense, who is and is not being targeted – thus compromising U.S. intelligence collection methods and revealing to our adversaries clues regarding those individuals who may or may not be secure sources for communication, or, more broadly, the methods being used to conduct surveillance. Moreover, confirming that someone is not being targeted becomes unworkable, and itself revealing, in cases where an individual may, indeed, be targeted. A refusal to confirm or deny only in cases where surveillance is occurring, of course, would effectively disclose and compromise that surveillance. Thus, the only true option to protect intelligence collection mechanisms is to neither confirm nor deny whether someone has been targeted or subject to intelligence collection, regardless of whether the individual has been targeted. To say otherwise when challenged in litigation would result in the

frequent, routine exposure of intelligence information, sources, and methods and would severely undermine surveillance activities in general, causing grave harm to U.S. national security. See DNI Decl. ¶ 35.

13.    (U) For these reasons, because the documents filed in the various criminal cases were filed in response to inquiries concerning the identification of targets of the TSP, they (as well as their drafts and the related deliberative exchanges and notes) cannot be disclosed regardless of whether the filings confirm or deny the allegation of surveillance under the TSP to which they responded. Moreover, each of the submissions filed in the federal criminal cases was filed without publicly revealing either the length or complexity of the filings, or the identities of Government employees who submitted sworn declarations, because to do so would risk compromising sensitive intelligence information and activities. All of this information, accordingly, is properly withheld under Exemptions One and Three of FOIA.

14.    (U) In addition, the drafts or inter- or intra-agency deliberative exchanges relating to the preparation of these filings contained within OLC 36, 59 and 64 cannot be disclosed without interfering with the need for full and frank exchanges of suggestions and ideas among interested government agencies free from public scrutiny or without compromising the necessity for attorneys to be able to develop and prepare court filings in litigation or in anticipation of litigation in confidence. These documents are thus protected by the deliberative process privilege and the attorney work product doctrine, and, as such, are properly withheld in their entireties under Exemption Five.

15.    (U) Finally, classified intelligence or law-enforcement investigatory information contained in OLC 36, 59, and 64, and conveyed to the Department by the client agencies for use or information in the prosecution of federal criminal cases is both protected by the attorney work product doctrine because this information was compiled at the request of Department attorneys in the

5

course of their representation of the United States in pending litigation, and cannot be disclosed without compromising classified information relating to intelligence sources and methods. To identify the information that the Government has been able to gather in the course of its terrorism investigations, where not otherwise introduced as evidence in a criminal case, would be to provide terrorism suspects and others with interests adverse to United States national security critical information about the scope and reach of U.S. counterterrorism intelligence and investigatory efforts. The disclosure of such information would identify targets of U.S. law enforcement and intelligence activity, to the detriment of U.S. intelligence gathering as described above, and would alert those who might choose to obscure their activities.

16.    **(U)** All of the documents identified on the Index as comprising ODAG 36, 59, and 64, accordingly, were properly withheld under FOIA.

### ODAG 37

17.    **(U)** The fourth document as to which the Court has requested additional information, ODAG 37, is a ten-page memorandum, dated May 4, 2005, prepared by me in my capacity as Senior Counsel to the Assistant Attorney General for the Criminal Division. The memorandum was prepared at the request of the Assistant Attorney General and memorializes the status of ongoing legal analysis.

18.    **REDACTED**

19.    **REDACTED**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _10-18-2007_

J. PATRICK ROWAN
Deputy Assistant Attorney General
National Security Division

6

# EXHIBIT A

# DETAILED LOG OF DOCUMENTS WITHHELD AS
# ODAG 36, ODAG 59, and ODAG 64

| NO. | DATE | CATEGORY CODE | DOCUMENT DESCRIPTION | PAGES |
|---|---|---|---|---|
| ODAG 36 ||||| 
| ODAG 36-1 | Undated | C | Two drafts of declaration for submission in *United States of America v. Yassin Muhiddin Aref & Mohammed Mosharaff Hossain* (N.D.N.Y.), one with handwritten comments and marginalia | Classified |
| ODAG 36-2 | Undated | C | Handwritten notes relating to *Aref* case | 1 |
| ODAG 36-3 | 08/19/05 | B | Email message between Department attorneys discussing intelligence information relating to *Aref* case. | 3 |
| ODAG 36-4 | Undated | B | Intelligence information relating to *Aref* | 13 |
| ODAG 59 |||||
| ODAG 59-1 | 03/09/06 | A | *Ex parte, in camera* classified filing of the United States, *filed under seal* in *United States v. Ahmad Omar Abu Ali*, Criminal Case No. 05-53 (E.D. Va.) | Classified |
| ODAG 59-2 | 03/09/06 | A | Government's *In Camera, Ex Parte* classified filing in *United States of America v. Yassin Aref & Mohammad Hossain*, Criminal Case No. 04-402 (N.D.N.Y.) | Classified |
| ODAG 59-3 | 03/23/06 | A | Government's *Ex Parte, In Camera* classified filing in *United States v. Musa Karim & Ann Njeri Kasim*, Criminal Case No. 10264-DPW (D. Mass.) | Classified |
| ODAG 59-4 | 03/23/06 | A | Government's *Ex Parte, In Camera* classified filing in *United States v. Hamid Hayat & Umer Hayat*, Criminal Case No. 05-240 (E.D. Cal.) | Classified |
| ODAG 59-5 | 03/28/06 | A | Government's *Ex Parte, In Camera* classified filing in *United States v. Ali Asad Chandia & Mohammed Ajmal Khan*, Criminal Case No. 05-401 (E.D. Va.) | Classified |
| ODAG 59-6 | 03/22/06 | C | Handwritten notes of ODAG attorney relating to filing to be made in *United States v. Ali Asad Chandia & Mohammed Ajmal Khan*, Criminal Case No. 05-401 (E.D. Va.) | 6 |
| ODAG 59-7 | 06/24/04 | B | Communication from client agency containing investigative information concerning criminal defendant(s)/target of investigation | 8 |
| ODAG 59-8 | 06/20/03 | B | Communication from client agency containing investigative information concerning criminal defendant(s)/target of investigation | 3 |

| NO. | DATE | CATEGORY CODE | DOCUMENT DESCRIPTION | PAGES |
|---|---|---|---|---|
| ODAG 59-9 | 06/30/03 | B | Communication from client agency containing investigative information concerning criminal defendant(s)/target of investigation | 4 |
| ODAG 59-10 | 03/17/06 | B | Copy of email message between client agency personnel discussing investigative information concerning criminal defendant(s)/target of investigation | 5 |
| ODAG 59-11 | 02/09/06 | B | Email message from client agency attorney to ODAG Attorney, transmitting investigative information concerning criminal defendant(s)/target of investigation, and attaching ODAG 59-8 and ODAG 59-9 | 9 |
| ODAG 59-12 | Undated | C | Drafts of classified materials at ODAG 59-2, with handwritten comments and marginalia | Classified |
| ODAG 59-13 | 03/23/03 | B | Communication from client agency containing investigative information concerning criminal defendant(s)/target of investigation | 4 |
| ODAG 59-14 | 01/10/06 | C | Email between Assistant United States Attorneys transmitting draft letter for review and comment | 3 |
| ODAG 59-15 | 12/30/05 | C | Draft letter | 2 |
| ODAG 59-16 | Undated | C | Handwritten notes relating to various criminal cases, identifying information received from intelligence agencies and tasks to complete | 31 |
| ODAG 59-17 | 02/16/06 | B | Classified email between client agency attorneys, other client agency personnel, and Department personnel discussing investigative information concerning criminal defendant(s)/target of investigation, | 2 |
| ODAG 59-18 | Undated | C | Outline of potential argument | 1 |
| ODAG 59-19 | 03/03/03 | B | Client agency communication containing investigative information concerning criminal defendant(s)/target of investigation | 3 |
| ODAG 59-20 | 03/06/03 | B | Copy of client agency report containing investigative information concerning criminal defendant(s)/target of investigation | 13 |
| ODAG 59-21 | 03/01/06 | C | Facsimile from Assistant United States Attorney to ODAG transmitting draft filing for comment and review | 3 |
| ODAG 59-22 | 01/19/06 | A | Government's *Under Seal, In Camera, Ex Parte* Opposition to Defendants' Motion to Stay Proceedings Pending Action by the Foreign Intelligence Surveillance Court in *United States v. Rosen*, Criminal Case No. 05-0225 (E.D. Va.) | Classified |
| ODAG 59-23 | Undated | C | Draft of ODAG 59-26, with handwritten comments and marginalia | Classified |
| ODAG 59-24 | 02/10/06 | C | Email message between DOJ attorneys seeking advice about responding to Court Order in *United States v. Rosen*, Criminal Case No. 05-225 (E.D. Va.) | 2 |
| ODAG 59-25 | Undated | C | Draft filing in *United States v. Albanna*, Criminal No. 02-255 (W.D.N.Y.) | 4 |
| ODAG 59-26 | Undated | C | Drafts of classified materials at ODAG 59-4, with handwritten comments and marginalia | Classified |
| ODAG 59-27 | 06/15/05 | B | Client agency communication containing investigative information concerning criminal defendant(s)/target of investigation | 9 |
| ODAG 59-28 | 12/28/05 | B | Email chain between client agency personnel and DOJ attorneys regarding requests for information by Court in *United States v. Mohammed Warsame* (D. Minn.) | 3 |

| NO. | DATE | CATEGORY CODE | DOCUMENT DESCRIPTION | PAGES |
|---|---|---|---|---|
| ODAG 59-29 | Undated | C | Draft declaration for filing in *United States of America v. Holy Land Foundation for Relief and Development*, Criminal No. 04-29 (N.D. Tex.) | Classified |
| **ODAG 64** | | | | |
| ODAG 64 | Various | C | Computer Disks containing draft briefs and declarations related to *Abu Ali* (4 files); *Albanna* (4 files); *Aref* (5 files + one nonresponsive file) | Classified |