UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br> v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No. 06-cv-0096 (HHK) |
| AMERICAN CIVIL LIBERTIES UNION, *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No.06-cv-0214 (HHK)<br><br>**CONSOLIDATED CASES** |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
RENEWED CROSS-MOTION FOR *IN CAMERA* REVIEW**

Plaintiffs submit this short reply in order to clarify the scope of the remaining dispute and to underscore the importance of conducting *in camera* review here, particularly with respect to the vital Office of Legal Counsel ("OLC") memos that defendant is improperly withholding.

As plaintiffs explained in their Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment and in Support of Plaintiffs' Renewed Cross-Motion For *In Camera* Review ("Pl. Second Mem.") [58], plaintiffs are challenging the withholding of all records except: (1) documents for which the Court has already granted summary judgment, (2) documents as to which plaintiffs have expressly withdrawn their withholding challenges (these

records were identified in Pl. Second Mem. at 8 n.6), and (3) drafts. *See* Pl. Second Mem. at 36-37. While defendant asserts throughout its latest filing that plaintiffs failed to oppose summary judgment or now concede proper withholding of certain records, that is incorrect. *See* Defendant's Opposition to Plaintiffs' Renewed Motion for *In Camera* Review and Reply in Support of Defendant's Renewed Motion for Summary Judgment ("Def. Opp/Reply") [60] at 2, 3, 5, 6, 7 n.3, 24 n.12, 26. Some of the records listed by defendant as newly conceded were, according to defendant's own assertions in its renewal memoranda, either addressed in the Court's prior opinion (OLC 41, OLC 43, OLC 71, OLC 77, OLC 79, OLC 94, OLC 123) or are drafts (ODAG 36-1, ODAG 59-12, ODAG 59-15, ODAG 59-23, ODAG 59-25, ODAG 59-26, ODAG 59-29, OLC 46/ODAG 54, OIPR 73), and are therefore records which plaintiffs agreed not to challenge but have not conceded are properly withheld. *See* Second Redacted Declaration of Steven G. Bradbury Exh. A; Second Redacted Declaration of J. Patrick Rowan Exh. A. One record (ODAG 13) has never been mentioned in defendant's submissions and so plaintiffs were not aware of its existence and have not conceded it is properly withheld.

Defendant is correct that plaintiffs only addressed arguments as to specific exemption claims relating to OLC 51, OLC 63/FBI 4, OLC 114, OLC 115/ODAG 3, OIPR 139, OIPR 140, FBI 7, OLC 16/ODAG 38, OLC 54/ODAG 1/OIPR 28, OLC 59/OIPR 29, OLC 62/ODAG 52, OLC 85, OLC 129/ODAG 6, OLC 131/ODAG 2/OIPR 37/FBI 51, OLC 132/ODAG 5, OLC 146, OLC 113/FBI 42, ODAG 42, FBI 301, FBI 302, FBI 303, FBI 8, FBI 173, FBI 175, FBI 176, FBI 178, FBI 193, FBI 194, FBI 195, and FBI 310, because defendant has not proven that those records are exempt from disclosure. *See* Pl. Second Mem. at 8-33. Plaintiffs, however, also challenged the withholding of all remaining records because defendant failed to conduct an adequate segregability analysis. *Id.* at 33-38. These include records that defendant now wrongly

asserts plaintiffs have conceded, including ODAG 24, OLC 76, ODAG 36-2 through ODAG 36-4, ODAG 37, ODAG 59-1 through ODAG 59-11, ODAG 59-13 through ODAG 59-14, ODAG 59-16 through ODAG 59-22, ODAG 59-24, ODAG 59-27 through ODAG 59-28, ODAG 64, OIPR 64, OLC 7, OLC 145, OLC 200, ODAG 15, ODAG 23, OIPR 9, OLC 7, OLC 65/OIPR 137, OLC 80/ODAG 34, OLC 81, OLC 82, OLC 125/ODAG 41, OLC 126/OIPR 13, OLC 134, OLC 64, ODAG 40, OLC 133, FBI 299, FBI 41, FBI 126, FBI 128, FBI 129, FBI 139, FBI 141, FBI 143, FBI 144, FBI 145, FBI 148, FBI 168, FBI 189, FBI 195, FBI 240, FBI 242, FBI 269, FBI 270, FBI 271, FBI 274, FBI 275, FBI 286, FBI 287, FBI 306, FBI 306, FBI 315, FBI 114, FBI 134, FBI 166, FBI 171, FBI 239, FBI 313, FBI 314, FBI 316, FBI 318, FBI 3, FBI 9, FBI 10, FBI 13, FBI 17, FBI 26, FBI 32, FBI 33, FBI 57, FBI 90, FBI 115, FBI 136, FBI 137, FBI 138, FBI 241, FBI 282, FBI 288, FBI 289, FBI 290, FBI 291, FBI 294, FBI 295. *See* Def. Opp/Reply at 2, 3, 5, 6, 7 n.3, 24 n.12, 26. Plaintiffs have made no such concessions. Pl. Second Mem. at 36-37.

Defendant's filings only underscore the need for *in camera* review here. Defendant withholds records in their entirety, but has wholly failed to demonstrate that it has conducted an adequate segregablity analysis. Pl. Second Mem. 33-38. Particularly given that defendant has withheld in their entirety records that merely "contain" exempt information, in light of defendant's sweeping and conclusory statements about the need to withhold entire records, and because there is an exceedingly strong public interest in the release of records pertaining to the NSA's warrantless surveillance program, *in camera* review is warranted. Moreover, because large portions of defendant's submissions asserting withholding justifications are redacted and unavailable to plaintiffs, *in camera* review by this Court is the only way to evaluate defendant's claims and retain some measure of an adversarial process. *Id.* at 36.

*In camera* review of the withheld OLC memos is particularly warranted and, in fact, vital. For the reasons thoroughly discussed in Pl. Second Mem., defendant is not legally entitled to withhold final, binding legal opinions. Pl. Second Mem. at 8-33. Indeed, the defendant's reference to the Department of Justice's 42-page White Paper, which sets forth the alleged legal basis for the warrantless NSA's warrantless surveillance program, Def. Opp/Reply at 11, is not only disingenuous, it undercuts defendant's argument. It indicates that defendant has, in fact, adopted final policies with respect to the legal basis for the program. As defendant itself states, the White Paper sets forth "the official view of the Department." *Id.* The reasoning behind these final, adopted policies is likely found in the OLC memos. The OLC memos are additional records in the possession of the agency to which plaintiffs are entitled under the Freedom of Information Act. The suggestion that since defendant has released the White Paper, the public is not entitled to other agency records that set forth the government's final policy and legal positions with respect to the legality of the NSA warrantless surveillance program is specious, and undermines the entire purpose of the FOIA – that the public have a full understanding of agency action. Under this theory, the government could shield final legal opinions (and any other agency documents) from review, and evade its obligations under FOIA entirely, simply by publishing other records on the subject at issue – even press releases and "position papers" like the White Paper. This cannot be correct, particularly with respect to OLC legal memos which uniquely carry the force of law. *See* Pl. Second Mem. at 18-19.

Plaintiffs are entitled to all segregable portions of all records that are improperly withheld. *In camera* review of the withheld records may be the only way to vindicate plaintiffs'

4

rights under the FOIA because defendant has failed to adequately justify withholding these records in their entirety.[1]

## CONCLUSION

For the foregoing reasons, and those stated in plaintiffs' renewed opposition, the Court should deny defendant's renewed motion for summary judgment and grant plaintiffs' renewed cross-motion for *in camera* review.

Respectfully submitted,

/s/ *Arthur B. Spitzer*
_____
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
   of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
Phone: (202) 457-0800
Fax: (202) 452-1868

Nasrina Bargzie
Melissa Goodman
Jameel Jaffer
American Civil Liberties Union Foundation

---

[1] Defendant's opposition to *in camera* review devotes substantial attention to the general law concerning attorney client privilege and presidential communications privilege, but does not attempt to cure the significant weaknesses in defendant's Exemption 5 claims. As noted in Pl. Second Mem., defendant has not made any effort to specifically apply the attorney client privilege to the individual records still at issue. Pl. Second Mem. at 27-28, 29-30. Defendant still has not provided details that demonstrate the records are confidential legal advice concerning the agency, as opposed to neutral analysis of the law, which does not qualify for the privilege. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.3d 854, 863 (D.C. Cir. 1980). If the privilege is accepted on this record and without *in camera* review, then it potentially greatly expands the historic reach of the privilege over records prepared by government lawyers. With respect to the presidential communications privilege, defendant's opposition does no more than its motion for summary judgment. The privilege does not apply to every record that is seen by the President. Yet, defendant makes no effort to explain why the privilege applies to the records in this case, such as whether the records are advisory or reveal the mental processes of the President. Again, accepting the privilege on this record would greatly expand its reach and potentially put high level memoranda that traditionally have been releasable under FOIA out of reach in the future.

       125 Broad St., 18th Floor
       New York, NY 10004
       Phone: (212) 519-7814
       Fax: (212) 549-2683

       Meredith Fuchs (D.C. Bar No. 422825)
       The National Security Archive Fund, Inc.
       The George Washington University
       Gelman Library, Suite 701
       2130 H Street, N.W.
       Washington, D.C. 20037

       Marc Rotenberg (D.C. Bar No. 422825)
       John Verdi (D.C. Bar No. 495764)
       Electronic Privacy Information Center
       1718 Connecticut Avenue, NW
       Suite 200
       Washington, DC 20009-1148
       Phone: (202) 483-1209
       Fax: (202) 483-1278

       *Counsel for Plaintiffs*

February 6, 2008