UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No. 06-cv-0096 (HHK) |
| AMERICAN CIVIL LIBERTIES UNION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No. 06-cv-0214 (HHK)<br><br>CONSOLIDATED CASES |

**PLAINTIFFS' NOTICE OF FILING**

Plaintiffs submit this Notice of Filing to inform the Court of recent disclosures by the Department of Justice ("DOJ" and "Department") that impact the Court's *in camera* review of the Office of Legal Counsel ("OLC") memos pertaining to the National Security Agency ("NSA") warrantless wiretapping program that remain at issue in this Freedom of Information Act ("FOIA") case. On March 2, 2009, the DOJ released several OLC memos that had

1

previously been kept secret in their entirety. The public release of these memos supports the disclosure of the OLC memos Plaintiffs seek here, and undermines the government's asserted justifications for withholding the records. Defendant also made public statements that further underscore the great public interest in these OLC memos and the need to make them available to the public as expeditiously as possible.

### The DOJ's March 2, 2009, Release of OLC Memos

As this Court is aware, Plaintiffs seek, through FOIA, the disclosure of records concerning the NSA's warrantless electronic surveillance of Americans within the United States. The DOJ asserts that the records are properly withheld pursuant to FOIA Exemptions 1, 3, and 5. Memorandum Opinion and Order, Oct. 31, 2008, at 3. On October 31, 2008, the Court found that the Department provided insufficient information to support withholding the documents in full, and ordered the DOJ to submit for *in camera* review ten memoranda[1] authored by the Office of Legal Counsel (the "OLC Memos"). *Id*. at 10, 16, 21, 27. The DOJ provided copies of the OLC Memos to the Court on November 17, 2008.

On March 2, 2009, the DOJ disclosed several OLC memos and opinions prepared in the wake of 9/11 that had previously been kept secret in their entirety, including some concerning warrantless surveillance and other controversial claims of presidential authority. *See* Press Release, *Department of Justice Releases Nine Office of Legal Counsel Memoranda and Opinions*, U.S. Department of Justice, Mar. 2, 2009, *available at* http://www.usdoj.gov/opa/pr/2009/March/09-ag-181.html, Exhibit 1 hereto. In announcing the release of the opinions, the Attorney General acknowledged "the legitimate and substantial

---

[1] The ten records are identified for purposes of this litigation as OLC 16/ODAG 38, OLC 54/ODAG 1/OIPR 28, OLC 59/OIPR 29, OLC 62/ODAG 52, OLC 85, OLC 129/ODAG 6, OLC 131/ODAG 2/OIPR 37/FBI 51, OLC 132/ODAG 5, OLC 113/FBI 42, and ODAG 42.

public interest in many of the questions raised in those opinions." *Id*. The documents released on March 2, 2009, reference the government's warrantless surveillance power, but do not include the legal basis for the warrantless wiretapping program. This vital information is contained in the OLC memos that are the subject of *in camera* review here.

The DOJ did not disclose any of the ten OLC memos at issue in this case. However, the DOJ released a document that appears to describe one of the OLC memos that has been submitted here for *in camera* review. Among the memos the DOJ made public was a January 15, 2009, OLC memorandum (the "January 15 Memo") that disavows several opinions issued by the OLC between 2001 and 2003 concerning presidential authority and warrantless surveillance. *See* Memorandum For the Files re: Status of Certain OLC Opinions Issued in the Aftermath of the Terrorist Attacks of September 11, 2001, Steven G. Bradbury, Principal Deputy Assistant Attorney General (Jan. 15, 2009), *available at* http://www.usdoj.gov/opa/documents/memostatusolcopinions01152009.pdf, Exhibit 2 hereto. One of the disavowed memos the January 15 Memo describes—Document #6—appears to be a document known as OLC 62/ODAG 52 ("OLC 62") in this litigation.[2] *Id*. at 6-7. The January 15 Memo states that OLC 62 "relie[s] upon a doubtful interpretation of the Foreign Intelligence Surveillance Act ('FISA')," which alleges that FISA does not "restrict presidential authority to conduct warrantless surveillance activities in the national security area." *Id*. at 6. The January 15 Memo notes that all other DOJ opinions founded on this premise "have been withdrawn or

---

[2] OLC 62 is "a February 8, 2002, memorandum from a Deputy Assistant Attorney General in OLC to the General Counsel of another federal agency." Second Bradbury Decl. ¶ 83(d). The January 15 Memo describes "Document 6" as a February 8, 2002, memorandum from John C. Yoo (a Deputy Assistant Attorney General) to William J. Haynes, II (the general counsel of another federal agency). It seems clear that OLC 62 in this lawsuit and "Document #6" in the January 15 Memo are one and the same.

3

superseded" and warns that "caution should be exercised before relying in any respect on [OLC 62] as a precedent of OLC." *Id*. at 6-7.

Also on March 2, 2009, the DOJ released two memoranda that relate to warrantless surveillance, the subject of Plaintiffs' initial FOIA requests, but do not appear to have been identified or produced (even for *in camera* inspection) in this litigation. *See* Memorandum from John C. Yoo, Deputy Assistant Attorney General, and Robert J. Delahunty, Special Counsel, to Alberto R. Gonzalez, Counsel to the President re: Authority for Use of Military Force to Combat Terrorist Activities Within the United States (Oct. 23, 2001), *available at* http://www.usdoj.gov/opa/documents/memomilitaryforcecombatus10232001.pdf, Exhibit 3 hereto (the "October 23 Memo"); Memorandum from John C. Yoo, Deputy Assistant Attorney General, to David. S. Kris, Associate Deputy Attorney General re: Constitutionality of Amending Foreign Intelligence Surveillance Act to Change "Purpose" Standard for Searches (Sept. 25, 2005), *available at* http://www.usdoj.gov/opa/documents/memoforeignsurveillanceact09252001.pdf, Exhibit 4 hereto (the "September 25 Memo"). Incredibly, the October 23 Memo asserts that the Fourth Amendment does not apply to military actions aimed at investigating or preventing terrorist activity on U.S. soil. The memorandum suggests that warrantless domestic surveillance would be lawful if "the action was authorized by the President or other high executive branch official." Exhibit 3 at 2, 22-37. The September 25 memo discusses how "the government could conduct searches to obtain foreign intelligence without satisfying all of the requirements applicable in the normal Fourth Amendment context." Exhibit 4 at 3.

### The March 2, 2009, Release Undermines the DOJ's Justifications for Withholding the OLC Memos

The DOJ's March 2, 2009, disclosures highlight the shortcomings of Defendant's position

4

in this litigation. The DOJ has consistently argued that the OLC Memos must be withheld in their entirety and that no portions of the OLC Memos are reasonably segregable from any properly withheld material. Second Bradbury Decl. ¶ 88; *see also* Oct. 31, 2008, Memorandum Opinion at 10. Yet the January 15 Memo publicly describes OLC 62, as well as several other OLC memos that remain entirely secret. Exhibit 2 at 6-8. The January 15 Memo contains more than a full, single-spaced page discussing the contents of OLC 62, complete with a summary of OLC 62's core legal foundations. *Id*. (stating that OLC 62 "relie[s] upon a doubtful interpretation of the Foreign Intelligence Surveillance Act ('FISA')," which alleges that FISA does not "restrict presidential authority to conduct warrantless surveillance activities in the national security area."). Any privileges that the Department might claim under Exemption 5 of the FOIA with regard to OLC 62 are clearly waived by the fulsome public description of the contents of the memorandum.

It is simply untenable for the Department to claim that OLC 62 contains only exempt material when the Department willingly disclosed critical details of OLC 62's content to the public on March 2, 2009. The January 15 Memo demonstrates that OLC 62 is, at least in part, a legal analysis. Such legal analysis itself is not properly the subject of classification. *Compare with* Executive Order 12953, as amended, § 1.4(a) (Identifying the categories of information that are properly classifiable). Further, the description of OLC 62 in the January 15, 2009 Memorandum has rendered the information public, and such public information can no longer be classified. *See Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990) (holding "that when information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim."). Thus, the March 2, 2009 disclosures confirm that Plaintiffs and the Court were right to be skeptical of the DOJ's segregability analysis, not just

with respect to OLC 62 but with respect to all ten OLC memos at issue here.

The January 15 Memo also confirms that OLC 62 was a final agency opinion of the sort that must be disclosed under FOIA. *See* 5 U.S.C. § 552(a)(2)(A) (requiring agencies to make public "final opinions"). The DOJ denies that the OLC Memos are "final opinions." *See* October 31, 2008, Memorandum Opinion at 11. However, the January 15 Memo warns that "caution should be exercised before relying in any respect on [OLC 62] as a *precedent* of OLC." Exhibit 2 at 6-7 (emphasis added). This language demonstrates that OLC 62 is a final opinion. Reliance on a memo as "precedent" indicates that the document is final and authoritative—the essence of a final agency opinion that must be disclosed pursuant to FOIA. The Court should order the immediate public disclosure of OLC 62, and discount the DOJ's assertion that the other OLC Memos are not "final opinions."

## The March 2, 2009 Release Underscores the Importance of Public Release of the OLC Memos

The DOJ's March 2, 2009, document release and associated statement also underscore the need for prompt disclosure of the OLC Memos sought in this proceeding. The records sought by Plaintiffs are vital to the public's understanding of the government's warrantless surveillance program—activities of dubious legality that have attracted great interest from the public and lawmakers. The Attorney General acknowledged "the legitimate and substantial public interest" in the legal justifications for the warrantless surveillance program, one of the primary subjects of the documents released on March 2. Exhibit 1.[3] Yet the Department failed to disclose documents that contain the legal rationale for the program. Plaintiffs' FOIA requests seek public disclosure

---

[3] Indeed, in recognition of the great "public interest in this matter," the DOJ modified its usual Internet publishing policies in an effort to make the documents available to web users as soon as possible. *See* Office of Legal Counsel Memoranda, http://www.usdoj.gov/opa/documents/olc-memos.htm (last visited March 4, 2009), Exhibit 5 hereto.

of precisely these sorts of documents.

      Moreover, Senator Patrick J. Leahy, Chairman of the Senate Judiciary Committee, expressed support for the March 2, 2009, disclosures, demonstrating the continued interest of lawmakers in the issues implicated by Plaintiffs' FOIA requests and the desire to see the other OLC memos released under the new policy of greater government transparency:

> After just a month in office, Attorney General Holder has already shown a policy of greater transparency at the Department of Justice. The memoranda and opinions of the last administration regarding national security remain of great concern. Finally, today, some of these long secret opinions from the Office of Legal Counsel are being publicly released. These documents, and those released late last year in response to a Senate Judiciary Committee subpoena, begin to provide details of some of the Bush administration's misguided national security policies. This builds upon the President's Executive orders when he first took office.

Senator Patrick J. Leahy, "Comment on Release of Nine OLC Memoranda and Opinions," Mar. 2, 2009, http://leahy.senate.gov/press/200903/030209a.html, Exhibit 6 hereto. *See* President Barack Obama, "Memorandum for Heads of Executive Departments, Subject: Freedom of Information Act," Jan. 21, 2009 ("The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails."), *available at* http://www.whitehouse.gov/the_press_office/FreedomofInformationAct/.

      Plaintiffs reiterate their request that the Court to order immediate public disclosure of the OLC Memos.

Respectfully submitted,

By: */s/ Marc Rotenberg*
_____
Marc Rotenberg (DC Bar No. 422825)
John Verdi (DC Bar No. 495764)
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
Phone: (202) 457-0800
Fax: (202) 452-1868

Melissa Goodman
Jameel Jaffer
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
Phone: (212) 519-7814
Fax: (212) 549-2683

Meredith Fuchs (D.C. Bar No. 450325)
The National Security Archive Fund, Inc.
The George Washington University
Gelman Library, Suite 701
2130 H Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiffs*

Dated: March 6, 2009