# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | Civil Action No. 06-00096 (HHK) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) | Civil Action No. 06-00214 (HHK) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) ) | **CONSOLIDATED CASES** |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF FILING

Plaintiffs' March 6, 2009 Notice of Filing[1] argues that Defendant United States Department of Justice's recent release of certain Office of Legal Counsel ("OLC") memoranda undermines the Department's continued withholding of the ten separate OLC memoranda addressing different subjects that remain at issue in this litigation. Defendant respectfully submits that Plaintiffs' argument is without merit for the following reasons:

1.     Unlike the nine OLC memoranda that Defendant released on March 2, 2009–none of which was responsive to Plaintiff's FOIA request or in any way at issue in this litigation–each of

---

[1] Plaintiffs have styled their submission as a "Notice of Filing," despite including nearly seven pages of argument and a request for relief.

the ten OLC memoranda at issue here is classified and exempt from disclosure under FOIA Exemptions 1 and 3.[2] *See* Supplemental *In Camera, Ex parte* Decl. of Steven G. Bradbury, Principal Deputy Assistant Attorney General, Department of Justice Office of Legal Counsel (lodged with the Court Nov.17, 2008). Defendant's decision to release certain unclassified memoranda has no bearing on the legality of its continued withholding of other memoranda that concern different subjects and that are classified.

As Plaintiffs emphasize, one of the recently released OLC memoranda -- a January 15, 2009 OLC memorandum -- states that OLC 62 (one of the ten withheld memoranda at issue here) contains a particular "questionable proposition" of law and that "appropriate caution should be exercised before relying in any respect on [OLC 62] as a precedent of OLC." Memorandum for the Files, from Steven G. Bradbury, Principal Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Status of Certain OLC Opinions Issued in the Aftermath of the Terrorist Attacks of September 11, 2001*, at 6-8 (Jan. 15, 2009) (Pl. Ex. 2); *see* Pls.' Notice at 3. The January 15, 2009 Memorandum does not otherwise describe the contents of OLC 62, which are either themselves classified or nonsegregable from information that is classified. *See* Supplemental Bradbury Decl. Contrary to Plaintiffs' suggestion, there is no basis for the proposition that the government's public reference to an unclassified proposition of law stated in a document

---

[2] One of the memoranda released on March 2, 2009 was a June 8, 2002 memorandum from the Assistant Attorney General, OLC to the Attorney General (this memorandum is not attached to plaintiffs' filing). This memorandum, which the Department had originally classified, was declassified in November 2008 upon a determination by the intelligence community that it did not contain any information that was classified as of that time. By contrast, each of the ten memoranda at issue here continues to be classified.

Contrary to Plaintiffs' implication, none of the released memoranda – including the two cited in Plaintiffs' Notice at page 4 – is within the scope of their FOIA request.

containing classified information constitutes an "official acknowledgement" of the classified information, and thus compels release of the document containing that information. *See Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990) (establishing three criteria for information to be considered "officially acknowledged": "First, the information requested must be as specific as the information previously released. Second, the information requested must match the information previously disclosed . . . Third, [] the information requested must already have been made public through an official and documented disclosure."). Accordingly, Defendant's continued withholding of documents containing information that either remains classified pursuant to Exemptions 1 and 3 or is nonsegregable from such information is proper for the reasons set forth in the November 17, 2008 Supplemental Bradbury Declaration.

2.      Plaintiffs also argue that Defendant's March 2 public release of documents undermines the justifications for Defendant's withholdings pursuant to Exemption 5 in this case. This argument fails because the Attorney General's discretionary decision on March 2 to release certain documents can have no effect on the legal justifications supporting the withholding of other documents addressing different subjects. In particular, the references to OLC 62 in the released January 15, 2009 OLC memorandum, which partially repudiates OLC 62, clearly do not constitute the type of "express adoption" or "incorporation by reference" necessary to render an otherwise privileged opinion subject to disclosure. *See, e.g.*, *NLRB v. Sears*, 421 U.S. 132, 161 (1975) ("if an agency chooses expressly to adopt or incorporate by reference an intra-agency memorandum previously covered by Exemption 5 in what would otherwise be a final opinion, that memorandum may be withheld only on the ground that it falls within the coverage of some exemption other than Exemption 5"); *Tigue v. DOJ*, 312 F.3d 70, 80-81 (2d Cir. 2002) (absent

express adoption or incorporation by reference, deliberative process privilege is not waived) (applying *Sears*); *see also Morrison v. United States Dep't of Justice*, Civ. A. No. 87-3394, 1988 WL 47662, *1 (D.D.C. Apr. 29, 1988) (deliberative process privilege was not waived with respect to OLC memoranda analyzing constitutionality of amendment to Gramm-Rudman law by publication of OLC's position on statute in two newspaper articles).

Finally, Plaintiffs are incorrect that OLC 62 or any of the nine other withheld memoranda constitutes a final agency opinion within the meaning of 5 U.S.C. § 552(a)(2)(A). To the contrary, the memoranda provide only legal advice and do not set any particular agency policy. *See* Supplemental Bradbury Decl. & ten memoranda lodged with the Court on Nov. 18, 2008. Hence, they are not final agency opinions for FOIA purposes. *See, e.g.*, *Citizens for Responsibility and Ethics in Washington v. Office of Admin.*, 249 F.R.D. 1, 6 (D.D.C. 2008); *Morrison*, 1988 WL 47662 at *1; *Southam News v. U.S. Immigration and Naturalization Service*, 674 F. Supp. 881, 886 (D.D.C. 1987).

For all these reasons, Plaintiffs' supplemental arguments in opposition to summary judgment should be rejected, and summary judgment entered on behalf of the government.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General
        Civil Division

        JEFFREY A. TAYLOR
        United States Attorney

        ELIZABETH J. SHAPIRO
        Deputy Branch Director

        */s/Caroline Lewis Wolverton*
        CAROLINE LEWIS WOLVERTON
        D.C. Bar No. 496433
        Trial Attorney
        Federal Programs Branch
        Civil Division
        United States Department of Justice
        P.O. Box 883, 20 Massachusetts Ave., N.W.
        Washington, D.C.  20530
        Tel: (202) 514-0265
        Fax: (202) 616-8202
        Email: caroline.lewis-wolverton@usdoj.gov

Dated:  March 17, 2009