**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-cv-0096 (HHK) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) | |
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-cv-0214 (HHK) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) ) | CONSOLIDATED CASES |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**

Plaintiffs submit this supplemental memorandum to inform the Court of a Department of Justice disclosure that impacts the Court's *in camera* review of the Office of Legal Counsel ("OLC") memoranda pertaining to the National Security Agency ("NSA") warrantless surveillance program that were submitted to the Court for *in camera* review in this Freedom of Information Act ("FOIA") case.

On July 10, 2009, the Department of Justice ("DOJ" and "Department") released an Unclassified Report on the President's Surveillance Program ("IG Report"), prepared by the Offices of Inspectors General of the Department of Defense, Department of Justice, Central Intelligence Agency, National Security Agency, and the Office of the Director of National Intelligence.  Exhibit 1.  The IG Report specifically identifies, extensively quotes from, and publicly describes several of the OLC memoranda that the government continues to withhold in their entirety in this litigation.  The public disclosure of specific portions of these documents in the IG Report fatally undermines the DOJ's continued claim that the OLC memoranda at issue in this case must be withheld in their entirety and supports Plaintiffs' arguments that the memoranda or segregable portions of the memoranda should be released to the public.[1]

As this Court is aware, Plaintiffs seek pursuant to the FOIA disclosure of records concerning the NSA's warrantless surveillance program, including OLC memoranda about the program.  The DOJ asserts that the OLC records at issue here are properly withheld in their entirety pursuant to FOIA Exemptions 1, 3, and 5.  Memorandum Opinion and Order, Oct. 31, 2008, at 3.  On October 31, 2008, the Court found that the Department had provided insufficient information to support withholding the documents in full, and ordered the DOJ to submit for *in camera* review ten memoranda[2] authored by the Office of Legal Counsel (the "OLC Memos").  *Id.* at 10, 16, 21, 27.  The DOJ provided copies of the OLC memoranda to the Court on November 17, 2008.

---

[1] Plaintiffs assumed that the Department of Justice would itself inform the Court of this obviously relevant development, but two months have now passed since the DOJ released the IG Report, and the Department has not done so.

[2] The ten records are identified for purposes of this litigation as OLC 16/ODAG 38, OLC 54/ODAG 1/OIPR 28, OLC 59/OIPR 29, OLC 62/ODAG 52, OLC 85, OLC 129/ODAG 6, OLC 131/ODAG 2/OIPR 37/FBI 51, OLC 132/ODAG 5, OLC 113/FBI 42, and ODAG 42.

On July 10, 2009, the DOJ released the joint IG Report. The IG Report discusses at length a November 2, 2001, OLC legal opinion drafted by former Deputy Assistant Attorney General for OLC John Yoo, which matches the description of the document identified in this litigation as OLC 131/ODAG 2/OIPR 37/FBI 51.[3] The IG Report also discusses another OLC memorandum that matches the description of OLC 129/ODAG 6, dated October 11, 2002, which "reiterated the same basic analysis contained in Yoo's November 2, 2001, memorandum in support of the legality of the [surveillance program]."[4] IG Report at 11-13.

The IG Report not only describes portions of the November 2 memorandum that contain purely legal reasoning but also quotes directly and extensively from the memorandum itself. For example, the Report describes the portion of the November 2 memorandum that discusses whether FISA is "'the exclusive statutory means for conducting electronic surveillance for foreign intelligence'" and describes the memorandum's conclusion that "'unless Congress made a clear statement in FISA that it sought to restrict presidential authority to conduct warrantless searches in the national security area—which it has not—then the statute must be construed to avoid such a reading.'" *Id.* at 11-12 (quoting November 2 memorandum). The IG Report also

---

[3] OLC 131/ODAG 2/OIPR 37/FBI 51 is "a 24-page memorandum, dated November 2, 2001, from a Deputy Assistant Attorney General in OLC to the Attorney General, prepared in response to a request from the Attorney General for OLC's opinion concerning the legality of certain communications intelligence activities." Second Bradbury Decl. ¶ 83(g). The description of the memo discussed in the IG Report is: "[t]he first OLC opinion directly supporting the legality of the [surveillance program] [] dated November 2, 2001, and [] drafted by [Deputy Assistant Attorney General John] Yoo." IG Report, 11.

[4] OLC 129/ODAG 6 is "a nine-page memorandum, dated October 11, 2002, from a Deputy Assistant Attorney General in OLC to the Attorney General, prepared in response to a request for OLC's views concerning the legality of certain communications intelligence activities." Second Bradbury Decl. ¶ 83(f).

describes the memorandum's analysis regarding the applicability of the Fourth Amendment to the NSA surveillance program and the explains the legal reasoning Mr. Yoo employed to reach the conclusion that "the activity described in the Presidential Authorizations was 'reasonable' under the Fourth Amendment and therefore did not require a warrant." *Id.* at 12-13 (quoting November 2 memorandum).

The IG Report also identifies and analyzes a 108-page memorandum assessing the legality of the surveillance program, dated May 6, 2004, which matches the description for OLC 54/ODAG 1/ OIPR 28.[5]  According to the IG Report, "[m]uch of the legal reasoning in the May 6, 2004 OLC memorandum *was publicly released by DOJ* in a 'White Paper' issued after one aspect of the program was revealed in The New York Times and publicly confirmed by the President in December 2005." IG Report at 29 (emphasis added).  The IG Report goes on to discuss the specific nature of the legal reasoning in the May 6 memo related to the President's authority to conduct surveillance based on the congressional Authorization for Use of Military Force.  *Id.* at 29-30.

The IG Report's discussions of OLC 131/ODAG 2/OIPR 37/FBI 51 and OLC 54/ODAG 1/OIPR 28 clearly controvert Defendants' assertion that these memoranda must be withheld in their entirety and that no portions of the memoranda are segregable from any properly exempt material.  *Compare* Second Bradbury Decl. ¶ 88; *see also* Oct. 31, 2008, Memorandum Opinion at 10.  To the extent Defendants' have invoked FOIA Exemption 1 to withhold the OLC Memos, the IG Report demonstrates that significant

---

[5] OLC 54/ODAG 1/OIPR 28 is "a 108-page memorandum, dated May 6, 2004, from the Assistant Attorney General for OLC to the Attorney General . . . prepared in response to a request from the Attorney General that OLC perform a legal review of classified foreign intelligence activities." Second Bradbury Decl. ¶ 83(b).  The memo described in the IG Report was a May 6, 2004, "OLC legal memorandum assessing the legality of the [surveillance program] as it was operating at that time" and consisting of 108 pages of history and analysis of the program.  IG Report, 29.

portions of these documents are not properly classified and should be released under FOIA. In particular, the IG Report proves that the memos contain significant legal analysis, which is not properly classified pursuant to Executive Order 12953, as amended, § 1.4(a).[6] In addition, portions that have been quoted or paraphrased in the IG Report or otherwise publicly disclosed—for example as part of the released DOJ White Paper—cannot remain classified because they have been officially acknowledged and publicly disclosed by the government through publication of the IG Report. *See Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990) (holding "that when information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim."). Information that the government has released publicly also cannot be withheld pursuant to Exemption 5, because Exemption 5 privilege claims are waived when the agency discloses information outside of the government or publicly references a record as the policy of the agency. *See Nat'l Council of La Raza v. Dep't of Justice*, 337 F. Supp. 2d 524 (S.D.N.Y. 2004).

Finally, the IG Report references another OLC opinion that may be at issue in this litigation, although it is not clearly identified as such. It states that "Yoo prepared several preliminary opinions relating to hypothetical random domestic electronic surveillance activities." IG Report at 11. OLC 132/ODAG 5 is "a 36-page memorandum, dated October 4, 2001, from a Deputy Assistant Attorney General in OLC to the Counsel to the President, created in response to a question from the White House for OLC's views regarding what legal standards might govern the use of certain intelligence methods to monitor communications by potential terrorists." Second Bradbury Decl. ¶ 83(h). If

---

[6] Indeed, this is so clear that it is difficult to understand how the government's Exemption 1 and 3 arguments could have been made with respect to these documents.

OLC 132/ODAG 5 is one of the "preliminary opinions" to which the IG Report refers, segregable portions of this document that contain legal analysis should also be released.

The IG Report clearly demonstrates that the OLC memoranda authorizing the NSA's warrantless wiretapping program, including those at issue in this litigation and currently before the Court for *in camera* review, contain purely legal reasoning that is segregable and not properly exempt from release under the FOIA. Because many portions of the memoranda have now been released, Defendants can no longer maintain their claim that withholding of every single word of these legal memoranda is necessary or appropriate. Accordingly, Plaintiffs respectfully request that the Court order immediate public disclosure of the OLC Memos.

Respectfully submitted,

/s/ *Marc Rotenberg*

_____
Marc Rotenberg (DC Bar No. 422825)
John Verdi (DC Bar No. 495764)
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

/s/ *Arthur B. Spitzer*

_____
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
(202) 457-0800 (telephone)
(202) 452-1868 (facsimile)

>Melissa Goodman
>Jameel Jaffer
>American Civil Liberties Union Foundation
>125 Broad St., 18th Floor
>New York, NY 10004
>(212) 519-7814 (telephone)
>(212) 549-2683 (facsimile)
>
>
>Meredith Fuchs (D.C. Bar No. 450325)
>The National Security Archive Fund, Inc.
>The George Washington University
>Gelman Library, Suite 701
>2130 H Street, N.W.
>Washington, D.C. 20037
>(202) 994-7000 (telephone)
>(202) 994-7005 (facsimile)
>
>*Counsel for Plaintiffs*

September 15, 2009