# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 06-0096 (HHK) |
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 06-00214 (HHK)<br><br>**CONSOLIDATED CASES** |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL MEMORANDUM**

**STATEMENT**

Defendant Department of Justice ("DOJ") submits this filing in response to Plaintiffs' Supplemental Memorandum of September 15, 2009.[1] Plaintiffs contend in their Supplemental Memorandum that a publicly released report prepared by the Offices of the Inspectors General of several departments and agencies entitled "Unclassified Report on the President's Surveillance

---

[1] As stated in Defendant's Notice of Intent to Respond to Plaintiffs' Supplemental Memorandum, filed October 28, 2009, Plaintiffs filed their Supplemental Memorandum on September 15, 2009, but Defendant's counsel did not receive notice of the filing and did not become aware of it until over a month later.

Program" ("IG Report")[2] demonstrates that certain Office of Legal Counsel ("OLC") memoranda previously withheld as exempt in this matter "contain pure legal reasoning that is segregable and not properly exempt from release under the FOIA" and that "[b]ecause many portions of the memoranda have now been released, Defendants can no longer maintain their claim that withholding of every single word of these legal memoranda is necessary or appropriate." Pls.' Mem. at 6.

Specifically, the IG Report refers to four memoranda that are at issue in this matter: OLC 54, a May 6, 2004, 108-page memorandum from Assistant Attorney General Jack Goldsmith to the Attorney General; OLC 129, an October 11, 2002, 9-page memorandum from Deputy Assistant Attorney General John Yoo to the Attorney General; OLC 131, a November 2, 2001, 24-page memorandum from John Yoo to the Attorney General; and OLC 132, an October 4, 2001, 36-page memorandum from John Yoo to the Attorney General. The IG Report mentions only in passing two of these four memoranda, OLC 129 and 136. *See* Pls.' Mem., Ex. 1 at 11 (regarding OLC 129: "In September and early October 2001, Yoo prepared several preliminary opinions relating to hypothetical random domestic electronic surveillance activities."); Ex. 1 at 13 (regarding OLC 136: "In October 2002 . . . Yoo drafted another opinion concerning the PSP. This memorandum, dated October 11, 2002, reiterated the same basic analysis contained in Yoo's November 2, 2001 memorandum."). The IG Report describes the other two memoranda, OLC 131 and 54, in more detail. Some of the legal conclusions contained in these memoranda

---

[2] The IG Report uses the phrase "President's Surveillance Program" or "PSP" to refer to the "Terrorist Surveillance Program," as well as "other intelligence activities authorized" by the President. *See* Pls.' Mem., Ex. 1 at 6.

are partially quoted (OLC 131) or described (OLC 131 and OLC 54) in the IG Report. *See* Pls.' Mem., Ex. 1 at 11-13, 29.

## ARGUMENT

DOJ has determined that it will review the four OLC memoranda at issue (OLC 54, 129, 131, and 132) in light of the relevant portions of the publicly released IG Report. DOJ will consider whether disclosure of any segregable portions of the memoranda is required or appropriate.

DOJ anticipates that this review will require significant coordination with, and review of the memoranda by, other agencies and entities within the Executive Branch. DOJ was not the original classifying agency and, before any information may be considered for release, the appropriate classifying authority will need to conduct a declassification review of each document.[3] Moreover, other agencies and entities within the Executive Branch have significant interests in the memoranda beyond the classification issues, and DOJ will need to consult these entities, which presumably will need to conduct their own reviews.

Plaintiffs' request that the Court direct "immediate public disclosure" of the OLC memoranda, Pls.' Mem. at 6, clearly is not warranted. As noted in the Court's Opinion of October 31, 2008, and in the IG Report, despite the acknowledgment and public release of certain information about the President's Surveillance Program, other information about the nature, scope, operation, and effectiveness of the program remains classified. *See* Mem. Op. at 5; Pls.'

---

[3] Although the IG Report quotes selected phrases from one of the OLC memoranda (OLC 131), the four OLC memoranda themselves remain classified in full.

Mem., Ex. 1, at 6.  Moreover, the discussion in the IG Report of certain aspects of the OLC memoranda does not constitute waiver of the privileges applicable to the memoranda in full.

The IG Report discusses briefly only certain conclusions of the opinions; but the vast majority of the information in those opinions remains undisclosed to the public.  Moreover, Inspectors General are investigative officials who do not make policy decisions for Executive Branch agencies, and thus the IG Report could not "expressly adopt or incorporate" the OLC memoranda.  *Nat'l Labor Relations Bd. v. Sears, Roebuck, & Co.*, 421 U.S. 132, 161 (1975); *see also Access Reports v. Dep't of Justice*, 926 F.2d 1192, 1197 (D.C. Cir. 1991).  Especially in light of DOJ's decision to review the four OLC memoranda, any action in the case with respect to the documents would be premature prior to the completion of that review.

For these reasons, DOJ requests that the Court deny Plaintiffs' request for immediate disclosure of the four OLC memoranda in full and provide for adequate time for the Executive Branch to complete its review of these documents.  DOJ also believes it would be appropriate for the Court to hold in abeyance further *in camera* review of the documents until the completion of the Executive Branch review.

Dated: December 17, 2009

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ Caroline Lewis Wolverton
CAROLINE LEWIS WOLVERTON
D.C. Bar No. 496433
Senior Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20530
Tel: (202) 514-0265, Fax: (202) 616-8202
Email: **caroline.lewis-wolverton@usdoj.gov**