**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-0096 (HHK) |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |
| ———————————————— | ) ) | |
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) | Civil Action No. 06-00214 (HHK) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | **CONSOLIDATED CASES** |
| ———————————————— | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S NOTICE OF FILING**

On March 21, 2011, defendant submitted a two-sentence Notice of Filing, notifying the Court that it had made a release to plaintiffs on March 18, 2011 pursuant to the Court's January 18, 2011 order, and attaching a true and correct copy of that release. Plaintiffs responded with a filing captioned "Plaintiffs' Response to Defendant's Notice of Filing," which argued that "[t]he release confirms that the government is improperly continuing to withhold information that it has already officially acknowledged, and it suggests that the government's classification decisions are inconsistent." Dkt. No. 72. Plaintiffs' "response" is inappropriate and, in any event, meritless.

The four OLC memoranda at issue, OLC 54, 129, 131, and 132, are before the Court for *in camera* review, pursuant to the Court's October 31, 2008 summary judgment decision. The Court has not ordered any supplemental briefing in connection with its in camera review or decision. Defendant agreed to re-review the four memoranda to determine whether disclosure of any segregable portions was required or appropriate in light of disclosures made in a publicly released report, dated July 10, 2009, prepared by the Offices of the Inspectors General of several departments and agencies, entitled "Unclassified Report on the President's Surveillance Program" ("IG Report") (*see* Dkt. No. 70-2). Defendant released portions of OLC 54 and 131 as a result of this review. Defendant's March 21, 2011 Notice of Filing merely provided the Court with a copy of the release; it did not brief the propriety of withholding the material defendant chose not to release, as that briefing is already before the Court. Plaintiffs' substantive "response" to defendant's Notice of Filing is therefore improper and should be disregarded.

If the Court does consider plaintiffs' "response," it should reject it on the merits. Defendant properly released those portions of OLC 131 (referred to by plaintiffs as "the Yoo memo") that the IG Report quotes. The Government released those quotes because they have been effectively disclosed to the public through the IG Report. Contrary to plaintiffs' argument, the Government is not required to release legal analyses and legal conclusions that the IG Report merely summarizes or discusses but does not directly quote. The IG Report's discussion of certain legal analyses and legal conclusions in OLC 131 does not constitute adoption of the memoranda by DOJ or waiver of the privileges applicable to it. *See National Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975) (Exemption 5 unavailable only if agency "chooses expressly to adopt or incorporate by reference an intra-agency memorandum . . . in

2

what would otherwise be a final opinion"); *see also National Council of La Raza v. DOJ*, 411

F.3d 350, 357 (2d Cir. 2005) (deliberative process privilege no longer applied to OLC

memorandum where DOJ embraced memorandum's reasoning as its own and adopted it as DOJ

policy); *Access Reports v. Department of Justice*, 926 F.2d 1192, 1197 (D.C. Cir. 1991) (waiver

requires "*express* adoption") (emphasis in original); *Citizens for Responsibility and Ethics in*

*Washington v. Office of Administration*, 249 F.R.D. 1, 7-8 (D.D.C. 2008) (Executive Branch did

not adopt as its official position OLC memo on agency status of the Office of Administration,

Executive Office of the President).  Nor does the IG Report's discussion of OLC 129, which

defendant continues to withhold in full, constitute an express adoption of anything.  The sum-

total of the IG Report's discussion of OLC 129 was to say that it "reiterated the basic analysis

contained in Yoo's November 2, 2001, memorandum [OLC 131] . . . ."  IG Report at 13.

Indeed, the Inspector Generals who authored the report are independent investigating

arms of their respective agencies and cannot "adopt" agency policy in this matter.  The IG

Report is the unclassified version of a review mandated by Congress of the President's

Surveillance Program, undertaken by Inspectors General of Intelligence Community agencies.  It

is an investigative report, not an adoption by DOJ of either the President's Surveillance Program

or any particular legal analysis of the program.  The IG Report's brief discussion of various OLC

conclusions, drawn from lengthy and detailed opinions providing legal analysis and advice, does

not constitute DOJ's express incorporation of these highly confidential memoranda, and

therefore cannot result in a waiver of Exemption 5.

Plaintiffs' complaints about the partial release of OLC 54 (referred to by plaintiffs as "the

Goldsmith memo"), should also be rejected.  Plaintiffs acknowledge that defendant released

"substantial" portions of this memo.  Pls.' Resp. to Def.'s Notice of Filing at 4.  The fact that the

Government did not originally release paragraphs of the memo marked unclassified is of no

significance, contrary to plaintiffs' argument, because the Government properly withheld this

highly deliberative document in its entirety under FOIA Exemption Five.  Nor does the fact that

two paragraphs in the memo discussing the requirements of the Foreign Intelligence Surveillance

Act were originally classified as top secret, even though they contain what plaintiffs consider to

be a "strictly legal" discussion, raise concerns about the Government's classification markings.

These paragraphs were appropriately designated top secret at the time the opinion was drafted

because the discussion in those paragraphs could have revealed the existence of an intelligence

program which was, at that time, classified.  Though they may read as pure legal discussions

now, had they been released at the time the opinion was drafted, they could have revealed the

existence of the President's highly classified surveillance program.  Plaintiffs present no grounds

for any further release of information from OLC 54.


Respectfully submitted,

RONALD C. MACHEN
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch


*/s/ Marcia Berman*
MARCIA BERMAN
PA Bar No. 66168
Senior Trial Counsel

Federal Programs Branch, Civil Division
United States Department of Justice
20 Massachusetts Ave., N.W., Rm. 7132
Washington, D.C.  20530
Overnight Mail Zip Code 20001
Tel: (202) 514-2205
Fax: (202) 616-8470
Email: marcia.berman@usdoj.gov

Dated: April 15, 2011