**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No. 1:06-CV-96 (RCL) (Lead Case) |
| AMERICAN CIVIL LIBERTIES UNION et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | No. 1:06-CV-214 (RCL)<br><br><br><br><br><br><br><br>**CONSOLIDATED CASES** |

**PLAINTIFFS' STATUS REPORT**

Plaintiffs write to provide the Court with a report on the status of these consolidated Freedom of Information Act ("FOIA") lawsuits, which were reassigned from Judge Kennedy on December 15, 2011. Briefly, these suits concern FOIA requests submitted by Plaintiffs for records relating to National Security Agency's post-9/11 warrantless wiretapping program. The only records still at issue are ten memoranda of the Department of Justice ("DOJ") Office of Legal Counsel ("OLC") related to the program.[1] The government originally withheld those

---

[1] The memos have been referred to throughout this litigation by their index numbers: OLC 16/ODAG 38; OLC 54/ODAG 1/OIPR 28; OLC 59/OIPR 29; OLC 62/ODAG 52; OLC 85; OLC 129/ODAG 6; OLC 131/ODAG 2/OIPR 37/FBI 51; OLC 132/ODAG 5; OLC 113/FBI 42; and ODAG 42.

1

memos in full. It later released portions of two of the memos. The last substantive order issued by Judge Kennedy—issued after he twice found that the government had failed to justify the withholding of the memos—required the government to submit all ten for *in camera* review. The government did so on November 17, 2008. Plaintiffs now urge this Court to undertake the *in camera* review initiated by Judge Kennedy.

**Background**

According to published news reports and the government's own admissions, in the fall of 2001 the National Security Agency ("NSA") launched a secret surveillance program to intercept, without warrants or suspicion of wrongdoing, the telephone and internet communications of people within the United States. *See, e.g.*, James Risen & Eric Lichtblau, *Bush Lets U.S. Spy on Callers Without Courts*, N.Y. Times, Dec. 16, 2005. Shortly thereafter, the Electronic Privacy Information Center and the American Civil Liberties Union (along with the National Security Archive Fund, Inc.) filed separate FOIA requests seeking records related to the NSA's program, with a particular focus on memos detailing the purported legal basis for the program.

Plaintiffs eventually filed two separate lawsuits to enforce their requests, and the two suits were consolidated on February 9, 2006. Between March 8, 2006 and September 14, 2006, the government released a small number of documents and withheld a large number of documents based on various FOIA exemptions. The few documents provided to Plaintiffs early in this litigation were almost all publicly available records that had been generated by the government in response to the controversy surrounding the public revelation of the NSA's program.

The parties filed cross-motions for summary judgment relating to the government's withholding of, among other documents, ten OLC memos relating to the NSA's program. On

September 5, 2007, Judge Kennedy held that the government had failed to justify the withholding of those ten OLC memos under FOIA Exemptions 1, 3, and 5, Mem. Op. 16–17 & n.10, ECF No. 48,[2] but he allowed the government another opportunity to justify their withholding in supplemental submissions, *id.* at 23–24.  The government filed supplemental declarations, but, as Judge Kennedy held, those declarations also failed to justify the withholding of the memos.  Mem. Op. 9–12, 27, ECF No. 67.  Accordingly, on October 31, 2008, Judge Kennedy ordered the government to submit the OLC memos for *in camera* review to determine whether any portions could be released.  *Id.*  The government submitted the memos for *in camera* review on November 17, 2008.

On July 10, 2009, during the pendency of the *in camera* review, the DOJ released a report entitled Unclassified Report on the President's Surveillance Program ("IG Report"), which was prepared by the Offices of the Inspectors General of the DOJ, the NSA, the Department of Defense, the Central Intelligence Agency, and the Office of the Director of National Intelligence.  *See* Pls.' Supplemental Mem., Ex. 1, Sept. 15, 2009, ECF No. 70-2 ("IG Report"), *available at* http://bit.ly/ggnI5C.  Because the IG Report identified and extensively quoted from several of the OLC memoranda withheld by the government in this FOIA lawsuit, Plaintiffs filed a supplemental memorandum on September 15, 2009, bringing the report to the Court's attention.  Pls.' Supplemental Mem., ECF No. 70.  The government responded by committing to again review four of the ten OLC memoranda subject to the Court's *in camera* review.  Def.'s Resp. 3, Dec. 17, 2009, ECF No. 72.

---

[2] The docket numbers used here reflect the docket-numbering of the lead case, No. 1:06-CV-00096.

On March 18, 2011, after fifteen months of review of those four memoranda, the government released heavily redacted versions of two of the memoranda. *See* Def.'s Notice of Filing, Mar. 21, 2011, ECF No. 81.[3]

On December 15, 2011, these consolidated cases were reassigned to this Court, prior to the conclusion of the *in camera* review ordered by Judge Kennedy.

## Discussion

1. Plaintiffs urge the Court to undertake the *in camera* review of the ten OLC memos that Judge Kennedy had found was necessary to determine whether portions may be released. The memos discuss the legal basis for one of the most controversial surveillance programs of our time. For this reason, the public's interest in disclosure of segregable portions of the memos is manifest, and the Court's review of the memos should be especially rigorous.

A quick review of the NSA's warrantless wiretapping program and the OLC's involvement in it clarifies why release of the memos is critical to the public's understanding. In the fall of 2001, President George W. Bush authorized the NSA to intercept, without warrants or suspicion of wrongdoing, the telephone and internet communications of people within the United States if there was "a reasonable basis to conclude that one party to the communication is a member of al-Qa'ida, affiliated with al-Qa'ida, or a member of an organization affiliated with al-Qa'ida." IG Report 5–6. The President reauthorized the program approximately every forty-five days with the certification of the Attorney General, which was based on a legal review by the OLC. *Id.* a 6–7.

---

[3] The two released memoranda are appended to the government's notice. They are also available on the DOJ's website at http://www.justice.gov/olc/docs/memo-president-surveillance-program.pdf, and http://www.justice.gov/olc/docs/johnyoo-memo-for-ag.pdf.

The initial OLC legal opinions supporting the NSA's program were authored by Deputy Assistant Attorney General John Yoo, *id.* at 10, and the first of those opinions, dated November 2, 2001, is one of the ten OLC memos still at issue in this case (OLC 131). When Mr. Yoo resigned from the DOJ in May 2003, other OLC attorneys reviewed his legal memoranda relating to the NSA's warrantless wiretapping program (and other surveillance activities) and "became concerned about the factual and legal basis" for the memos. IG Report 20. The attorneys voiced their concerns to Attorney General John Ashcroft, who agreed with their "assessment of the potential legal problems" with the program. *Id.* at 21.

Based on those concerns, the DOJ refused to certify the lawfulness of the program when asked to do so by the White House in March 2004. *Id.* at 21–23. A now-infamous showdown between White House officials and DOJ lawyers ensued. President Bush dispatched his chief of staff and White House counsel to Attorney General Ashcroft's hospital sickbed—where he was recovering from surgery—to demand that he reauthorize the wiretapping program. *Id.* at 24. But Acting Attorney General James Comey and several top OLC lawyers raced to the hospital first, and together with Ashcroft, they refused the White House's demands. *Id.* at 24–25.

The next day, the President reauthorized the NSA's surveillance program without the Attorney General's certification. *Id.* at 26. In response, the Acting Attorney General, the head of OLC, and the Director of the FBI considered resigning. *Id.* at 27–29. Soon after, the President modified the aspects of the program "that DOJ believed were legally unsupported," *id.* at 29, averting a crisis. Several weeks later, on May 6, 2004, the OLC issued a new memo assessing the legality of the NSA's warrantless wiretapping program as revised by President Bush. *Id.* at 29. That memo is also one of the ten OLC memos still at issue here (OLC 54).

In sum, the legal battle over the NSA's warrantless wiretapping program instigated a startling constitutional showdown and nearly resulted in the resignation of the DOJ's top law-enforcement officials. Yet, seven years later, the public still does not know what exactly the dispute was about. Plaintiffs sought the OLC memos at the heart of the dispute through FOIA, but as Judge Kennedy held, the government has not justified its withholding of those memos. After the release of the IG Report, the government reprocessed four of the ten OLC memos at issue and eventually released portions of two of them (OLC 131 and OLC 54). As Plaintiffs explained in response to the reprocessing, the government's limited release of two of the memos only confirmed that the government continues improperly to withhold information in those two memos and potentially others. *See* Pls.' Resp. 3–6, Apr. 8, 2011, ECF No. 82.

Plaintiffs therefore respectfully urge the Court to review the OLC memos *in camera* and to order the disclosure of segregable portions not properly withholdable. The following prior orders and submissions may be helpful during that review:

- Memorandum Opinion and Order, Sept. 5, 2007, ECF No. 48.

- Memorandum Opinion and Order, Oct. 31, 2008, ECF No. 67.

- Plaintiffs' Notice of Filing, Mar. 6, 2009, ECF No. 68 (relating to the DOJ's release of several OLC memos).

- Plaintiffs' Supplemental Memorandum, Sept. 15, 2009, ECF No. 70 (relating to the DOJ's release of the IG Report; IG Report attached as Exhibit 1).

- Defendant's Notice of Filing, Mar. 21, 2011, ECF No. 81 (relating to the reprocessing of four of the ten OLC memos at issue in this suit).

- Plaintiffs' Response to Defendant's Notice of Filing, Apr. 8, 2011, ECF No. 82 (responding to the government's reprocessing of the four memos).

- Defendant's Response to Plaintiff's Response to Defendant's Notice of Filing, Apr. 15, 2011, ECF No. 83.

2. The importance of the ten OLC memos to the public's understanding of government surveillance is not merely historical. Although the NSA's program was discontinued in 2007, Congress gave the NSA statutory authority to conduct warrantless wiretapping in the FISA Amendments Act of 2008, Pub. L. No. 110-261 (2008). *See Amnesty Int'l USA v. Clapper*, 638 F. 3d 118, 124–26 (2d Cir. 2011) (describing the Act). That statute—perhaps the most sweeping surveillance law ever passed by Congress—raises difficult and troubling constitutional questions, and it is set to expire on December 31, 2012. *Id.* § 403(b)(1). As Congress takes up the question of whether to extend the Act at the end of this year, it will become crucial once again to understand the government's interpretation of the constitutional constraints on its ability to intercept Americans' communications without a warrant based upon probable cause. While the NSA's program and the program authorized by the Act are not the same, they present overlapping constitutional issues. Careful *in camera* review of the OLC memos at issue therefore serves not only the public's historical interest in the NSA's program, but the current need to understand the FISA Amendments Act.

## Conclusion

For these reasons, the Court should now conduct an *in camera* review of the OLC memos and order the release of improperly withheld information.

February 24, 2012                     Respectfully submitted,

                                       */s/ Arthur B. Spitzer*
                                       Arthur B. Spitzer (DC Bar No. 235960)
                                       American Civil Liberties Union
                                         of the Nation's Capital
                                       1400 20th Street, N.W., Suite 119
                                       Washington, DC 20036
                                       (202) 457-0800 (telephone)
                                       (202) 452-1868 (facsimile)

7

        */s/ Alexander A. Abdo*
Alexander A. Abdo (pro hac vice)
Jameel Jaffer (pro hac vice)
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2517 (telephone)
(212) 549-2654 (facsimile)

Marc Rotenberg (DC Bar No. 422825)
John Verdi (DC Bar No. 495764)
Ginger P. McCall (DC Bar No. 1001104)
Electronic Privacy Information Center
1718 Connecticut Avenue, N.W., Suite 200
Washington, DC 20009
(202) 483-1140 (telephone)

*Counsel for Plaintiffs*