UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | NO. 1:06-CV-96 (RCL) |
| AMERICAN CIVIL LIBERTIES UNION *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | NO. 1:06-CV-214 (RCL) |

## MEMORANDUM

These consolidated Freedom of Information Act cases come before the Court for *ex parte in camera* review of the memoranda of the Department of Justice Office of Legal Counsel relating to the National Security Agency's ("NSA's") post-9/11 warrantless wire-tapping program.

These cases were originally assigned to Judge Henry Kennedy, but were reassigned to the undersigned judge when Judge Kennedy retired. These cases were fully briefed, but a final

decision was delayed until the ten actual remaining withheld documents were subjected to *in camera* review.

The Terrorist Surveillance Program ("TSP" or the "Program") was a centralized access signals intelligence program authorized by President George W. Bush in response to the attacks of September 11, 2001. Although President Bush publicly acknowledged, on December 17, 2005, the existence of the Program when its existence was leaked to the press, details about the Program and related activities have remained highly classified and strictly compartmentalized. President Bush acknowledged that the NSA was authorized to intercept the contents of international communications for which there were reasonable grounds to believe that one party was located outside the United States and that at least one party to the communication was a member or agent of al Queda or an affiliated terrorist organization. On January 17, 2007, President Bush announced that any electronic surveillance occurring under the Program would subsequently be conducted subject to the approval of the Foreign Intelligence Surveillance Court, effectively ending the Program. Information about the nature, scope, operation, and effectiveness of the Program remains classified, and the Executive has determined that it cannot be disclosed without causing exceptionally grave harm to the national security of the United States.

The Court has now conducted its *ex parte in camera* review of ten records withheld by the Department of Justice, along with the *In Camera Ex Parte* Declarations of Principal Deputy Assistant Attorney General Steven G. Bradbury, dated September 15, 2006, June 5, 2007, and November 17, 2008. The Court is now satisfied with the Department's decisions to withhold these ten records under Exemptions One and Three, since they are in fact properly classified, as well as Exemption Five as each record contains confidential, pre-decisional legal advice

protected by the deliberative-process and attorney-client communications privileges. The Court is also satisfied that Mr. Bradbury's line-by-line review of these ten records is correct and that there is no meaningful non-exempt information that can be reasonably segregated from the exempt information.

The United States Court of Appeals for the District of Columbia Circuit decided on January 3, 2014, in the case of *Electronic Frontier Foundation v. United States Department of Justice*, No. 12-5363, that a memorandum prepared by the Office of Legal Counsel for the Federal Bureau of Investigation dealing with telephone and financial records connected to authorized national security investigations could be withheld in its entirety from FOIA disclosure because it was covered by the "deliberative process privilege" in FOIA Exemption 5. Exemption 5 covers "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." The District Court, per Judge Richard Leon, had also found in that case that the withheld records were also properly classified under FOIA Exemption 1, but the Court of Appeals found it did not need to address that question since it found the entire OLC opinion was exempt from disclosure under the deliberative process privilege.

This Court sees no principled way to distinguish the OLC opinion in the *Electronic Frontier Foundation* case from the ten OLC memoranda in this case.

The Court of Appeals has now denied a petition for rehearing *en banc* with all 11 members of the current court sitting, and the mandate affirming Judge Leon's decision was filed in this Court on March 25, 2014.

Further delay to further explain this Court's conclusion is unwarranted since appellate review is *de novo* and the record is adequate to demonstrate that there are no disputed facts and the defendant's motion for summary judgment must be granted.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, U.S. District Judge, on March 31, 2014.