# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DEPARTMENT OF JUSTICE,  )<br>)<br>Defendant.  )<br>_____)<br>)<br>AMERICAN CIVIL LIBERTIES UNION, et al., )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DEPARTMENT OF JUSTICE,  )<br>)<br>Defendant.  )<br>_____) | Case No. 06-cv-0096 (RCL)<br><br><br><br><br><br><br><br><br>Case No. 06-cv-00214 (RCL)<br><br><br><br><br><br>**CONSOLIDATED CASES** |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT

The Court should deny Plaintiffs' Motion to Alter or Amend the Judgment (ECF No. 93). The Government's agreement to plaintiffs' request that it reprocess the ten memoranda of the Department of Justice Office of Legal Counsel (OLC) at issue in this case provides no basis to vacate the Court's subsequent March 31, 2014 decision upholding the Government's withholding in full of those memos under various exemptions to the Freedom of Information Act (FOIA).[1]

---

[1] Although captioned as a motion to alter or amend the Court's March 31, 2014 judgment, plaintiffs' motion in fact asks the Court to vacate its judgment.

In that decision, the Court correctly concluded, after conducting an *in camera* review of the ten OLC memos, that they were properly withheld in full from disclosure under FOIA "Exemptions One and Three, since they are in fact properly classified, as well as Exemption Five as each record contains confidential, pre-decisional legal advice protected by the deliberative-process and attorney-client privileges."  ECF No. 93 at 2-3. The Court explained that the memos related to the Terrorist Surveillance Program, an intelligence program authorized by President Bush in the wake of the September 11 terrorist attacks, and that although the existence of the program was publicly acknowledged, the details of the program remain highly classified and compartmentalized.  The Court held that the memos were indistinguishable from an OLC opinion that the D.C. Circuit recently held was properly withheld under Exemption Five pursuant to the deliberative process privilege.

The Government's agreement to reprocess the documents in light of recent disclosures about various National Security Agency intelligence activities was wholly discretionary and did not in any way waive any of the Government's arguments that they were properly withheld in full.  When the Government agreed to reprocess the documents, it cautioned plaintiffs not to expect that such a re-review would result in the release of any information.  To the extent that the Government does release any information as the result of the reprocessing, such a release would be entirely discretionary, and nothing in the Court's March 31 decision prevents the Government from making such a discretionary release.  Accordingly, there is no reason (and plaintiffs provide none) to vacate the Court's decision because of the Government's agreement to

reprocess the documents. The Court should therefore deny Plaintiffs' Motion to Alter or Amend the Judgment.

Dated: April 28, 2014            Respectfully Submitted,

STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch


 /s/ Marcia Berman
MARCIA BERMAN
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7132
Washington, D.C.  20530
Tel.: (202) 514-2205
Fax: (202) 616-8470
Email:  marcia.berman@usdoj.gov

Attorneys for Defendant.