UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | No. 1:06-CV-96 (RCL) (Lead Case) |
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | No. 1:06-CV-214 (RCL)<br><br><br><br>**CONSOLIDATED CASES** |

**PLAINTIFFS' REPLY IN SUPPORT OF THE MOTION TO ALTER OR AMEND THE JUDGMENT**

The Department of Justice argues in its Opposition that its agreement to reprocess all the memoranda at issue in this case is discretionary, and thus does not provide a basis to vacate the Court's decision. This is incorrect as a matter of law. Although the DOJ may continue to withhold materials that are properly classified, it has no discretion to withhold materials that have been recently declassified by the Director of National Intelligence. Plaintiffs' Motion to Alter or Amend is based on a clear legal error in the judgment, *i.e.* the issuance of a final determination before the completion of the administrative record in light of a significant intervening event. The failure to correct this error would result in a manifest injustice.

1

The March 31, 2014 Judgment contains a clear legal error because the decision was made prior to the conclusion of the DOJ's reprocessing of the ten documents at issue. Courts have a duty to "require the agency to create as full a public record as possible, concerning the nature of the documents and the justification for disclosure." *Hayden v. NSA/CSS*, 608 F.2d 1381, 1384 (D.C. Cir. 1979). This duty necessarily requires the Court to refrain from issuing a final determination while the agency is reprocessing the documents sought by the Plaintiffs.

The release of any new information by the DOJ would bear upon the Court's determination that the agency has satisfactorily discharged its statutory obligations in light of significant intervening events. In other cases, courts have even ordered additional briefing and the reprocessing of documents where significant intervening events may change the application of the FOIA exemptions at issue. *See, e.g., DiBacco v. Army*, ___ F. Supp. 2d ___, 2013 WL 5377060 (D.D.C. Sept. 26, 2013) (where the court ordered defendants to file a supplemental *Vaughn* index after it agreed to reprocess documents following the declassification of related materials by the CIA Director); *Lardner v. FBI*, 852 F. Supp. 2d 127, 138 (D.D.C. 2012) (ordering the FBI to reprocess responsive records following the Supreme Court's decision in *Milner v. Dep't of the Navy*, 131 S. Ct. 1259 (2011)). The declassification of more than 2,000 pages of documents by the Office of the Director of National Intelligence related to the subject matter of this FOIA case is clearly significant as the Department of Justice recognized when it agreed to reprocess the records Plaintiff is seeking.[1] As the DOJ represented in the February 24, 2014 Status Report:

---

[1] *See* Office of the Director of Nat'l Intelligence, *DNI Announces the Declassification of the Existence of Collection Activities Authorized by President George W. Bush Shortly After the Attacks of September 11, 2001*, IContheRecord (Dec. 21, 2013), *available at* http://icontherecord.tumblr.com/post/70683717031/dni-announces-the-declassification-of-the; Office of the Director of Nat'l Intelligence, *DNI Clapper Declassifies Additional Intelligence Community Documents Regarding Collection Under Section 501 of the Foreign Intelligence Surveillance Act*, IContheRecord (Nov. 18, 2013), *available at* http://icontherecord.tumblr.com/post/67419963949/dni-clapper-declassifies-additional-intelligence.

In light of the recent declassifications and disclosures of information relating to the National Security Agency's surveillance practices, Plaintiffs requested that the Department of Justice reprocess the ten OLC memos still at issue in this suit. The Department of Justice has agreed to do so by July 21, 2014.

Such agreements between the parties facilitate the processing of FOIA matters and reduce the burden on the courts. Following the release of the documents by the ODNI, Plaintiffs could have filed a motion and asked the Court to order reprocessing, but relied instead on the good faith representation of the government that it would reprocess the documents. Now the government asks the Court to ignore the representations it made in the most recent status report and place the determinations the agency may make regarding the documents at issue outside the bounds of judicial review.

This court "has considerable discretion to alter or amend a judgment under Rule 59(e)." *Public Citizen, Inc. v. Mineta*, 444 F. Supp. 2d 12, 15 (D.D.C. 2006), and it can certainly vacate its prior judgment pending reprocessing of the records. A court may grant a Rule 59(e) motion if the court finds that there has been an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*)(citations omitted).

While "[t]he term 'manifest injustice' eludes precise definition," *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011), it entails more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law. *Slate v. Am. Broad. Companies, Inc.*, ___ F. Supp. 2d ___, 87 Fed. R. Serv. 3d 728 (D.D.C. 2013). The D.C. Circuit has found that manifest injustice arises from "rulings that upset settled expectations— expectations on which a party might reasonably place reliance." *Qwest Servs. Corp. v. FCC*, 509 F.3d 531, 540 (D.C. Cir. 2007). The March 31, 2014 Judgment was such a ruling. The judgment dismissed the case without accounting for the ongoing reprocessing of documents per the parties'

pre-existing agreement, upon which the Plaintiffs had reasonably relied. In light of the FOIA's presumption of disclosure and the purpose of promoting public accountability, it would be "fundamentally unfair" to allow this judgment to stand when the DOJ has previously agreed to reprocess the documents. The Court should therefore grant Plaintiff's Motion to Alter or Amend the Judgment.

May 5, 2014

Respectfully submitted,

 /s/ *Ginger McCall*
Ginger McCall (DC Bar No. 1001104)
Marc Rotenberg (DC Bar No. 422825)
Electronic Privacy Information Center
1718 Connecticut Avenue, N.W., Suite 200
Washington, DC 20009
(202) 483-1140 (telephone)

 /s/ *Arthur B. Spitzer*
Arthur B. Spitzer (DC Bar No. 235960)
American Civil Liberties Union
   of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, DC 20036
(202) 457-0800 (telephone)
(202) 452-1868 (facsimile)

 /s/ *Alexander A. Abdo*
Alexander A. Abdo (pro hac vice)
Jameel Jaffer (pro hac vice)
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500 (telephone)