**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DEPARTMENT OF JUSTICE,  )<br>)<br>Defendant.  )<br>_____) | Case No. 06-cv-0096 (RCL) |
| AMERICAN CIVIL LIBERTIES UNION, et al.,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DEPARTMENT OF JUSTICE,  )<br>)<br>Defendant.  )<br>_____) | Case No. 06-cv-00214 (RCL)<br><br>**CONSOLIDATED CASES** |

**DEFENDANT'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT[1]**

This Court did not commit "clear legal error" by issuing a decision upholding the Government's withholding of ten memoranda of the Department of Justice Office of Legal Counsel (OLC) under FOIA Exemptions One, Three, and Five, simply because the Government had agreed to reprocess those memos. Plaintiffs' Reply in Support of the Motion to Alter or Amend the Judgment, at 1, 2 (ECF No. 95) ("Pls.' Reply"). Unlike the cases plaintiffs rely on, the Government did not withdraw its summary judgment motion when it agreed to reprocess the documents, *DiBacco v. U.S. Dep't of the Army*,

---

[1] Defendant submits this surreply because plaintiffs' motion was two paragraphs long and devoid of any reasoning, and their reply brief raised arguments not raised in their motion.

1

2013 WL 5377060, at * 3 (D.D.C. Sept. 26, 2013), nor was there a change in the law obliterating a claimed exemption. *Lardner v. FBI*, 852 F. Supp. 2d 127, 138 (D.D.C. 2012). Rather, the Government agreed as a matter of discretion to reprocess the memos in light of recent disclosures about various intelligence-gathering activities, but it did not waive any of the arguments that both parties knew were pending before the Court for decision.

Moreover, the Government was not under a continuing obligation to periodically review its classification (or other) determinations while the memos were before the Court for *in camera* review, to take into account any intervening declassifications by the Government, as plaintiffs suggest. Pls.' Reply at 1 ("Although the DOJ may continue to withhold materials that are properly classified, it has no discretion to withhold materials that have been recently declassified by the Director of National Intelligence."). The Exemption One issue that was before the Court, and that the Court answered, was whether the memos were properly classified at the time the Government invoked Exemption One. *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152-53 (D.C. Cir. 1991) (Ginsburg, R.B., J.) (under FOIA, court evaluates agency's decision to withhold information at the time it was made; "[t]o require an agency to adjust or modify its FOIA responses based on post-response occurrences could create an endless cycle of judicially mandated reprocessing"); *Greenberg v. U.S. Dep't of the Treasury*, 10 F. Supp. 2d 3, 11-12 (D.D.C. 1998) ("As a general rule, a reviewing court should assess the propriety of an Exemption 1 classification decision 'in terms of the executive order in force at the time the agency's ultimate classification decision is actually made.'") (quoting *King v. DOJ*, 830 F.2d 210, 217 (D.C. Cir. 1987)).

Any discretionary determinations the Government may make in the course of reprocessing the memos would not be relevant to the issue of whether the Government had the right to withhold the memos under Exemptions One, Three, and Five at the time those issues were briefed. Thus, the record was complete at the time the Court issued its decision, and the Government's discretionary agreement to reprocess the memos in no way prevented the Court from deciding the case, which plaintiffs themselves had urged the Court to do. *See, e.g.*, Plaintiffs' Status Reports filed Feb. 24, 2012 and Dec. 17, 2012 (ECF Nos. 85, 87).

Dated:  May 16, 2014               Respectfully Submitted,

                                   STUART F. DELERY
                                   Assistant Attorney General

                                   ELIZABETH J. SHAPIRO
                                   Deputy Director, Federal Programs Branch


                                    /s/ Marcia Berman
                                   MARCIA BERMAN
                                   Senior Trial Counsel
                                   United States Department of Justice
                                   Civil Division, Federal Programs Branch
                                   20 Massachusetts Avenue N.W.  Room 7132
                                   Washington, D.C.  20530
                                   Tel.: (202) 514-2205
                                   Fax: (202) 616-8470
                                   Email:  marcia.berman@usdoj.gov

                                   Attorneys for Defendant.