UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>  Defendant. | No. 1:06-CV-96 (RCL) (Lead Case) |
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>  Defendant. | No. 1:06-CV-214 (RCL)<br><br>**CONSOLIDATED CASES** |

**PLAINTIFFS' REPLY TO THE SURREPLY IN SUPPORT OF THE MOTION TO ALTER OR AMEND THE JUDGMENT**

The defendant argues in its Surreply that its decision to reprocess the documents in this case was discretionary and that it should not be under a "continuing obligation to periodically review its classification" determinations. Defendant's Surreply in Oppositionn to Plaintiff's Motion to Alter or Amend the Judgment, at 2 (ECF No. 96-1) ("Def.'s Surreply"). That is irrelevant in this case because the agency has recognized the significance of the new disclosures and agreed to reprocess the documents. The defendant also argues that the only relevant issue before the Court is "whether the memos were properly classified at the time the Government invoked Exemption One.".Def.'s Surreply at 2. However, the cases cited by the defendant do not

1

stand for proposition that a court may issue a final judgment while reprocessing of all the remaining documents at issue is currently pending.

In *Bonner v. United States Department of State*, the court considered the effect of new agency disclosures on the representativeness of a sample *Vaughn* index. Specifically, the court found that the agency's release of "19 documents in full, with no accounting for the original withholding, undermined the confidence" in the agency's decision "to shield information contained in the 1,713 documents not described in the *Vaughn* index." *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991). The court found that, in such a case, the original redactions should be evaluated consistently, regardless of the subsequent disclosure, in order to determine whether the sample *Vaughn* index was indeed representative of the whole. The court also held that "if the error rate for the sample of 63 documents should prove to be unacceptably high," the agency must reprocess all the remaining documents at issue. *Id*. at 1154.

The court in *Bonner* did not hold that it would be appropriate for a court to issue a final judgment when the agency has agreed to reprocess all the documents at issue. In fact, the court acknowledged explicitly that "In certain limited situations, such as the publication of a document after an agency has decided to withhold, it may be appropriate for a court to review the agency decision in light of post-decision changes in circumstances." *Id*. at 1153 n.10. The court only rejected the plaintiff's argument that *de novo* review in every FOIA case should involve an analysis of "whether a document is properly withheld or redacted as of the time of the court's review." *Id*. at 1152.

In this case, the agency has agreed to reprocess the documents based on the intervening declassification of related information. It was therefore premature to make a final ruling in this case based on outdated agency declarations when the administrative record will be updated

2

within the next few months. This Court should allow the agency to complete the administrative record and provide for the possibility of review in order to ensure that the defendant complies with the FOIA.

June 3, 2014

                         Respectfully submitted,

                         Marc Rotenberg (DC Bar No. 422825)
                         EPIC President

                         */s/ Ginger McCall*
                         Ginger McCall (DC Bar No. 1001104)
                         Alan Butler (DC Bar No. 1012128)
                         Electronic Privacy Information Center
                         1718 Connecticut Avenue, N.W., Suite 200
                         Washington, DC 20009
                         (202) 483-1140 (telephone)

                         */s/ Arthur B. Spitzer*
                         Arthur B. Spitzer (DC Bar No. 235960)
                         American Civil Liberties Union
                            of the Nation's Capital
                         1400 20th Street, N.W., Suite 119
                         Washington, DC 20036
                         (202) 457-0800 (telephone)
                         (202) 452-1868 (facsimile)

                         */s/ Alexander A. Abdo*
                         Alexander A. Abdo (pro hac vice)
                         Jameel Jaffer (pro hac vice)
                         125 Broad Street, 18th Floor
                         New York, NY 10004
                         (212) 549-2500 (telephone)